1  MELVIN JONES JR.
   P.O. BOX 579392
2  MODESTO, CA. 95357
   209-345-9782
3  (PRO SE)

FILED

2005 FEB -3  P 2: 22

CLERK, US DIST. COURT
EASTERN DIST. OF CALIF
AT FRESNO

5  # IN THE UNITED STATES DISTRICT COURT FOR

6  THE EASTERN DISTRICT OF CALIFORNIA

7

CIV-F-05 - 0 1 4 8 AWI DLB —

8  MELVIN JONES JR.,                              Case # -----------------------------

9              Plaintiff,

10      vs.                                        ## CIVIL ACTION

11  1.) Michael Tozzi (Executive Officer of Stanislaus   ## 42 USC S. 1983 - COMPLAINT

12  County Superior Court), in his official and individual

13  capacity,

14  2.) Marie Sovey-Silveria (Family law Judge -

15  Stanislaus County Superior Court), in her official and

16  individual capacity,

17  3.) Leslie Jensen (Attorney #94615),

18  4.) John Hollenback (Attorney #66215),

19              Defendants

20          **PARTIES:**

21      1.    The Plaintiff, Melvin Jones Jr., is a resident of Modesto, Stanislaus County, State

22            of California and a citizen of the United States.

23      2.    The Defendants are residents of the State of California.

24          **JURISDICTION:**

25      3.    This court has jurisdiction over this matter pursuant to 42 U.S.C. S 1983,

26

-1-

4.    Additionally, 42 USC S. 1985 Conspiracy to Interfere with Civil Rights, and 42 USC S. 1986 Action for Neglect to prevent (Interference with Civil Rights).

**STATUTE OF LIMITATIONS:**

5.    42 USC Section 1983 has no federal statute of limitations.

**IMMUNITY:**

6.    Generally State officials, and Judges are immune from civil cause of action, Plaintiff hereby alleges that at on relevant dates set-forth in this document that Michael Tozzi, and Judge Sovey-Silveria's actions caused loss of both absolute immunity and qualified immunity. Plaintiff further alleges that on, between and during relevant dates set forth in this document the defendants did corruptly conspire, among and between themselves, and on relevant dates with the mediator/ evaluator of Plaintiff's family law case to deprive Plaintiff of his XIV Amendment, and Civil Rights. Thereby all named defendants are suitable persons under 42 USC S. 1983, and have no immunity from this civil action.

**CAUSE OF ACTION:**

7.    Plaintiff re-alleges items #1- #6.

Cause of action is the defendants' violations of Plaintiff's XIV Amendment, Constitutional, Civil, and Statutory rights. Plaintiff further alleges that on relevant dates set forth in this document, defendants' violated State law, State and Federal Statutes, and Plaintiff's Statutory rights. Which gives rise to deprivation of Plaintiff's fundamental right to: liberty, due process, and equal protection under the law; defendants did corruptly conspire to deprive Plaintiff of his Federal (Constitutional) rights. Resulting in harm to the Plaintiff and his minor child, which gives rise to this Federal Complaint under 42 USC S. 1983.

Plaintiff further alleges that defendants acted with personal, corrupt, and fraudulent animus. Defendants' conduct has class-based animus indications.

1

## FACTS and ALLEGATIONS:

2    8.    During the past two years +;

3          Plaintiff re-alleges items #6, and #7.

4          The Defendants violations of; the Plaintiff's Fourteenth Amendment and Civil

5          Rights, Article VI, section 6 of the California Constitution (Rule of Court 5.210 and

6          5.220), CA. Judicial Code of Conduct/ Ethics, Rules of Court 6.602, 6.608, 6.650

7          and 981), applicable Civil Code of Procedure and California State Bar Ethical

8          Standards have caused Plaintiff undue financial hardship, and stress.  Resulting

9          in personal harm, and financial harm to the Plaintiff, and harm to his minor child.

10         The violations are intolerable to fundamental truth and fairness, and have caused

11         the mediation/ evaluation process to be rendered a farce, and made a mockery of

12         Justice.  Further, the Defendants' actions (or lack thereof) indicate Conspiracy to

13         interfere with Plaintiff's Civil Rights.  Moreover, the Defendant's neglect (failure/

14         refusal) to prevent said conspiracy has further caused deprivation of Plaintiff's

15         Constitutional rights.

16   9.    Moreover the Defendant's/ malefactor's intentional failure to disclose material

17         facts, and conflicts has unduly compromised the Plaintiffs fundamental right to

18         liberty, due process, and equal protection under the law; caused undue   .

19         impendence to the natural father daughter bond, unduly hindered the natural

20         child development process, caused undue economic hardship, an undue and un-

21         necessary delay, and obstruction of justice related to Plaintiff's family law case,

22         and a permanent stain of impropriety, and bias to the detriment of the Plaintiff,

23         and his minor child.

24   ## FACTS:

25   10.   This civil action has potential community impact.

26   11.   The Respondent (the initial moving party in Stanislaus Superior Court) in the

-3-

1    Plaintiff's family law case was a high level employee of the Superior Court of

2    Stanislaus County on, and during relevant dates set-forth in this document.

3    12.   California Rule of Court, rule 5.210.  This rule sets forth standards of practice

4    And administration for court -connected child custody mediation services that are

5    consistent with the requirements of Family Code section 3161.  This rule of court

6    is adopted under article VI, section 6 of the California Constitution and Family

7    Code sections 211, 3160 and 3162(a).  Under said rule, each Court must ensure

8    that:

9         (a.)   Mediators are impartial, competent and uphold the Standards

10              and practice contained in this rule of court.

11         (b.)   Mediation services and case management procedures

12              implement State Law and allow sufficient time for parties to

13              receive orientation, participate fully in mediation and develop a

14              comprehensive parenting plan without unduly compromising

15              each party's right to due process and a timely resolution of the

16              issues.

17    13.   California Rule of Court, rule 5.220.  This rule governs both court connected and

18    Private child custody evaluators appointed under Family code section 3111,

19    Evidence Code section 730, or civil Procedures section 2030.  This rule is

20    Adopted under article VI, section 6 of the California Constitution and Family

21    Code Sections 211 and 3117.  Under said rule, each Court must ensure that:

22         (a.)   Child custody evaluators to adhere to this rule.

23    14.   Superior Court County of Stanislaus, local rules of Court require that:

24         (a.)   All cases involving contested issues of custody and/ or visitation

25              shall be mediated.  (7.12)(A).

26

-4-

       (b.)    <u>NO</u> peremptory challenge against a mediator or evaluator. (7.12)(E).

       (c.)    <u>The Court comply with rule 5.210 and 5.220.</u>

15.    After an investigation of my own for a period of two years, the results of my 2-year investigation indicates a series of incestuous business relationships. These potential conflicts of interest include:

    a.  An undisclosed business affiliation between Don Strangio (mediator) and Steven Carmichael (custody evaluator).  Wherein said defendants share the same business affiliation, Psychological Associates, located at 706 13th Street-Modesto, Ca. 95354.

    b.  Mediator, Don Strangio between the years 1986 and 2004 has counseled Attorney Leslie Jensen (Attorney for Respondent in Plaintiff's family law case) regarding her personal matter(s) on at least one (1) occasion.

    c.  An undisclosed landlord/ tenant relationship between Don Strangio (mediator) and Steven Carmichael (custody evaluator).  Wherein Don Strangio is the landlord and owner of real estate located at 706 13th Street-Modesto, CA. 95354 and Steven Carmichael operates his business from said real estate and is a tenant.

    d.  Undisclosed shared/ commingled business expenses between Don Strangio (mediator) and Steven Carmichael.  Wherein said defendants share the same business phone number, and potentially share the expense related to the same.

    e.  Undisclosed shared/ co-mingled business expenses between Don Strangio (mediator) and Steven Carmichael (custody evaluator).  Wherein said

1    defendants share the same share the same physical business location and

2    business address and potentially benefit from proceeds related to the same.

3        f.    Undisclosed co-mingled/ shared business expenses between Don Strangio

4            (mediator) and Steven Carmichael (custody evaluator).  Wherein said

5            defendants benefit from, potentially share proceeds and expenses related to

6            office support staff, and;

7    there could be more undisclosed potential conflicts of interest.  Accordingly, the

8    Constitution of the State of California and laws thereof <u>mandate</u> that the fore mentioned

9    conflicts of interests, and any other potential conflict of interest <u>must</u> be disclosed to

10   preserve the parties <u>fundamental Fourteenth Amendment rights</u>.

11   16.    On <u>10/08/02</u> - A hearing took place in dept. 13 of Superior Court of Stanislaus;

12          Judge Marie Sovey-Silveria presiding.  Said judge failed to comply with CA. rules

13          of court, rule 5.210 and 5.220.

14   17.    On <u>10/08/02</u> - Leslie Jensen, attorney for the Respondent in Plaintiff's family law

15          case (and high level employee of the same Superior Court), failed to comply with

16          CA. rules of court 5.210 and 5.220, applicable CA. State Bar Ethical Standards,

17          and applicable Civil Codes of Procedure related to her conflicted status with

18          mediator Strangio.

19   18.    On <u>12/10/02</u> - A hearing took place in dept. 13 of Superior Court of Stanislaus;

20          Judge Marie Sovey-Silveria presiding.  Said judge failed to comply with CA. rules

21          of court, rule 5.210 and 5.220.

22   19.    On <u>12/10/02</u>  - Judge Marie Sovey-Silveria violated procedures related to

23          CCP 170.6.  As said Judge held and heard her own disqualification hearing and

24          denied said peremptory challenge although Plaintiff's filing of motion was within

25          guidelines as set-forth in said CCP, see Exhibit 'A' attached hereto.

26

20.    On 12/10/02 - Attorney Leslie Jensen failed to comply with CA. rules of court, rules 5.210 and 5.220, applicable CA. State Bar Ethical Standards, and applicable Civil Codes of Procedure related to her conflicted status with mediator Strangio.

21.    On 04/22/03 - A hearing took place in dept. 13 of Superior Court of Stanislaus; Judge Marie Sovey-Silveria presiding.  Said judge failed to comply with CA. rules of court, rule 5.210 and 5.220.

22.    On 4/23/03 - Mediator Strangio issued document attached hereto as exhibit 'B' to Judge Solvey-Silveria.  Said Judge failed to comply with CA. rule of Court 5.210 and 5.220.

23.    On 05/15/03 - A hearing was held in dept. 13 of Superior Court of Stanislaus; (Court' own Motion) Judge Marie Sovey-Silveria presiding.  Said judge failed to comply with CA. rules of court, rule 5.210 and 5.220.

24.    On 05/27/03 - The Plaintiff received mail correspondence for Executive Officer of Superior Court of Stanislaus County, Michael A. Tozzi.  (Attached hereto as Exhibit 'C').  On said date, Mr. Tozzi failed to comply with CA. rules of court, rule 5.210 and 5.220.

25.    On 06/03/03 - A hearing took place in dept. # 13 of the Superior Court of Stanislaus; Court's own Motion (Judge Sovey-Silveria presiding).  Said Judge failed to comply with Ca. Rules of Court, rule 5.210 and 5.220.

26.    On 09/24/03 - The Plaintiff received mail correspondence for Executive Officer of Superior Court of Stanislaus County, Michael A. Tozzi.  (Attached hereto as Exhibit 'D').  On said date, Mr. Tozzi failed to comply with CA. rules of court, rule 5.210 and 5.220.

27.    On 01/22/04 A hearing took place in dept. 16 of the Superior Court of Stanislaus County; During hearing, John Hollenback, attorney for the Respondent in Plaintiff's family law case (and high level employee of the same Superior Court)

threatened Plaintiff.  Said threat is in violation of: CCP 128.5, CCP 128.6,

applicable CA. State Bar Ethical Codes, and the principal of fundamental

fairness, said harassment violates Plaintiff's 14th amendment rights. Plaintiff has

ordered a tape of said proceedings, which will be presented as evidence at trial.

28.   On or about 02/2004 - Attorney Leslie Jensen appeared at a hearing in dept.16

on behalf of Attorney John Hollenback.  Both Attorney's Jensen and Hollenback

failed to comply with CA. rule of Court 5.210, 5.220, applicable CA. State Bar

Ethical Standards, and applicable Civil Code of Procedure related to Attorney

Jensen's conflicted status with Mediator Strangio.

29.   On 03/02/04 - A hearing was held in dept. 13 of the Superior Court of Stanislaus,

Attorney Hollenback failed to comply with CA. rule of Court 5.210, 5.220,

applicable CA. State Bar Ethical Standards, and applicable Civil Code of

Procedure related to Attorney Jensen's conflicted status with Mediator Strangio.

30.   On 03/15/04 - A hearing was held in dept. 13 of the Superior Court of Stanislaus,

Attorney Leslie Jensen failed to comply with CA. rule of Court 5.210, 5.220,

applicable CA. State Bar Ethical Standards, and applicable Civil Code of

Procedure related to Attorney Jensen's conflicted status with Mediator Strangio.

31.   On 03/15/04 - Executive Officer of Superior Court of Stanislaus County, Michael

Tozzi, failed to appear/ comply with civil subpoena related to mediation process

of Plaintiff's family law case in said Court.  (Exhibit 'C' attached hereto).

32.   On or about 03/29/04 - Attorney Hollenback unduly interfered with Plaintiff's Job

Search with the Stanislaus County Housing Department, which is harassment,

and violates Plaintiff's fundamental XIV Amendment Rights.

Attorney Hollenback failed to comply with CA. rule of Court 5.210, 5.220,

applicable CA. State Bar Ethical Standards, and applicable Civil Code of

Procedure related to Attorney Jensen's conflicted status with Mediator Strangio.

33.    The plaintiff hereby re-alleges that on the dates, and/or allegations set forth in items #16 through  #32, and #34 through #41defendants did violate the Plaintiff's XIV Amendment Rights, Constitutional and Civil Rights and defendants failed to comply with laws/codes set forth in item #12 through #14.  Plaintiff re-alleges item #1 through #11, and #15.

**ADDITIONAL FACTS:**

34.    FACT - Mr. Strangio owns 706 13th Street, Modesto, Ca. 95354.

     *    EVIDENCE - Exhibit 'E' attached hereto is a grant deed recorded on 8/18/1986 showing purchase of said property by Strangio.

     *    EVIDENCE - Exhibit 'F' attached hereto is a grant deed recorded on 5/5/2000, Mr. Strangio granted title to a Trust wherein he is the Trustee and Beneficiary.

     *    EVIDENCE - Exhibit 'G' attached hereto captions information set forth in item (a.) and (b.) above.

35.    FACT - Mr. Strangio owns Psychological Associates (min. 50% ownership).

     *    EVIDENCE - Exhibit 'H' attached hereto is a printout from Stanislaus County Recorders Office (web-site), shows Mr. Stangio's ownership of said company since 9/12/1986.

     *    EVIDENCE- Exhibit 'I' attached hereto is a copy of a certified letter issued by Stanislaus County Clerk Recorder, shows business commenced transacting on 10/01/1986.

     *    EVIDENCE - Exhibit 'J' attached hereto is a picture of 706 13th Street, Modesto, Ca. 95354 (taken on or about 9/7/04).  Note business signage is "Psychological Associates".

      \*    EVIDENCE - as of 9/26/04 at 11:01pm (per SBC directory

assistance operator #5817) said business is listed at 706 13th

Street, Modesto; phone number 209-577-1667.

36.   **FACT** - Mr. Strangio and Mr. Carmichael share the same office support staff.

      \*    EVIDENCE - Exhibit 'K' attached hereto are copies of registered

mail received at said business and signed for by Lynn Melendez.

37.   **FACT** - discovery of bank accounts related to business at 706 13th Street - Modesto, Ca., and relevant records will further expose further fraud, and abuse of process.

38.   **FACT** - <u>Michael Tozzi's letter dated May 27, 2003 is (attached hereto as Exhibit 'C'),</u> the letter constitutes fraud, abuse of process, obstruction of justice, and corrupt conspiracy to deprive Plaintiff of his Constitutional, and Civil rights.

    FACT - ~~agaa~~ Rule 26(a) discovery of the quantity of cases referred to 706 13th Street - Modesto, Ca. by the Superior Court of Stanislaus County, within the past 36 months, for Evaluation and/or Mediation will further expose fraud, and corruption.

    <u>These facts are being pled with particularity as per Rule 26.</u>

39.   **FACT** - <u>Mr. Tozzi conspired corruptly and fraudulently, and intentionally failed to comply with the Ca. Constitution and Rules of Court (rule 5.210 and 5.220); and in doing so unduly compromised the Plaintiff's XIV amendment, Constitutional, and Civil rights.</u>

40.   **FACT** - Michael Tozzi (Executive Officer of Superior Court of California, County of Stanislaus) conduct indicates a corrupt, deliberate degradation and deprivation of the Plaintiff's XIV Amendment Rights.  Plaintiff has attempted on numerous occasions over the past 2+ years to uncover the truth, Exhibits 'L', 'M','N', 'O', and 'P' attached hereto evidence such.

1    41.    **FACT** - the undue stress and financial harm to the Plaintiff, harm to his innocent

2    minor child (beautiful 7-year old daughter) and stolen/ priceless time stolen from

3    . said Plaintiff and minor child is impossible to measure in exact cost, as the

4    damages of the same cannot be known for years to come.

5

6    **WHEREFORE, the Plaintiff demands judgment against the Defendant for $1,600,000**

7    **damages, and 4,100,000 punitive damages, and any such other relief as this Honorable**

8    **Federal Court deems just, to include the following;**

9    1.) This Honorable Federal Court initiate a Federal Investigation into

10    All relevant departments, judicial functions, and court personnel of Stanislaus

11    Superior Court as this Court deems in the interest of justice.

12    2.) Defendant Michael Tozzi disclose to this Honorable Federal Court any/ all

13    cases referred from the Probate department of Stanislaus County Superior

14    Court for custody evaluation and/ or mediation to 706 13th Street - Modesto,

15    Ca. within the past 36 months.

16    3.) Defendant Leslie Jensen disclose to this Honorable Federal Court any/ all

17    Stanislaus County family law probate cases within the past 36 months

18    wherein she acted as the Attorney, and note the specific probate investigator.

19    4.) DefendantJohn Hollenback disclose to this Honorable Federal Court any/ all

20    Stanislaus County family law probate cases within the past 36 months

21    wherein he acted as the Attorney, and note the specific probate investigator

22    42.    The Plaintiff demands a TRIAL BY JURY.

23    DATE:January 7th ,2005

24    SIGNED:    NAME: Melvin Jones Jr. (Pro Se)

25    //

26

-11-

1  MELVIN JONES JR.
   2215 Glendale Ave.
2  Modesto, CA. 95354
   (209) 521-7467

3

4

5  Petitioner in Pro Per:

6

7

8              SUPERIOR COURT OF CALIFORNIA

9                 COUNTY OF STANISLAUS

10

11  MELVIN JONES JR,                    )    CASE #  285954
                                        )
12      Petitioner,                     )    DECLARATION IN SUPPORT OF
                                        )    WRITTEN MOTION FOR PEREMPTORY
13      vs                              )    DISQUALIFICATION:
                                        )
14  KEA CHHAY                           )    [CCP 170.6(2),(6), 2015.5]
                                        )
15      Respondent                      )
                                        )
16  _____

17              I, MELVIN JONES JR, declare that:

18      I am the Petitioner In Pro Per in the above – entitled matter.

19      The Honorable Marie Sovey Silveira., Judge whom a hearing in the above – entitled

20  matter is pending or has been assigned, is prejudiced against the Plaintiff or the interest of the

21  Plaintiff so that declarant cannot or believes that he cannot have a fair and impartial hearing

22  before such Judge.

23  /////

24

25

                    PEREMPTORY DISQUALIFICATION - 1

                        EXHIBIT 'A'

1    JONES, MELVIN JR.   V   CHHAY, KEA    CASE #285954

2       Petitioner Melvin Jones Jr. requests that the Honorable Judge Mayhew presiding senior

3    Judge of the Superior Court to hear this matter.

4       Executed on NOVEMBER 18, 2002, at Modesto, California.

5

6

7                                    MELVIN JONES JR.
                                     Petitioner in Pro Per
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

PEREMPTORY DISQUALIFICATION - 2

EXHIBIT 'A'

Dated: _____

_____ [firm name, if any]

By: _____ [signature]

_____ [typed name]

Attorney for _____ [party's status]

### [2]  Use of Form

The form of motion in [1], *above*, is for use when a written motion to disqualify under Code Civ. Proc. § 170.6 is made and is supported by an affidavit or declaration under penalty of perjury [Code Civ. Proc. § 2015.5]. An oral motion supported by an oral statement under oath or declaration is also permitted [Code Civ. Proc. § 170.6(2),(6)]. For further discussion, see § 317.76.

The motion lies if the judge, court commissioner, or referee before whom the action or proceeding is pending or to whom it is assigned is prejudiced against any party or attorney or the interest of any party or attorney so that party or attorney cannot or believes that he or she cannot have a fair and impartial trial or hearing before the challenged judge, court commissioner, or referee [Code Civ. Proc. § 170.6(2)].

### [3]  Supporting Declaration or Statement Required

Whether the motion to disqualify the judge, court commissioner, or referee is made orally or in writing and without notice, a supporting affidavit [for form, *see* § 317.211], declaration [for form, *see* § 317.212], or oral statement under oath must be submitted [Code Civ. Proc. § 170.6(2), (3), (5); for further discussion, *see* § 317.76[2]–[3]].

### [4]  Time for Making Motion

A motion directed to the trial of a cause may not be heard after the trial has commenced, and a motion directed to a hearing may be made no later than the commencement of the hearing. When there is a master calendar, the motion must be made not later than the time that the cause is assigned for trial. When the cause has been assigned to a judge for all purposes, the motion must be made within 10 days after notice of that assignment, or, if the party has not yet appeared in the action, within 10 days after his or her appearance. When the judge, other than one assigned to the cause for all purposes, is known at least 10 days before the date set for trial or hearing, the motion must be made at least five days before that date [Code Civ. Proc. § 170.6(2); for further discussion, *see* § 317.77[4] and [6]].

The interplay among these rules has been clarified by the California Supreme Court as follows [People v. Superior Court (Lavi) (1993) 4 Cal. 4th 1164, 1185, 17 Cal. Rptr. 2d 815, 847 P.2d 1031]:



EXHIBIT 'A'



# Superior Court of the State of California

**COUNTY OF STANISLAUS**
**P.O. BOX 3488**
**MODESTO, CALIFORNIA 95353**

**MICHAEL A. TOZZI**
**EXECUTIVE OFFICER/CLERK OF THE COURT**


# <u>MEMO</u>

**TO:**      Judge Marie Silveira
             Melvin Jones
             Kea Chhay

**FROM:**    Dr. Donald Strangio
             Family Court Mediator

**RE:**      Case Number 285954

**DATE:**    April 23, 2003.


1)   As ordered by the Court on April 22, 2003, I have reviewed the Court's order of
     December 10, 2002, concerning time share of the child defining summer weeks of vacation
     in items #19 and #20. I have attached calendars to this MEMO visually illustrating the
     child sharing arrangements from June 29, 2003 until September 6, 2003, to assist the
     parties in understanding the intent of the Court's order.

2)   As a reminder, neither party is to contact the Family Court Mediator in any way outside of
     the mediation process which occurs at the Courthouse when the case is set on calendar
     following the filing of an Order To Show Cause.

3)   In that the case is now set for trial, it should be noted that if either party intends to
     subpoena the Family Court Mediator, that I can be served at the Courthouse in
     Department 13 on Tuesdays between 8:00 a.m. and 12:00 noon. I charge $200.00 per
     hour for expert witness testimony with a 2 hour minimum. Therefore, I will not accept
     service without a cashier's check or money order in the amount of $400.00 being attached
     to a subpoena.

cc:   Lynn DuBois, Director, Family Court Services
      Court Case File 285954


EXHIBIT 'B'

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF STANISLAUS

800 - 11th Street, Room 100
Modesto, California 95354
Telephone (209) 525-6348 - Fax (209) 525-6385
www.co.stanislaus.ca.us/courts

*Michael A. Tozzi*
Executive Officer
Jury Commissioner

*Donald H. Lundy*
Court Administrator

*Linda Romero Soles*
Deputy Executive Officer

May 27, 2003

Melvin Jones, Jr.
2215 Glendale Avenue
Modesto, CA 95354

Re: Case No. 285954

Dear Mr. Jones:

The following information is in response to your letter of May 12, 2003.

This Court has contracts with mental health professionals in the community. Dr. Strangio is one of those independent contractors.

It is common for mental health professionals in this community to rent communal office space and share overhead expenses/phone number/ and address. Psychological Associates in in an office with ten professionals, including Dr. Carmichael and Dr. Strangio. However, their practices are independent from each other. They do not benefit from the work that the other does. The Court has no concern about a potential conflict of interest in the situation you question nor any other referral by Dr. Strangio.

When the Court refers a case for a private child custody evaluation, the list of qualified evaluators is limited to those licensed mental health professionals who have the specific training required by law, i.e. California Rules of Court 5.220, 5.225, 5.30. That list currently consists of approximately five psychologists, Licensed Clinical Social Workers, and Marriage and Family Therapists in addition to the ten independent contract mediators. Dr. Carmichael is one of those five who are not associated with the Court.

Dr. Strangio and Dr. Carmichael are publicly listed in the phone book and had you accepted the referral for Dr. Carmichael to perform the child custody evaluation as ordered on October 8, 2002, you would have likely observed both in the office. There is no attempt to hide this relationship.



EXHIBIT 'C'

Melvin Jones, Jr.
May 27, 2003
Page Two

I trust that this information resolves the questions you had.

Sincerely,

Michael A. Tozzi
Executive Officer

MAT/dmd

EXHIBIT 'C'

**Melvin Jones Jr.**
2215 Glendale Ave.
Modesto, Ca. 9354

May 30, 2003

Mr. Michael A. Tossi
Executive Officer of the Superior Court of Stanislaus County
P.O. Box 1098
Modesto, Ca. 95353

RE: CASE # 285954

Mr. Tossi,

I am in receipt of your letter dated May 27, 2003, thank you. There are certain issues which were _not disclosed specifically_ therein.

Accordingly, the purpose of this letter is to request of you the following:

1)      Pursuant to your fiduciary responsibility regarding disclosure:
        (a.)     Please elaborate in detail as to the quantity of referrals for Custody Evaluation, which Psychological Associates, has received from the Probate department of the Stanislaus Family Court covering the previous three (3) years.
        (b.)     Please elaborate in detail as to the exact name and business address of all evaluators who comprise the "list of qualified evaluators" per your letter attached hereto.
        (c.)     Please provide full and complete disclosure of all Partners and/ or Ownership and/ or Officers of Psychological Associates, specifying name, title and percentage of business/ company ownership of each individual.
        (d.)     Please disclose the _exact_ type of business entity and applicable I.R.S. form(s) used to report business income (i.e. 1120 S Corp., 1065/ K-1's, Schedule C, etc.) for Psychological Associates.
        (e.)     Please disclose whether Dr. Strangio and/ or Dr. Carmichael are authorized signers regarding any Business checking accounts related to Psychological Associates.

As your letter states "there is no attempt to hide this relationship", I await your detailed and complete disclosure regarding the issues noted above preferable by June 7, 2003.

Thank you again for your attention regarding this matter.

Sincerely,

Mel Jones Jr.

cc:     file

EXHIBIT 'C'

sent via us mail #.7002 ____ ____ ____ ____

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF STANISLAUS

800 - 11th Street, Room 100
Modesto, California 95354
Telephone (209) 525-6348 - Fax (209) 525-6385
www.co.stanislaus.ca.us/courts

**Michael A. Tozzi**
Executive Officer
Jury Commissioner

**Donald H. Lundy**
Court Administrator

**Linda Romero Soles**
Deputy Executive Officer

# MEMORANDUM

**TO:** Mr. Mel Jones, Jr.

**FROM:** Michael A. Tozzi, Executive Officer

**DATE:** September 24, 2003

**SUBJECT: YOUR CORRESPONDENCE TO ME**

This is to advise you that all of your correspondence addressed to me is being placed in the court file immediately upon receipt. Please do not expect any further response from me regarding your case.

MAT/dmd



Exhibit "D"

RECORDING REQUESTED BY

PIONEER TITLE COMPANY

#63016-CN

AND WHEN RECORDED MAIL TO

Name        PSYCHOLOGICAL ASSOCIATES
Street      706 13th Street
Address     Modesto, CA  95354
City &
State

MAIL TAX STATEMENTS TO

Name
Street
Address      Same as above.

City &
State

RECORDED AT ____ 8 ____ BY ____
PIONEER TITLE
INSURANCE CO.

OFFICIAL RECORDS
STANISLAUS CO., CALIF.
DAVID A. WURM,
RECORDER

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## Individual Grant Deed

PT-30 (9-85)

The undersigned grantor(s) declare(s):                                      TAX PAID
Documentary transfer tax is $    107.25
( x ) computed on full value of property conveyed, or
(   ) computed on full value less value of liens and encumbrances remaining at time of sale.
(   ) Unincorporated area: ( x ) City of    Modesto                                    , and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

   JOSEPH S. FRANZIA and MARILYN FRANZIA, husband and wife,

hereby GRANT(S) to   JAMES O. HERMAN and SONIA HERMAN, husband and wife, as tenants in
common, as to an undivided 1/2 interest, and DONALD STRANGIO, a single man, as to an
undivided 1/2 interest
the following described real property in the
County of    Stanislaus                                    , State of California:

LOT 19 in Block 104 of CITY OF MODESTO, as per Map filed December 21, 1942, in
Volume 15 of Maps, Stanislaus County Records.

Assessor's Parcel No.:  106-15-09

Dated:    April 14, 1986

                                                        _____
                                                        JOSEPH S. FRANZIA

STATE OF CALIFORNIA
COUNTY OF    Stanislaus           }SS.
On    August 8, 1986          before
me, the undersigned, a Notary Public in and for said State,
personally appeared    Joseph S. Franzia and
Marilyn Franzia
personally known to me or proved to me on the basis of sat-
isfactory evidence to be the person_s whose name_s are
subscribed to the within instrument and acknowledged
that    they    executed the same.
WITNESS my hand and official seal.

                                                        _____
                                                        MARILYN FRANZIA

Signature _____

OFFICIAL SEAL
CAROL J. WHEELER
NOTARY PUBLIC - CALIFORNIA
STANISLAUS COUNTY
My Commission Expires June 27, 1989

(This area for official notarial seal)

Title Order No. _____        Escrow or Loan No. _____

MAIL TAX STATEMENTS AS DIRECTED ABOVE

EXHIBIT 'E'

# INDIVIDUAL GRANT DEED
(Excluded from reappraisal under Proposition 13)
# TRUST TRANSFER

**Recording Requested By**
WYLLIE & MANASSERO, INC., PLC.

**When Recorded, Mail To**
Donald Strangio, Trustee
309 N. Santa Rosa Avenue
Modesto, California 95354

**Mail Tax Statements To**
Same as above

Stanislaus, County Recorder
Karen Mathews Co Recorder Office
DOC- 2000-0034955-00

Acct 404-Mail & Copies
Friday, MAY 05, 2000 08:08:54
Ttl Pd    $7.00    Nbr-0000338075
                                  BMP/R4/ 1-1

---

This Space for Recorder's Use

THE UNDERSIGNED GRANTOR(S) DECLARE(S): Documentary Transfer Tax is $ -0-
___ Computed on full value of property conveyed, or
___ Computed on full value less value of liens and encumbrances remaining at time of sale.
___ Unincorporated area:    City of _Modesto_    Parcel No. _106-15-09_

This is a Trust Transfer under Section 62 of the Revenue and Taxation Code. Grantee(s) has/have checked the applicable exclusion:

__XX__ To a revocable trust;
_____ To a short-term trust not exceeding 12 years with trustor holding the reversion;
__XX__ To a trust where the trustor or the trustor's spouse is the sole beneficiary;
_____ Change of trustee holding title;
_____ From trust to trustor or trustor's spouse where prior transfer to trust was excluded from reappraisal and for a valuable consideration, receipt of which is acknowledged,

_DONALD STRANGIO_____ HEREBY GRANT(S) TO _DONALD STRANGIO, Trustee of THE_
_DONALD STRANGIO TRUST, UAD  April 30_____, 2000_

the following described real property in the County of _Stanislaus_____, State of California:

An undivided one-half (1/2) interest in:

Lot 19 in Block 104 of CITY OF MODESTO, as per Map filed December 21, 1942, in Volume 15 of Maps, Stanislaus County Records.

Dated: _April 30_____, 2000.

_____
DONALD STRANGIO

STATE OF CALIFORNIA    )
COUNTY OF SAN JOAQUIN)

On _April 30_____, 2000, before me, a Notary Public in and for said County and State, personally appeared DONALD STRANGIO personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official Seal.



George Manassero, Jr.
Comm. 01157181
NOTARY PUBLIC - CALIFORNIA
SAN JOAQUIN COUNTY
Comm. Exp. Oct. 18, 2001

_____
GEORGE MANASSERO, JR.



EXHIBIT 'F'

## Subject Report

| | | | |
|---|---|---|---|
| Site Address | 706 13TH ST | MODESTO CA, 95354-2414 | |
| Mail Address | 706 13TH ST | MODESTO CA, 95354-2414 | |
| Current Owner | STRANGIO TRUST | | |
| Secondary Owner | | | |
| Spouse | | | |
| Legal Description: | | | |

| | | | |
|---|---|---|---|
| Last Sale Date | May 5, 2000 | Building Area / $ per SqFt | 1,876 sq ft / $0 |
| Last Sale Price | $0 ( ) | Bed / Bath / Rooms | 0 / 0 / 0 |
| Use Code | COFF | Year Built / # of Units | 0000 / 0 |
| Assessed Value | $195,737 | Lot Size / View | 0 sq ft / |
| Improved % | 79% | Heating / Cooling | |
| Tax Amount | $2,074 | Garage / Stories | 0 / 0 |
| | | Pool / Fire Place / Zoning | / / |

## Subject Property Sales and Loan History

| Transfer Date | Transfer Value | 1st / 2nd Loan Amt | Transfer Type R=Sale L=Ref/Equity |
|---|---|---|---|
| May 5, 2000 | $0 ( ) | $0 / $0 | R |
| Buyer STRANGIO TRUST | | Deed / Loan / Rate Types | / / |
| Seller STRANGIO,DONALD | | Full or Partial | |
| Lender | | Doc Num | 34955 |

| Transfer Date | Transfer Value | 1st / 2nd Loan Amt | Transfer Type R=Sale L=Ref/Equity |
|---|---|---|---|
| Dec 29, 1997 | $0 ( M ) | $150,000 / $0 | L |
| Buyer HENMAN,JAMES O & SONIA | | Deed / Loan / Rate Types | / / F |
| Seller | | Full or Partial | |
| Lender US BANK | | Doc Num | 105794 |

EXHIBIT 'G'

# Stanislaus County

## Business Detail Screen

| Doc Nbr | Date | Business Name | Address | Mailing Address |
|---|---|---|---|---|
| 1986-0001291- | 12-SEP-1986 | PSYCHOLOGICAL ASSOCIATES | 706 13TH STREET | 706 13TH STREET |
| | | | MODESTO, CA 95354 | MODESTO, CA 95354 |
| | Owner | HENMAN, JAMES O | 2429 TEVAL CT | |
| | | | MODESTO, CA 95356 | |
| | Owner | STRANGIO, DONALD | 117 LEE STREET | |
| | | | MODESTO, CA 95354 | |

Fictitious Business Documents were last uploaded from the county on Tue Sep 21 05:02:20 2004

[ **New Recorded Document Search** | **New Fictitious Business Search** | **Return to County Clerk-Recorder Main Menu** ]

[ **AtPac Home Page** | **E-Mail** ]

EXHIBIT 'H'

Stanislaus
County
*Striving to be the Best*

OFFICE OF COUNTY CLERK-RECORDER
LEE LUNDRIGAN
County Clerk-Recorder

Clerk: PO Box 1670, Modesto, CA 95353
Phone: 209.525.5250
Recorder: PO Box 1008, Modesto, CA 95353
Phone: 209.525.5260

September 22, 2004

## CERTIFICATION OF RECORD

This is to certify that an examination of the records of the Clerk's Office has been completed for the period of 1986 through September 22, 2004, for the items listed below:

Regular Marriage _____    Confidential Marriage _____
Birth Record _____    Fictitious Business \_\_\_\_X\_\_\_\_\_

Name:    Psychological Associates
         706 13th St.
         Modesto, CA  95354

The above item was filed in our office on September 12, 1986, as File Number 1986-1291. The names of the registered owners are James O. Henman and Donald Strangio. An unincorporated association, other than a partnership, conducted the business. The registrants commenced transacting business under the fictitious business name on October 1, 1986.

We only maintain hard copies of filings for a period of nine years. The Fictitious Business Name Statement expires five years from the date of filing. There is no record of a subsequent filing.

Sincerely,

Stanislaus County Clerk-Recorder

By: _Linda Carter_
         Deputy

EXHIBIT 'I'



Psychological Associates
706 13th STREET, Modesto, Ca 95354

| EXHIBIT 'J' |

EXHIBIT 'K'

## SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

DR. STEVEN CARMICHEL
1706 13TH ST.
Modesto, CA.
95354

## COMPLETE THIS SECTION ON DELIVERY

A. Signature

X _Diane McCandless_     ☐ Agent
                          ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

NOV -1 2004

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)    7002  2030  0001  7546  1894

PS Form 3811, August 2001      Domestic Return Receipt      102595-02-M-1035

---

## SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

DON STRANGIO
706 13th Street
Modesto, Ca
95354

A. Signature

X _Diane McCandless_     ☐ Agent
                          ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)    7004  1160  0001  3951  6319

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

Melvin Jones Jr.
2215 Glendale Ave.
Modesto, Ca. 9354

May 30, 2003

Mr. Michael A. Tossi
Executive Officer of the Superior Court of Stanislaus County
P.O. Box 1098
Modesto, Ca. 95353

RE: CASE # 285954

Mr. Tossi,

I am in receipt of your letter dated May 27, 2003, thank you. There are certain issues which were *not disclosed specifically* therein.

Accordingly, the purpose of this letter is to request of you the following:

1].     Pursuant to your fiduciary responsibility regarding disclosure;
    (a.)     Please elaborate in detail as to the quantity of referrals for Custody Evaluation, which Psychological Associates, has received from the Probate department of the Stanislaus Family Court covering the previous three (3) years.
    (b.)     Please elaborate in detail as to the exact name and business address of all evaluators who comprise the "list of qualified evaluators" per your letter attached hereto.
    (c.)     Please provide full and complete disclosure of all Partners and/ or Ownership and/ or Officers of Psychological Associates, specifying name, title and percentage of business/ company ownership of each individual.
    (d.)     Please disclose the *exact* type of business entity and applicable I.R.S. form(s) used to report business income (i.e. 1120 S Corp., 1065/ K-1's, Schedule C, etc.) for Psychological Associates.
    (e.)     Please disclose whether Dr. Strangio and/ or Dr. Carmichael are authorized signers regarding any Business checking accounts related to Psychological Associates.

As your letter states "there is no attempt to hide this relationship", I await your detailed and complete disclosure regarding the issues noted above preferable by June 7, 2003.

Thank you again for your attention regarding this matter.

Sincerely,

Mel Jones Jr.

cc:    file

SENT VIA:   US MAIL   # 7002-3150-0003-9071-8426 (1ST REG.)
                # 7002-3150-0003-9073-1203 (2nd Reg.)

EXHIBIT 'L'

Melvin Jones Jr.
2215 Glendale Ave.
Modesto, Ca. 95354

June 10, 2003

Mr. Michael Tossi – Executive Officer of Superior Court of Stanislaus County
P.O. Box 1098
Modesto, Ca. 95353

Mr. Mike Milich – Modesto City Attorney
P.O. Box 642
Modesto, Ca. 95353

Mr. Michael Krausnick – Stanislaus County Counsel
1010 10th Street suite 6400
Modesto, Ca. 95354

RE:     Case #285954

Dear Sirs,

Thank you in advance for your attention regarding this matter.  The purpose of this letter is four-fold as
follows:

1)      To provide a second request that Mr. Tossi respond to my letter dated May 30, 2003
        (attached hereto) as time is of the essence.
2)      To provide formal notification and request that Mr. Milich and Mr. Krausnick compel Mr.
        Tossi to fulfill his responsibility regarding disclosure as the wrong and subsequent harm
        suffered takes place in the City of Modesto and County of Stanislaus; appropriate disclosure
        will hopefully allow for appropriate legal correction.
3)      That Mr. Tossi disclose any and all information regarding the chain of title/ ownership for the
        property located at 706 13th Street – Modesto, Ca. 95354 for the most recent five (5) year
        period.
4)      It is imperative that I receive response from Mr. Tossi no later than June 23, 2003 as time is of
        the essence.

Thanks again for you cooperation regarding this matter.

Sincerely,

Mel Jones Jr.

CC:     File

EXHIBIT 'M'

Mel Jones Jr.
2215 Glendale Ave.
Modesto, Ca. 95354


September 17, 2003


Mr. Mike A. Tossi
Executive Officer of the Superior Court Of Stanislaus County
P.O. Box 1098
Modesto, Ca. 95353

RE: CASE# 285954

Mr. Tossi,


I have waited patiently for your response to my letter dated May 30 2003 and red hereto
June 10 2003, attached hereto for your reference.

Please provide a written response no later than September 24, 2003.  Otherwise I will be
forced to take appropriate legal action to facilitate your being deposed to expose the truth.
I will hold the State of California, all Court members related to this case (including
contractors) fully liable for any and all costs associated with the same.

Thank you for your cooperation regarding this matter.

I await your response.

Have a nice day.

Sincerely,

Mel Jones Jr.



CC: file
    NAACP
    Modesto Bee



SENT VIA: US MAIL # 7002 1000 0004 7307 5509

EXHIBIT 'N'



**STANISLAUS COUNTY COUNSEL**

**Michael H. Krausnick**
COUNTY COUNSEL
**John P. Doering**
ASSISTANT COUNTY COUNSEL

**DEPUTIES**
Wm. Dean Wright
Linda S. Macy
Victoria A. Halliday
Vicki F. de Castro
Carrie M. Stephens
Gina B. Leguria
Edward R. Burroughs

1010 10th Street, Suite 6400, Modesto, Ca 95354
PO Box 74, Modesto, CA 95353-0074
Phone: 209.525.6376    Fax: 209.525.4473

May 21, 2003

Melvin Jones, Jr.
2215 Glendale Avenue
Modesto, CA 95354

**IN RE:      YOUR LETTER TO ME DATED MAY 15, 2003**

Dear Mr. Jones:

I have reviewed your letter to me dated May 15, 2003. The three questions which you addressed in your letter to me are questions that should be addressed to the Stanislaus County Superior Court. Mr. Michael Tozzi would appear to be the individual that could appropriately respond to these items. Our office has no information with which to address any of the questions that you posed in your letter.

Very truly yours,

MICHAEL H. KRAUSNICK
County Counsel

MHK/vln

cc:    Michael Tozzi, Executive Officer, Superior Court

EXHIBIT 'O'

STRIVING TO BE THE BEST COUNTY IN AMERICA



**CITY of MODESTO**

*Office of the*
*City Attorney*
*1010 Tenth Street*
*Suite 6300*
*P.O. Box 642*
*Modesto, CA 95353*
*209/577-5284*
*209/544-8260 Fax*

*Hearing and Speech*
*Impaired Only*
*TDD 209/526-9211*

June 12, 2003

Melvin Jones, Jr.
2215 Glendale Avenue
Modesto, CA 95354

        Re:    Your Letter of June 10, 2003

Dear Mr. Jones:

        This is in response to your recent letter. Please be advised that as the City Attorney, I have no jurisdiction over the actions of the courts or Mr. Tossi. If you have any questions or requests for records that are in the possession of the City of Modesto, please don't hesitate to contact me.

                Very truly yours,

                MICHAEL D. MILICH
                City Attorney

MDM/am

cc:    Michael Krausnick
       Michael Tossi

EXHIBIT 'P'

*Citizens First!*