1  BILL LOCKYER
   Attorney General of the State of California
2  DARRYL L. DOKE
   Supervising Deputy Attorney General
3  WILLIAM A. KRABBENHOFT
   Deputy Attorney General
4  State Bar No. 119197
     1300 I Street
5    P.O. Box 944255
     Sacramento, CA 94244-2550
6    Telephone: (916) 324-5334
     Fax: (916) 322-8288
7
   Attorneys for Defendants, Hon. Judge Marie Sovey
8  Silveira, Judge of the Superior Court of California,
   County of Stanislaus (erroneously sued as Silveria)
9  and Michael Tozzi

10

11               IN THE UNITED STATES DISTRICT COURT

12             FOR THE EASTERN DISTRICT OF CALIFORNIA

13

14  **MELVIN JONES, JR.,**                Case No.: CIV.F-05-0148 AWI DLB

15                        Plaintiff,       **DEFENDANTS JUDGE MARIE SOVEY
                                           SILVEIRA AND MICHAEL TOZZI'S**
16       v.                                **NOTICE OF MOTION AND MOTION TO
                                           DISMISS PLAINTIFF'S COMPLAINT**
17  MICHAEL TOZZI, et al.                  **WITH MEMORANDUM OF POINTS AND
                                           AUTHORITIES IN SUPPORT THEREOF**
18                        Defendant.
                                           [F.R.C.P., Rule 12(b)(1) & (6)]
19
                                           Date:    Monday, April 11, 2005
20                                         Time:    1:30 p.m.
                                           Courtroom: 3
21                                         Judge:   The Hon. Anthony W. Ishii

22

23       TO PLAINTIFF MELVIN JONES, JR., IN PROPRIA PERSONA:

24       PLEASE TAKE NOTICE that on Monday, April 11, 2005, at 1:30 p.m. in Courtroom 3

25  of the above entitled court, located in Fresno, California, defendants, Hon. Judge Marie Sovey

26  Silveira, Judge of the Superior Court of California, County of Stanislaus, and Michael Tozzi will

27  move this court for an order dismissing plaintiff's Complaint, with prejudice, pursuant to Federal

28  Rules of Civil Procedure, Rule 12(b)(1) and (6) on the following grounds:

Notice; Motion to Dismiss; Memorandum of Points and Authorities in Support Thereof

1

1. The court lacks jurisdiction as to plaintiff's claims as they are barred by the *Younger* abstention doctrine, and Domestic Relations doctrine.
2. The Eleventh Amendment bars plaintiff's claims against the Judge Marie Solvey Silveira and Michael Tozzi.
3. Plaintiff's claims against Judge Marie Sovey Silveira are barred by judicial immunity.
4. Plaintiff's claims against Michael Tozzi are barred by quasi-judicial immunity.

This motion will be based on this motion and notice of motion, the memorandum of points and authorities filed in support thereof, and on such oral and documentary evidence as may be introduced at the time of the hearing, and the pleadings on file herein.

Dated: March 9, 2005

Respectfully submitted,

BILL LOCKYER
Attorney General of the State of California

DARRYL L. DOKE
Supervising Deputy Attorney General

/S/  William A. Krabbenhoft

WILLIAM A. KRABBENHOFT
Deputy Attorney General

Attorneys for Defendants Judge Marie Sovey Silveira and Michael Tozzi

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff Melvin Jones, Jr., acting in pro se, brings the instant section 1983 action for damages against defendants Judge Marie Sovey Silveira, Presiding Judge and formerly a family law judge, of the Superior Court of Stanislaus County, and Michael Tozzi, the Executive Officer of the Court, for conduct and action arising out of family law proceedings regarding plaintiff's minor child. Also named as defendants are two attorneys in private practice who apparently represent plaintiff's ex-wife. They also are being sued for conduct occurring in family law proceedings in Superior Court of Stanislaus County. Defendants submit plaintiff's misguided attempt to sue a judicial officer and Court Executive Officer and have this court intervene in a pending state court family law matter should be quickly rejected.

The allegations in the Complaint against defendant Judge Silveira and Mr Tozzi are mostly conclusionary, with little, if any, factual support to back them up. Plaintiff alleges Judge Silveira and Mr. Tozzi violated his civil rights and also conspired with each other and others to deprive plaintiff of his civil rights. The problem, however, is that plaintiff fails to specify exactly how - or what - each defendant did or did not do that constituted a civil rights violation. Further, plaintiff fails to set forth any facts that show a conspiracy existed.

Instead, we are left to interpret plaintiff's allegations, which is challenging. About the only thing clear from plaintiff's complaint is that the gravaman of plaintiff's claims is a family law proceeding in state court in which plaintiff was unhappy with the appointment of mediator Dan Strangio and child custody evaluator Steven Carmichael.[1] Plaintiff alleges he commenced a two year investigation which show a "series of incestuous business relationships" between these two gentlemen. (Complaint, p. 5:4-5.) Then plaintiff lists "potential conflicts of interest" due to an alleged business affiliation and/or relationship between the two. Plaintiff then sets forth dates of various hearings and/or dates he received mail from defendants. (Complaint, pp. 6-8.)

---

1. Defendants are informed Judge Oliver W. Wanger of this court granted summary judgment to Strangio and Carmichael and against plaintiff Jones on March 7, 2005 (Case Number CIV.F-04-6567 OWW SMS); see Notice of Related Cases filed concurrently with this motion.

1   With regard to Judge Silveira, the only factual allegations against her arise from her duties in her official capacity as a judge. Plaintiff alleges Judge Silveira held hearings in Dept. 13 of the Stanislaus County Superior Court and allegedly failed to comply with California Rules of Court, Rule 5-210 and Rule 5-220(a) (family law rules). Rule 5-210 sets forth the standards of practice and administration for court disputed child custody mediation services while Rule 5-220 governs the appointment and responsibilities of child custody evaluators. (Complaint, pp. 6-8.) Plaintiff also alleges Judge Silveira violated state law relating to disqualification of judges by hearing a disqualification motion filed against her by plaintiff.

With regard to defendant Tozzi, all allegations against him arise out of his official capacity as Executive Officer for the Superior Court. The only "facts" alleged are that on two occasions Tozzi sent correspondence to plaintiff (Exhibits C & D to Complaint), and, thus somehow failed to comply with Rules of Court 5-210 and 5-220. (Complaint, p.7:13-23; p.10:38-39.)

Defendants submit plaintiffs lawsuit is utterly without merit and can be dismissed on numerous grounds.

First, federal court jurisdiction is barred over these claims which are inextricably intertwined with plaintiff's family law state court case under the *Rooker-Feldman* Doctrine and Domestic Relations exception to federal court jurisdiction. Second, federal court jurisdiction over claims against the defendants in their official capacity are barred by the Eleventh Amendment. Lastly, judicial immunity shields Judge Silveira from suit while quasi-judicial immunity shields Mr. Tozzi from suit.

Accordingly, defendants Judge Silveira and Michael Tozzi request the instant motion to dismiss be granted with prejudice.

**ARGUMENT**

**I.**

**STANDARDS FOR MOTION TO DISMISS**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim for relief based on either a lack of a viable legal theory or insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th

1  Cir. 1990). A complaint may be dismissed for failure to state a claim if it discloses some fact that
2  will defeat the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

3      A complaint may also be dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(1), for
4  lack of subject matter jurisdiction. *Neitzke v. Williams*, 490 U.S. 319, 338 (1989) [patently
5  insubstantial complaint may be dismissed under Rule 12(b)(1) for lack of subject matter
6  jurisdiction.] Moreover, "[w]henever it appears by suggestion of the parties of otherwise that the
7  court lacks jurisdiction of the subject matter, the court shall dismiss the action." Federal Rules of
8  Civil Procedure 12(h)(3).

9  **II.**

10 **PURSUANT TO THE *ROOKER-FELDMAN* DOCTRINE, THERE IS NO BASIS FOR THE COURT TO EXERCISE FEDERAL SUBJECT
11 MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS**

12     A federal district court does not have jurisdiction to review errors in state court decisions
13 in civil cases. *Dist. of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476 (1983); *Rooker*
14 *v. Fidelity Trust Co.,* 263 U.S. 413, 415 (1923). "The district court lacks subject matter jurisdiction
15 either to conduct a direct review of the state court judgment or to scrutinize the state court's
16 application of various rules and procedures pertaining to the state case." *Samuel v. Michaud*, 980
17 F.Supp. 1381, 1411-12 (D. Idaho 1996), aff'd, 129 F.3d 127 (9th Circ. 1997). See also *Branson v.*
18 *Nott,* 62 F.3d 287, 291-92 (9th Cir. 1995) (finding no subject matter jurisdiction over section 1983
19 claim seeking, *inter alia*, implicity reversal of state trial court action); *MacKay v. Pfeil,* 827 F.2d
20 540, 544-45 (9th Cir. 1987) (attacking state court judgment because substantive defense improper
21 under *Rooker-Feldman*). That the federal district court action alleges the state court's action was
22 unconstitutional does not change the rule. *Feldman,* 460 U.S. at 486. Moreover, claims raised in
23 federal district court need not have been argued in the state judicial proceedings to be barred by the
24 *Rooker-Feldman* doctrine. *Id.* at 483-84 and n.16. If federal claims are "inextricably intertwined"
25 with a state court judgment, the federal court may not hear them. *Id.* "[T]he federal claim is
26 'inextricably intertwined' with the state court judgment if the federal claim succeeds only to the
27 extent that the state court wrongly decided the issues before it." *Pennzoil Co. v. Texaco, Inc.,* 481
28 U.S. 1, 25 (1987) (Marshall, J., concurring). In sum, "a state court's application of its rules and

procedures is unreviewable by a federal district court. The federal district court only has jurisdiction to hear general challenges to state rules or claims that are based on the investigation of a new case arising upon new facts." *Samuel*, 980 F.Supp. at 1412-13.

Plaintiff's complaint and exhibits attached thereto detail various facts about his family law case pending in the Stanislaus County Superior Court. Plaintiff complains about court hearings and rulings, as well as the appointment of a court mediator and custody evaluator. Stripped to its essence, the action is one for federal court review of state court proceedings and is an attempt to litigate in federal court matters that are inextricably intertwined with state court decisions. Accordingly, this action should be dismissed for lack of subject matter jurisdiction under *Rooker-Feldman*.

**III.**

**THE DOMESTIC RELATIONS EXCEPTION TO FEDERAL JURISDICTION BARS THE COURT FROM EXERCISING SUBJECT MATTER JURISDICTION OVER THIS CASE**

In addition to the *Rooker-Feldman* doctrine, the court also lacks subject matter jurisdiction under the domestic relations exception.

The domestic relations exception "divests the federal courts of power to issue divorce, alimony and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (explaining domestic relations exception to diversity jurisdiction). "Even when a federal questions is presented, federal courts decline to hear disputes which would deeply involve them in adjudicating domestic matters." *Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir. 1986), aff'd, 484 U.S. 174 (1988); *see also Tree Top v. Smith*, 577 F.2d 519 (9th Cir. 1978) (declining to exercise jurisdiction over habeas petition seeking custody of child who had been adopted by others). In this circuit, federal courts refuse jurisdiction if the primary issue concerns child custody issues or the status of parent and child or husband and wife. *See Coats v. Woods*, 819 F.2d 236 (9th Cir. 1987); *Csibi v. Fustos,* 670 F.2d 134, 136-37 (9th Cir. 1982).

In *Coats*, plaintiff, invoking 42 U.S.C. section 1983, alleged that her ex-husband and others involved in state court proceedings had wrongfully deprived her of custody of her children. Defendants included the former husband and his current wife, their attorney, the court-appointed

attorney for the children, a court-appointed psychologist, two court commissioners, two superior court judges, the county, the police department, and an organization called United Fathers. Plaintiff specifically alleged that defendants deprived her of child custody, thereby depriving her of a liberty interest, in violation of 42 U.S.C. sections 1983, 1985(2) and 1985(3). Because the action at its core implicated domestic relations issues, the Ninth Circuit affirmed the district court's decision to abstain from exercising jurisdiction. Like *Coats*, this case is at core a child custody dispute. See *Id.* at 237.

In the present case, in order to come to any kind of judgment, it would be necessary for this court to become deeply involved in adjudicating domestic matters and determine whether the state court properly ruled on issues in the family law matter. Although not specifically phrased as such, plaintiff is essentially asking this court to intervene and review state court rulings/orders concerning child custody, support and visitation issues. Accordingly, the domestic relations exception applies to bar the exercise of federal subject matter jurisdiction and plaintiff's complaint should be dismissed.

## IV.

**FEDERAL COURT JURISDICTION OVER THE CLAIMS AGAINST THE STATE DEFENDANTS SUED IN THEIR OFFICIAL CAPACITY IS BARRED BY THE ELEVENTH AMENDMENT**

The Eleventh Amendment provides:

> "[T]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state . . . ." U.S. Const. Amend. XI.

The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an arm of the state, its instrumentalities or its agencies. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Quern v. Jordan,* 440 U.S. 332 (1979).

A lawsuit brought against "a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). "As such, it is no different from a suit against the State itself." *Ibid*.

Under the "arm of the state" doctrine, a state agent or agency is immune from suit under the Eleventh Amendment because "the state is the real, substantial party in interest and is entitled

Notice; Motion to Dismiss; Memorandum of Points and Authorities in Support Thereof
7

to invoke its sovereign immunity from suit even though individual officials [or state entities] are nominal defendants." *Ford Motor Co. v. Department of Treasury*, 323 U.S. 459, 464 (1945); see also *Rowin v. Shapiro*, 657 F.2d 1071, 1073 (9th Cir. 1981). Sovereign immunity cloaks the state agent or agency because, if the plaintiff prevails, "such a judgment would have the same effect as if it were rendered directly against the state for the amount specified in the complaint." *Smith v. Reeves*, 178 U.S. 436 (1900).

Superior Court Judges and Superior Court Executive Officers, as state officials, are treated as arms of the State and are entitled to Eleventh Amendment immunity (*Greater Los Angeles Counsel of Deafness, Inc. v. Zolin* 812 F.2d 1103, 1110 (9th Cir. 1987).

In the instant action, plaintiff has sued Judge Silveira and Mr. Tozzi in their official and individual capacities. As shown above, however, such a suit is barred by the Eleventh Amendment to the extent a defendant is sued in his/her official capacity as a State official. Accordingly, defendants' motion to dismiss must be granted with prejudice.[2]

**V.**

**ABSOLUTE JUDICIAL IMMUNITY SHIELDS JUDGE SILVEIRA**

**1.  ABSOLUTE IMMUNITY**

The action against Judge Silveira should be dismissed because Judge Silveira is absolutely immune from suit. Absolute immunity is an immunity from suit and not simply protection from ultimate liability in damages. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). It defeats a suit at the outset. *Imbler v. Pachtman*, 424 U.S. 409, 419 (1976). Unlike qualified immunity, the reasonableness of the defendant's actions and whether or not the governing law was clearly established are not relevant in the absolute immunity context.

Courts apply a functional approach in determining whether absolute immunity applies in

---

2.  Plaintiff's claims would similarly be barred as State officials acting in their official capacity are not "persons" for purpose of section 1983 (*Will v. Michigan Dept. of State Police, supra,* 491 U.S. 58, 69-71.)

Notice; Motion to Dismiss; Memorandum of Points and Authorities in Support Thereof

a particular case.[3/] Thus, absolute immunity protects the governmental function affected and not the office-holder. Under the functional approach, the alleged unlawfulness of a defendant's challenged conduct is irrelevant because the focus is on the relationship between the defendant's acts and the involved governmental function, and not upon how wrongly the defendant may have acted in a particular instance.[4/] Absolute immunity is not overcome by allegations of malice or bad faith; the defendant's motivation or subjective intent have no bearing on the availability of absolute immunity. *Mireles v. Waco, supra*, 502 U.S. at 11. Likewise, allegations of conspiracy do not defeat absolute immunity.[5/]

To be afforded absolute immunity, the defendant official must have been acting within the outer perimeter of his official responsibilities or jurisdiction. See *Nixon v. Fitzgerald*, 457 U.S. 731, 755-757 (1982). "[T]he sphere of protected action must be related closely to the immunity's justifying purpose." *Id*. at 755. In making that determination, the Supreme Court has said that "an official's absolute immunity should extend only to acts in performance of particular functions of his office," but it "also has refused to draw functional lines finer than history and reason would support." *Id*. With respect to the latter, the Court has framed the test in these various ways: all matters "committed by law to [an official's] control or supervision," *Spalding v. Vilas*, 161 U.S. 483, 498 (1896); "action within the outer perimeter of [a defendant's] line of duty," *Barr v. Matteo*, 360 U.S. 564, 575 (1959); judicial acts that are informal and occurring even "outside the normal attributes of a judicial proceeding," *Stump v. Sparkman*, 435 U.S. 349, 363 (1978).

---

3. *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Mireles v. Waco*, 502 U.S. 9 (1991); *Burns v. Reed*, 500 U.S. 478, 492 (1991); *Forrester v. White*, 484 U.S. 219, 224 (1988); *Butz v. Economou*, 43 U.S. 478, 508-517 (1978); *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

4. See, e.g. *Guzman-Rivera v. Rivera-Cruz*, 55 F.3d 26, 31 (1st Cir. 1991) (defendants absolutely immune even though their failure to move for dismissal of conviction was "reprehensible"); *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1150 (2d Dist. 1995); *Hill v. City of New York*, 45 F.3d 653 (1995) (immunity attaches to the function performed by an official and not to the way it is performed).

5. See, e.g., *Hill v. City of New York*, 45 F.3d 653, 661; *Walrath v. United States*, 35 F.3d 277, 282-283 (7th Cir. 1994); *Carter v. Butch*, 34 F. 3d 257, 263 (4th Cir. 1994), cert. denied, 513 U.S. 1160 (1995).

## 2. JUDICIAL IMMUNITY

In this case the plaintiff is suing Judge Silveira for rulings the Judge has made in plaintiff's family law matter and for allegedly failing to comply with the California Rules of Court and Code of Civil Procedure. (Complaint, pp. 6-8.) Plaintiff's action against Judge Silveira should be dismissed on the grounds of judicial immunity.

Judicial immunity is a complete immunity from suit and not simply protection from ultimate assessment of damages. *Mireles v. Waco,* 502 U.S. 9, 11 (1991) (per curiam). Judges are protected by absolute immunity for judicial acts except when they act in the clear absence of jurisdiction. Here, there is no allegation that the Superior Court and Judge Murphy in particular did not have jurisdiction over *Kobayashi v. Ramirez.*

The Supreme Court has consistently adhered to that rule, observing that "'Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction.'" *Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985), quoting *Pierson v. Ray*, 386 U.S. 547, 553-554 (1967), see also, *Dennis v. Sparks*, 449 U.S. 24, 27 (1980).

The Court summarized the breadth and nature of the immunity in *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985);

Such immunity applies 'however erroneous the act may have been, and however injurious in its consequences [the judicial act] may have proved to the plaintiff.' . . . 'Nor can this exemption of the judges from civil liability be affected by the motives with which their judicial acts are performed.' . . . And in *Stump v. Sparkman*, 435 U.S. 349 (1978), the Court once again enunciated this principle, despite any 'informality with which [the judge] proceeded,' and despite any ex parte feature of the proceeding. (citation omitted)

"A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkam*, 435 U.S. 349, 356-357, (1978) (citation omitted). Unfairness or injustice to a litigant resulting from application of the immunity cannot preclude it. *Mireles v. Waco*, 502 U.S. 9, 10 (1991).

1  Judicial immunity will not be defeated by allegations that a judge acted in conspiracy with
2  private individuals who are not immune and who sought to bribe him, so long as the judge did not
3  act in the absence of all jurisdiction with respect to the challenged conduct. See, *Holloway v.*
4  *Walker*, 765 F.2d 517, 522-523 (5th Cir., 1985), cert. denied, 474 U.S. 1037 (1985). As these
5  authorities demonstrate, "The absolute immunity from suit for alleged deprivation of rights enjoyed
6  by judges is matchless in its protection of judicial power." *McCray v. State of Maryland*, 456 F.2d
7  1, 6 (4th Cir. 1972).

8  There are two requisites inherent in the Supreme Court's formulation of absolute judicial
9  immunity: (1) that the challenged act be judicial in nature and (2) that it not be done in the absence
10 of all jurisdiction. *See Mireles v. Waco, supra*, 502 U.S. at 11-12.

11 The factors determining whether a challenged act by a judge is a judicial one for purposes
12 of immunity "relate to the nature of the act itself, i.e., whether it is a function normally performed
13 by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his
14 judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). The inquiry thus goes to the
15 nature and function of the act and not to the act itself. *Mireles v. Waco, supra*, 502 U.S. at 12. If
16 the focus were only on the challenged act itself, the purpose of judicial immunity could be frustrated
17 by a finding that an improper or erroneous act, or a mistake by a judge in excess of his authority,
18 was not a function normally performed by a judge. *Id.* "If judicial immunity means anything, it
19 means that a judge 'will not be deprived of immunity because the action he took was in error . . . or
20 was in excess of his authority.'" *Id*., quoting *Stump v. Sparkman, supra*, 435 U.S. at 356.

21 The judicial nature of a judge's act is not altered by virtue of an allegation of malice or
22 corrupt motive. *Forrester v. White*, 484 U.S. 219, 227 (1988). Similarly, a judge's immunity is not
23 pierced by allegations that he conspired with others to do an allegedly unlawful act so long as the
24 act is within his judicial powers. See, e.g., *John v. Barron,* 897 F.2d 1387, 1391-1392 (7th Cir.
25 1990), cert. denied, 498 U.S. 821 (1990); *Ashelam v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) (en
26 banc). "As long as the judge's ultimate acts are judicial actions taken within the court's subject
27 matter jurisdiction applies." *Id.*
28 / / /

In this case, Judge Silveira's actions in holding hearings and making rulings were clearly judicial acts.

No amendment will cure the defects in plaintiff's complaint. Plaintiff's action against Judge Silveira is barred by the doctrine of judicial immunity and should be dismissed with prejudice.

## VI.

### ABSOLUTE QUASI-JUDICIAL IMMUNITY BARS THIS ACTION AGAINST COURT EXECUTIVE OFFICER MICHAEL TOZZI

Plaintiff is apparently suing Court Executive Officer Michael Tozzi for acts and conduct related to the appointment of a court ordered mediator (Don Strangio) and a custody evaluator (Steven Carmichael). (Complaint, p. 5:7-10.) Plaintiff appears to allege that these court appointed persons have a business affiliation such that a potential conflict of interest exists. (Complaint, pp. 5-6.) The only conduct and/or acts relating to defendant Tozzi that are set forth in plaintiff's complaint are two letters/correspondence sent by Tozzi to plaintiff. The first letter, attached as Exhibit C to plaintiff's complaint, provides information to plaintiff about the Court's contracts with mental health professionals and child custody evaluators, generally and in relation to plaintiff's case. The second correspondence is a memorandum to plaintiff from Tozzi dated September 24, 2003, in which Tozzi advises that all correspondence from plaintiff addressed to Tozzi will be placed in the court file and that Tozzi will not respond to plaintiff about his court case. These allegations clearly show Tozzi is a Court Official exercising official authority and is entitled to absolute quasi-judicial immunity.[6]

"Quasi-judicial immunity is extended in appropriate circumstances to non-jurists 'who perform functions closely associated with the judicial process.'" *In re Castillo*, 297 F.3d 940, 948 (9th Cir. 2002) citing *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985). Court clerks and staff have

---

6. It also appears the "facts" alleged against defendant Tozzi do not even state a claim for relief under section 1983. Plaintiff fails to explain which act of Tozzi deprived plaintiff of some right or privilege protected by the United States Constitution. Plaintiff fails to allege any specific facts showing Tozzi violated his constitutional rights or conspired with other defendants and thus fails to even state a viable claim for relief notwithstanding Tozzi's absolute quasi-judicial immunity from suit. (See *Baker v. McCullum*, 443 U.S. 137 (1979).)

1  absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks
2  that are an integral part of the judicial process. *Morrison v. Jones*, 607 F.2d 1269, 1273 (9th Cir.
3  1979) 445 U.S. 962; *Mullis v. U.S. Bankruptcy Court for the District of Nevada,* 828 F.2d 1385,
4  1390 (9th Cir. 1987). Quasi-judicial immunity is not abrogated by a simple mistake or an act in
5  excess of jurisdiction. To defeat the immunity the plaintiff must show the court employee acted "in
6  clear absence of all jurisdiction" (*Mullis, supra*, 828 F.2d at 1390). The mere allegation that a court
7  employee failed to perform his or her duty is insufficient to meet the standard. Rather, plaintiff must
8  show the act performed by the employee was outside the general subject matter jurisdiction of the
9  court. (*Ids.* at 1389-1390.)

10  In the instant action, plaintiff's allegations refer to defendant Tozzi in his official capacity
11  as Executive Officer of the Court and refer to conduct/action by Tozzi in such capacity with
12  reference to plaintiff's family law matter. Since Tozzi's conduct was not outside the court's
13  procedure and had an integral relation with the judicial process, he is immune from liability. (See
14  *Eads v. Sterlinske,* 810 F.2d 723, 726 (7th Cir. 1986); and *Sharma v. Stevas,* 790 F.2d 1486 (9th Cir.
15  1986).)

16  / / /
17  / / /
18  / / /

**CONCLUSION**

There is no basis upon which federal subject matter jurisdiction should be exercised in this case pursuant to the *Rooker-Feldman* doctrine and the Domestic Relations Exception to federal jurisdiction. Further, the Eleventh Amendment and doctrines of judicial and quasi-judicial immunity are bars to the court's jurisdiction over the moving defendants. For these and all of the foregoing reasons, defendants Judge Marie Sovey-Silveira and Michael Tozzi submit plaintiff's complaint should be dismissed with prejudice.

Dated: March 9, 2005

Respectfully submitted,

BILL LOCKYER
Attorney General of the State of California

DARRYL L. DOKE
Supervising Deputy Attorney General


/S/ William A. Krabbenhoft

WILLIAM A. KRABBENHOFT
Deputy Attorney General

Attorneys for Defendants Judge Marie Sovey Silveira (erroneously sued as Silveria) and Michael Tozzi

# DECLARATION OF SERVICE

**Case Name**: *Melvin Jones, Jr. v. Mr. Tozzi, et al.*

**Court:**   U.S.D.C. Eastern District

**Case No.:**   CIV.F-05-0148 AWI DLB

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the Bar of this Court at which member's direction this service is made. I am 18 years of age or older and not a party to the within entitled cause. On **March 9, 2005,** I placed the attached

DEFENDANTS JUDGE MARIE SOVEY SILVEIRA AND MICHAEL TOZZI'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

and served in the method described below:

__X__   **First Class Mail**. Placed a true copy in a sealed envelope, postage thereon fully prepaid. That I am readily familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

_____   **Certified Mail, Return Receipt Requested**. Placed a true copy in a sealed envelope, postage thereon fully prepaid, with the designation "Certified Mail, Return Receipt Requested. That I am readily familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

_____   **Facsimile Transmittal**. That on the date shown above, I sent by facsimile machine a true copy of the above-mentioned document(s) to the person(s) and at the facsimile number indicated below.

_____   **Personal Service**. That I handed a true copy to each person indicated below.

_____   **California Overnight and/or UPS Overnight Service**. Placed a true copy in a sealed envelope, with delivery charges pre-paid, addressed as indicated below, to be delivered by next day air.

addressed as follows:

**MELVIN JONES, Jr.**                                     Plaintiff, In Pro Se
**P. O. Box 579393**
**Modesto, CA  95357**

I declare under penalty of perjury the foregoing is true and correct and that this declaration was executed on March 9, 2005, at Sacramento, California.

/S/ Maureen D. Armistead

Maureen D. Armistead

15