UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN JONES, JR., | 1:05-CV-0148 OWW DLB |
| Plaintiff, | MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS JENSEN |
| v. | AND HOLLENBACK'S MOTION TO DISMISS. |
| MICHAEL A. TOZZI et al., | |
| Defendants. | |

## I.  INTRODUCTION

Before the court for decision is a motion to dismiss filed by Defendants Leslie Jensen and John Hollenback.  This case, the fourth filed in this court by Plaintiff Melvin Jones concerning a family law dispute previously heard in state court,[1] was transferred to the undersigned judge on March 16, 2005, as a related case.  *See* Doc. 15, filed March 21, 2005.  A memorandum opinion and order dated May 11, 2005 dismissed Defendants Tozzi and Silveria, denied Plaintiff's motion for default judgment

_____

[1]      *Jones v. State of California,* 1:04-cv-6566, was voluntarily dismissed by Plaintiff on February 28, 2005; *Jones v. Strangio*, 1:04-cv-6567, was dismissed with prejudice on March 16, 2005; *Jones v. Strangio*, 1:05-cv-00410, was also dismissed with prejudice on April 20, 2005.  Neither of the latter two cases stated claims cognizable in federal court.

**1**

against Defendants Jensen and Hollenback, and denied Plaintiff's motion for leave to amend the complaint a second time.  Doc. 47. Accordingly, the currently operative complaint is the "first amended complaint," filed March 3, 2003.  Doc. 7, filed Mar. 3, 2005.

Plaintiff filed three documents in opposition to Jensen and Hollenback's motion to dismiss.  In the first, Plaintiff argues that he was not properly served with the instant motion.  Doc. 44, filed May 10, 2005.  In the econd, Plaintiff asserts that dismissal of his claims based on "doctrines, immunities, judge made law, and cases cited by defendants...has the same effect and gravity as the Dread [sic] Scott Decision."  Doc. 49, filed May 19, 2005.  Finally, Plaintiff alleges that he was threatened by Defendant Hollenback in a manner that interfered with Plaintiff's access to the judicial process.  Doc. 50, filed May 20, 2005.

## II.  **PROCEDURAL HISTORY**

Plaintiff filed his initial complaint on February 3, 2005. Doc. 1.  Then, prior to the filing of any responsive pleading by Defendant, Plaintiff filed a first amended complaint on March 3, 2005.  Doc. 7.  The first amended complaint names as defendants: Michael A. Tozzi, the Executive Officer of Stanislaus County Superior Court; Superior Court Judge Marie Sovey-Silveria; and attorneys Leslie Jensen and John Holenback.  The first amended complaint generally alleges that Defendants' conduct in connection with his family law dispute in state court violated Plaintiff's constitutional and statutory rights in violation of

**2**

1  42 U.S.C. § 1983.[2]   Defendants Tozzi and Silveria moved to

2  dismiss this complaint on March 9, 2005.   Doc. 8.

3      On March 18, 2005, the district court issued an order

4  dismissing Plaintiffs related case, *Jones v. Strangio*.  *See* Doc.

5  72, 1:04-cv-06567.   In light of that dismissal, the district

6  court ordered Plaintiff to show cause why <u>this</u> case should not be

7  dismissed as well.   Doc. 18, filed Mar. 29, 2005.   Plaintiff

8  responded to the order to show cause on April 20, 2005.   Doc. 29.

9  At the same time, Plaintiff filed *yet another proposed amended*

10 *complaint* intended to supercede the complaint lodged on March 24,

11 2005.  *See* Proposed Second Amended Complaint lodged Apr. 20,

12 2005.   This complaint contained numerous new allegations that

13 Defendants made racially derogatory remarks to plaintiff as part

14 of a conspiracy to violate his constitutional rights in

15 contravention of 42 U.S.C. §§ 1981, 1985, and 1986.

16     Plaintiff then responded to the order to show cause, relying

17 heavily on the allegations contained within the second amended

18 complaint.  *See* Doc. 29, at 1.   Oral argument was heard on May 3,

19 2004, concerning the order to show cause, Defendants' Tozzi and

20 Silveria's motion to dismiss, Plaintiff's motion for default

21 judgment against Defendants Jensen and Hollenback, and

22 Plaintiff's motion to amend the complaint.   A memorandum opinion

23 and order dated May 11, 2005, discharged the order to show cause,

24 granted Tozzi and Silveria's motion to dismiss, denied

25

26     [2]   As discussed below, Plaintiff filed several proposed
27 amended complaints that attempt to set forth claims under 42
   U.S.C. §§ 1981, 1985, and 1986.   However, Plaintiff was denied
28 leave to file any of these proposed amended complaints.

**3**

1  Plaintiff's motion for default judgment, and denied Plaintiff's
2  motion to amend.  Doc. 47.

3

4              III.   **FACTUAL BACKGROUND**

5       **A.    The Child Custody Dispute**

6       This case arises out of a child custody dispute between
7  Plaintiff and Kea Chhay, the mother of Plaintiff's minor child.
8  Although the record contains limited information about the
9  underlying family law case, it appears to have first been filed
10 in Santa Clara Superior Court.  During a hearing held on November
11 15, 2001, the presiding judge in Santa Clara warned Plaintiff
12 that he would be declared a vexatious litigant if he filed
13 additional motions in that case.  The case was subsequently
14 transferred to Stanislaus County

15      Don Strangio, formerly a defendant in *Jones v. Strangio*,
16 1:04-CV-06567, and *Jones v. Strangio*, 1:05-CV-00410, is a
17 licensed psychologist and marriage and family therapist in the
18 state of California.  Strangio was appointed, as required by law,
19 by the court to mediate the child custody dispute between
20 Plaintiff and Chhay.  During the initial mediation session, held
21 July 9, 2002,  Plaintiff requested a private child custody
22 evaluation.  Three potential evaluators, including Steven
23 Carmichael, also formerly a defendant in the *Jones v. Strangio*
24 cases, were identified to the parties.  Of the three, only
25 Carmichael was agreeable to both parties at the initial
26 mediation.  The state court then issued an order referring the
27 parties to Carmichael, who was appointed to conduct  a private
28 custody evaluation.

**4**

**B.    The Alleged Conflict of Interest**

It is not disputed that Carmichael rents office space, along with a number of other mental health professionals, in a building in which Dr. Strangio has a partial ownership interest. Carmichael and Strangio, with several other professionals, share this office space, a common telephone number, and support staff. Outside the common office is a sign that reads "Psychological Associates."  Their practices are independent; there is no co-mingling of any business-related accounts; they do not file joint tax returns; Carmichael has no ownership interest in the building; and the income Strangio realizes from his private practice is in no way affected by the income Carmichael earns from his own practice.

Leslie Jensen served as Ms. Chhay's attorney in the family law case.  Plaintiff alleges that Dr. Strangio counseled Jensen on at least one occasion regarding personal matters.

Plaintiff apparently raised some or all of his conflict of interest objections with the state court.  In response to a letter sent by Plaintiff on May 12, 2003, Defendant Michael A. Tozzi, the Executive Officer of the Stanislaus Superior Court, wrote:

> It is common for mental health professionals in this community to rent communal office space and share overhead expenses/ phone numbers/ and addresses. Psychological Associates [is] in an office with ten professionals including Dr. Carmichael and Dr. Strangio.  However, their practices are independent from each other.  They do not benefit from the work that the other does.  The Court has no concern about a potential conflict of interest in the situation you question, nor any other referral by Dr. Strangio.

**5**

> When the Court refers a case for private child custody evaluation, the list of qualified evaluators is limited to those licensed mental health professionals who have the specific training required by law.... That list currently consists of approximately five psychologists, Licensed Clinical Social Workers, and Marriage and Family Therapists in addition to the ten independent contract mediators.  Dr. Carmichael is one of those five who are not associated with the court.
>
> Dr. Strangio and Dr. Carmichael are publicly listed in the phone book and had you accepted the referral for Dr. Carmichael to perform the child custody evaluation as ordered on October 8, 2002, you would have likely observed both in the office.  There is no attempt to hide this relationship.
>
> I trust that this resolves the questions you had.

Doc. 1, Ex. C.

## IV.   LEGAL ANALYSIS

### A.   Standard of Review for a Motion to Dismiss

In deciding whether to grant a motion to dismiss, a court must "take all of the allegations of material fact stated in the complaint as true and construe them in the light most favorable to the nonmoving party." *Rodriguez v. Panayiotou*, 314 F.3d 979, 983 (9th Cir. 2002).  In general, "a *pro se* complaint will be liberally construed and will be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).  However, "a liberal interpretation of a [pro se] complaint may not supply essential elements of the claim that were not initially pled." *Id*.

//
//
//

**6**

### B.   Threshold Issue: Improper Service

Plaintiff's address of record is:

> Melvin Jones
> P.O. Box 579392
> Modesto, CA 95357

Plaintiff points out that all the certificates of service filed by Defendants Jensen and Hollenback bear the following, slightly different, address:

> Melvin Jones
> P.O. Box 57939**3**
> Modesto, CA 95357

Plaintiff asserts that, as a result of the one digit error, he has not received any of Defendants' filings, including the pending motion to dismiss. *See* Doc. 44 at 2.

The record supports Plaintiff's assertions on this issue. Under these circumstances, the district court could order Defendants Hollenback and Jensen to reserve their motion to dismiss upon Plaintiff, and give Plaintiff an additional period of time to respond to their motion. However, Hollenback and Jensen's motion to dismiss raises the same legal issues as Defendants Tozzi and Silveria's previous motion to dismiss. Plaintiff has already been informed in the decision granting Tozzi and Silveria's motion, Doc. 47, that his claims are not viable under federal law. For the reasons set forth below, the first amended complaint (Doc. 7, the currently operative complaint in this case) also fails to properly state any claims under federal law against Defendants Jensen and Hollenback. Rather than order Plaintiff to defend a complaint that must be dismissed for failure to state a claim, Plaintiff will instead be given one last opportunity to amend his complaint to attempt to

**7**

set forth viable claims under federal law against Defendants

Jensen and Hollenback.[3]

## C.   Plaintiff's Claims

In the first amended complaint, Plaintiff makes the

following allegations:

(1)   There existed potential conflicts of interest between
      several of the Defendants.  The failure of Defendants to
      disclose these conflicts violated Plaintiff's procedural due
      process rights.  *Id.* at ¶15.

(2)   Defendants' conduct throughout the family law proceedings
      interfered with Plaintiff's liberty interests and/or rights
      as a parent.  *Id.* at ¶7.

(2)   Defendants' conduct violated various provisions of the
      California Rules of Court, State Bar Ethical Standards, and
      provisions of the California Code of Civil Procedure.  As a
      result, Plaintiff's due process rights under the Fourteenth
      Amendment were violated.  *Id.* at ¶¶ 16-33.

## D.   Plaintiff's Procedural Due Process Claims Fail as a Matter of Law

As explained in previous memorandum opinions in this case

and related cases, Plaintiff has attempted to set forth

procedural due process claims twice before.  Specifically, he

alleges that conflicts of interests existed between Defendants

and that these conflicts interfered with the fair adjudication of

his family law case.  These allegations are strikingly similar,

if not identical, to those alleged and ***dismissed*** in his

Plaintiff's previous lawsuits.  As the district court explained

in *Jones v. Strangio*:

---

[3]      Plaintiff has also filed a motion for sanctions against
Defendants Jensen and Hollenback regarding their conduct in
serving documents upon Plaintiff.  Doc. 43, filed May 9, 2005.
That motion is set for hearing on June 27, 2005.

**8**

1
2
3

> In the context of Plaintiff's factual allegations, it appears that he is essentially arguing that Defendants' alleged conflict of interest (and Defendants' failure to disclose these alleged conflicts) amounts to a violation of his procedural due process rights under the United States Constitution.
>                         ***

4
5
6
7
8
9
10

> To state such a claim, plaintiff must demonstrate that no "meaningful postdeprivation remedy" is available under state law. *See Hudson v. Palmer*, 468 U.S. 517, 531 (1984) (holding a claim under § 1983 for deprivation of property without due process invalid absent a showing that no meaningful postdeprivation remedy was available). In California, appellate and post-judgment tort remedies can provide a meaningful remedy for the violations alleged in Plaintiff's complaint. *See* Cal. Gov't Code § 900. Plaintiff's complaint contains no allegation he has pursued any state judicial review of those claims or why such remedies would be inadequate.

11 *Jones v. Strangio*, 1:04-CV-6567, Doc. 72 at 28-29. Plaintiff has

12 again failed to state a procedural due process claim. He has

13 utterly failed to plead any facts that suggest he exhausted his

14 state remedies. As such, Plaintiff's procedural due process

15 claims, if any are stated, are **DISMISSED** for failure to state a

16 claim.

17      **E.   Plaintiff's Claims Concerning his Liberty Interests**
18           **and/or Rights as a Parent are Barred by the Domestic**
          **Relations Exception[4]**

19
20     Plaintiff also appears to allege that Defendants' conduct

21

22     [4]   Defendants Jensen and Hollenback also argue that the
23 *Rooker-Feldman* doctrine demands dismissal of this entire case. As explained in the May 11, 2005 memorandum opinion and order
24 issued in this case and in orders issued in related cases, *Rooker-Feldman* bars a district court from hearing "challenges to
25 state court decisions in particular cases arising out of judicial proceedings" or deciding questions "inextricably intertwined"
26 with state court proceedings. *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 486 (1983). However, it is a close
27 question whether *Rooker-Feldman* operates as a bar to this court's jurisdiction under the specific facts alleged in this case. As
28 the claims against Defendants Jensen and Hollenback may be dismissed on other grounds, *Rooker-Feldman* will not be discussed herein.

deprived him of liberty interests and/or rights he possesses as a parent.  As was explained in the May 11, 2005 memorandum opinion and order, any such claims are directly related to the underlying child custody dispute and are therefore barred by the domestic relations exception:

> The domestic relations exception is a judicially created doctrine that "divests the federal courts of power to issue divorce, alimony and child custody decrees."  *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992).  In the Ninth Circuit, district courts <u>must</u> refuse jurisdiction over claims where the primary issue concerns child custody issues or the status of parent and child or husband and wife.  *See Coats v. Woods*, 819 F.2d 236 (9th Cir. 1987); *Csibi v. Fustos*, 670 F.2d 134, 136-37 (9th Cir. 1982).

> The *Coats* case is most directly on point.  In a series of complaints filed in federal court, the plaintiff in *Coats* named as defendants her former husband, his new wife, their attorney, the court-appointed attorney for their two children, a court-appointed psychologist, two court commissioners, two Superior Court judges, the Orange County Superior Court, the County of Orange Costa Mesa Police Department, the Newport-Mesa School District, and an organization called United Fathers.  819 F.2d at 236-37.  Coates sued these individuals under 42 U.S.C. § 1983, alleging that defendants wrongfully deprived her of the custody of her two children.  The district court abstained from hearing the cases on the ground that "the actions, involving child custody, implicated domestic relations issues, traditionally an area of state concern."  *Id.*  The Ninth Circuit affirmed, approving the district court's reliance "on the abstention doctrine under which federal courts traditionally decline to exercise jurisdiction in domestic relations cases when the core issue involves the status of parent and child or husband and wife."  The Ninth Circuit went on to reason that:

>> This case, while raising constitutional issues, is at its core a child custody dispute....If the constitutional claims in the case have independent merit, the state courts are competent to hear them. Given the state courts' strong interest in domestic relations, we do not consider that the district court abused its discretion when it invoked the doctrine of abstention.

> *Id*. at 237.

1
2
3
4
5
6
7
8
9
10

    The issue presented is whether Plaintiff's new allegations, all arising from his child custody dispute in state court, change the nature of the case to one that is not at its core a child custody dispute. Reading Plaintiff's pro se complaint liberally, Plaintiff arguably alleges that Defendants violated his substantive due process rights: "The Supreme Court has long protected, under substantive due process principles, the integrity of the family unit and the right of parents to raise their children." *Abebe v. Ashcroft*, 379 F.3d 755, 763 (9th Cir. 2004)(citing *Stanley v. Illinois*, 405 U.S. 645, 651 (1972)). However, if any such claim is contained in any of the filed or lodged versions of Plaintiff's complaints, a district court would be barred from hearing such a claim by the domestic relations exception because, in Plaintiff's case, it directly concerns child custody issues.

11

**F.   Plaintiff's § 1983 Claims Must Be Dismissed Because Defendants Jensen And Hollenback Are Not State Actors.**

12   Plaintiff's first amended complaint also attempts to set

13 forth an additional basis for relief under § 1983 -- suggesting

14 that Defendants violated Plaintiff's right to equal protection by

15 impeding Plaintiff's access to the judicial system because of his

16 race.  This claim is **not** barred by the domestic relations

17 exception, as it concerns Plaintiff's access to the judicial

18 system, rather than the subject matter of the underlying family

19 law dispute.  However, the statute under which Plaintiff brings

20 his claim in the first amended complaint, 42 U.S.C. § 1983,

21 applies only to individuals acting under color of state law.

22 Jensen and Hollenback are private individuals, not state actors,

23 and therefore cannot be liable under § 1983.[5]

24

25     [5]    Plaintiff argues that dismissal of his claims "has the

26 same effect and gravity as the Dread [sic] Scott Decision."  Doc. 49.  In the *Dred Scott* case, an African-American man was denied

27 relief in part because the Supreme Court did not (at the time) consider freed African-Americans to be "citizens" within the

28 meaning of the Constitution.  *Dred Scott v. Sandford*, 60 U.S. 393

**G.  Plaintiff's Previous Attempts to Set Forth Claims under §§ 1981, 1985 and 1986.**

Plaintiff has established a pattern of filing multiple complaints without leave to amend and without providing justification for the amendment.  In these proposed amended complaints, Plaintiff has attempted to evade dismissal by set forth additional claims, under 28 U.S.C. §§ 1981, 1985 and 1986. The May 11, 2005 memorandum opinion and order denied Plaintiff leave to amend on the grounds that these claims, as presented in his several proposed amended complaints, would fail to properly state a claim under any federal law.

Defendants Jensen and Hollenback correctly point out that participants in the court process are immune from civil liability for damages in the context of a § 1983 claim. *See Briscoe v. LaHue*, 460 U.S. 325, 335 (1983).  However, such immunity would not protect them from liability in the context of a properly alleged claim that they conspired with a judge to violate Plaintiff's civil rights. *Wyatt v. Cole*, 504 U.S. 158, 164-65 (1992).

**H.  Leave to Amend**

A district court shall grant leave to amend freely "when justice so requires," unless the amendment (1) would be futile, (2) is proposed in bad faith, or would result in (3) undue delay or (4) prejudice to the opposing party. *Forsyth v. Humana, Inc.*,

---

(1856).  Plaintiff may rest assured that *Dred Scott* is no longer the law of the land. *See* United States Const. amend XIV. However, a federal district court is a court of limited jurisdiction.  Plaintiff, like any other litigant, must state a valid claim under federal law.  Thus far, he has been unable to do so.

114 F.3d 1467 (9th Cir. 1997).

In this case, Plaintiff has filed numerous proposed amended complaints aimed at evading dismissal for lack of jurisdiction. Although Plaintiff's claims under 42 U.S.C. § 1981, 1985, and 1986 are of dubious merit, he will be afforded one final opportunity to amend to properly allege claims under §§ 1981, 1985, and 1986.

**V.   CONCLUSION**

For the reasons set forth above:

(1)   Defendants Jensen and Hollenback's motion to dismiss (Doc. 32/36) is **GRANTED;**

(2)   Plaintiff's motion to strike (Doc. 44) is **DENIED;**

(2)   Plaintiff is afforded one final opportunity to amend his complaint. Plaintiff shall file his amended complaint within twenty (20) days of service of this order.

**SO ORDERED.**

Dated: June 21, 2005

/s/ OLIVER W. WANGER

_____

**Oliver W. Wanger**
**UNITED STATES DISTRICT JUDGE**

13