**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MELVIN JONES, JR., | ) 1:05-CV-0148 OWW DLB |
|         Plaintiff, | ) MEMORANDUM OPINION AND ORDER |
| | ) DENYING PLAINTIFF'S MOTION |
|   v. | ) FOR SANCTIONS (DOC. 43). |
| | ) |
| MICHAEL A. TOZZI et al., | ) |
| | ) |
|         Defendants. | ) |
| | ) |
| _____ | ) |

Plaintiff's first amended complaint was dismissed with leave to amend in open court on June 6, 2005. (The district court's reasoning set forth in a written memorandum opinion and order filed June 22, 2000.) Now before the court for decision is Plaintiff's motion for sanctions under Federal Rule of Civil Procedure 11. Doc. 43, filed May 9, 2005.

Plaintiff asserts that Defendants Jensen and Hollenback served legal paperwork pertaining to this case upon him at the wrong address. Plaintiff's address of record is:

      Melvin Jones
      P.O. Box 579392
      Modesto, CA 95357

Certificates of service filed by Defendants Jensen and Hollenback during the months of April and May 2005 bear the following,

**1**

1 | slightly different, address for Plaintiff:

2 |        Melvin Jones
       P.O. Box 57939**3**
3 |        Modesto, CA 95357

4 | Plaintiff asserts that, as a result of the one digit error, he

5 | did not received Defendants' filings.  *See* Doc. 44 at 2.

6 | Plaintiff argues that this error amounts to misconduct warranting

7 | the imposition of sanctions under Rule 11.  Plaintiff

8 | specifically suggests that the Jensen and Hollenback each be

9 | sanctioned $144,500 (a figure based in part upon Plaintiff's

10 | "earnings capacity").

11 |     Defendants explain in their opposition, filed June 21, 2005,

12 | exactly seven (7) days prior to the hearing on this motion, that

13 | the mailing errors were innocent mistakes made by a staff member.

14 | Plaintiff vigorously objects that the district court should not

15 | even consider this argument, as Defendants opposition was due

16 | fourteen (14) days before the hearing and was therefore filed

17 | late.  While Plaintiff's procedural argument appears to have

18 | merit, his Rule 11 motion is nevertheless baseless and must be

19 | denied.

20 |     Although Plaintiff appears to be correct in his assertion

21 | that several documents were mailed to an incorrect address, the

22 | appropriate remedy for such an oversight is normally an order

23 | directing reserve of the affected documents.[1]  Rule 11

24 |

---

25 |     [1]   This very issue was discussed in the June 22,
26 | memorandum opinion and order.  The district court concluded that, despite the possibility of improper service, Plaintiff's
27 | complaint should be dismissed sua sponte for failure to state a claim but that Plaintiff should be granted leave to amend.  Doc.
28 | 60 at 7.

1 sanctions are only appropriate if the attorney took a particular
2 action "for an improper purpose such as unnecessary delay or
3 increasing the cost of litigation."  *See* Fed. R. Civ. P. 11(b).
4 The imposition of Rule 11 sanctions is entrusted to the sound
5 discretion of the district court.  *See G.C. and K.B. Investments,*
6 *inc., v. Wilson*, 326 F.3d 1096, 1109 (9th Cir. 2003).
7 Nothing in the record suggests that Defendants Jensen and
8 Hollenback's mailing practices were infected with any improper
9 purpose.
10     Based on the excessive and unjustified burden placed on the
11 court by Plaintiff's serial and meritless filings, it is
12 Plaintiff who more appropriately could be subject to Rule 11
13 sanctions.  Plaintiff's motion for sanctions under Rule 11 is
14 **DENIED.**

15

16 Dated: June 29, 2005

17                                  **/s/ OLIVER W. WANGER**

18                                     **Oliver W. Wanger**
                                  **UNITED STATES DISTRICT JUDGE**
19

20

21

22

23

24

25

26

27

28

**3**