UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MELVIN JONES, JR., | ) | 1:05-cv-0148 OWW DLB |
| | ) | |
| Plaintiff, | ) | ORDER AFTER SCHEDULING CONFERENCE |
| v. | ) | |
| | ) | Further Scheduling Conference Date: 11/18/05 |
| JOHN J. HOLLENBACK, JR., | ) | 8:45 Ctrm. 2 |
| Defendant. | ) | |
| | ) | |

**I.   Date of Scheduling Conference.**

September 9, 2005.

**II.  Appearances Of Counsel.**

Plaintiff appeared in propria persona.

Leslie F. Jensen, Esq., appeared on behalf of Defendant.

**III. Summary of Pleadings.**

1.  Defendant Hollenback has violated Plaintiff's civil rights in contravention of 42 U.S.C. § 1981 by depriving him access to the judicial system on account of his race and ethnicity.

2.  As of 8/26/05 Plaintiff has <u>not</u> received response from Defendant Hollenback.

3.  As of 8/26/05 Plaintiff has <u>not</u> received Answer (in

1

accordance with F.R.C.P. Rule 8) to Amended Complaint filed on 7/6/05.

4.  Defendant Hollenback denies that the racist statements attributed to him were ever made, although he has acknowledged telling Plaintiff (in open court) that he intended to obtain a child support order that would rattle his (Mr. Jones' teeth). Contrary to what is claimed in the Amended Complaint, this statement contained no reference to Mr. Jones' race or ethnicity, and it expressed nothing more than antipathy for the fact that Mr. Jones was (and is) a "deadbeat dad" who would go to heroic lengths to avoid supporting his child.

5.  Defendant Hollenback further denies that any statement made by him had the effect of dissuading Mr. Jones to drop the contempt action that he had pending in the Stanislaus County Superior Court.  Shortly before the contempt charges were due to be heard in that court, Mr. Jones filed a document under oath in which he withdrew the contempt charges "without prejudice." Chief among the reasons for this withdrawal was the need for a proper investigation of complaints that Mr. Jones had filed against various Stanislaus County judges.  These complaints had been lodged with the California Commission on Judicial Performance.  As Plaintiff sets forth in the sworn statement regarding his dismissal of the pending contempt charges, he simply did not want to go to trial in a forum that he considered overwhelmingly biased against him.

6.  Defendant Hollenback further contends that, as a matter of law, the acts charged against him do not give rise to liability under 42 U.S.C. § 1981(c), in that such acts do not

amount to "discrimination" on the part of this Defendant.

    7.   Defendant Hollenback further contends that even if Plaintiff were subjected to the acts and statements which appear in the Amended Complaint, Plaintiff did not suffer any cognizable damages.  Plaintiff has not alleged that he had a meritorious case with respect to the underlying contempts, or that he suffered any damages by reason of voluntarily dismissing those contempt allegations.

    8.   Defendant Hollenback further contends that Plaintiff should be sanctioned pursuant to Fed. R. Civ. P. 11 for having filed a false lawsuit against this Defendant.

IV.   Orders Re Amendments To Pleadings.

    1.   The Plaintiff does not anticipate filing any amendments to the pleadings at this time.

    2.   Defendant Hollenback has moved to dismiss the Amended Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  Defendant anticipates that this motion will be granted.  The court has previously afforded Plaintiff one (1) opportunity to amend his pleadings following the court's earlier granting of a dismissal motion.  Assuming that Defendant Hollenback's dismissal motion is again granted, the court should deny further leave to amend.

    3.   Defendant Hollenback has also moved to strike a number of paragraphs from the Amended Complaint pursuant to Fed. R. Civ. P. 12(f).  Assuming that this motion is granted, but the dismissal motion is denied, the court may well direct Plaintiff to file a further amended complaint to "clean up" his existing pleading.

3

1  V.    Factual Summary.
2      A.    Admitted Facts Which Are Deemed Proven Without Further
3  Proceedings.
4          1.    Plaintiff Melvin Jones, Jr., is a citizen of the
5  United States.
6          2.    Defendant John Hollenback, Jr., is an attorney
7  licensed to practice law in the State of California.
8          3.    Defendant Hollenback acted as an attorney for Kea
9  Chahay in a family law dispute in the Stanislaus County Superior
10 Court during late 2003 and into mid-2004.
11         4.    Defendant Hollenback is a private attorney
12 retained to provide legal services to Ms. Chahay in the
13 Stanislaus County Superior Court case and is not an officer or
14 employee of Stanislaus County Superior Court or any other
15 governmental agency.
16         5.    Plaintiff Melvin Jones, in the family law cases in
17 Stanislaus County Superior Court, disagreed with rulings of the
18 Court and appointment of certain professionals related to child
19 custody issues which led to two federal lawsuits: 1) this case;
20 and 2) a related case entitled *Jones v. Strangio*.
21         6.    Mr. Jones initiated a series of contempt
22 proceedings against Ms. Chahay, including proceedings to be heard
23 in the Superior Court of California, County of Stanislaus on May
24 10, 2004.
25     B.    Contested Facts.
26         1.    All remaining issues of fact are contested.
27 VI.   Legal Issues.
28     A.    Uncontested.

4

```
 1            1.    Jurisdiction in this case is disputed.
 2            2.    If jurisdiction exists, venue s proper under 28
 3  U.S.C. § 1391.
 4       B.   Contested.
 5            1.    All remaining legal issues are disputed.
 6  VII. Consent to Magistrate Judge Jurisdiction.
 7       1.   The parties have not consented to transfer the
 8  case to the Magistrate Judge for all purposes, including trial.
 9  VIII.    Corporate Identification Statement.
10       1.   Any nongovernmental corporate party to any action in
11  this court shall file a statement identifying all its parent
12  corporations and listing any entity that owns 10% or more of the
13  party's equity securities.  A party shall file the statement with
14  its initial pleading filed in this court and shall supplement the
15  statement within a reasonable time of any change in the
16  information.
17  IX.  Further Scheduling Conference.
18       1.   A further scheduling conference will be held in this
19  case on November 18, 2005, at 8:45 a.m. in Courtroom 2 before the
20  Honorable Oliver W. Wanger.
21
22  DATED:  September 9, 2005.
23                                  /s/ OLIVER W. WANGER
24                                  _____
                                         Oliver W. Wanger
25                                  UNITED STATES DISTRICT JUDGE
26  dlp jones v. hollenback sch con
27
28
```