1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN JONES, JR., ) | 1:05-CV-0148 OWW DLB |
| ) | |
| Plaintiff, ) | MEMORANDUM OPINION AND ORDER |
| ) | DENYING MOTION TO DISMISS, |
| v. ) | DENYING MOTION TO STRIKE, |
| ) | DENYING MOTION FOR MORE |
| MICHAEL A. TOZZI et al., ) | DEFINITE STATEMENT, AND |
| ) | DENYING MOTION FOR SANCTIONS. |
| Defendants. ) | |
| ) | |
| ——————————————— ) | |

## I.   INTRODUCTION

Before the court for decision are two motions filed by
Defendant John Hollenback: (1) a motion to dismiss the second
amended complaint for failure to state a claim and (2) a motion
for sanctions, which alleges that Plaintiff is fabricating
evidence.  This case, the fourth filed in this court by Plaintiff
Melvin Jones concerning a family law dispute previously heard in
state court, was transferred to the undersigned judge on March
16, 2005, as a related case.  *See* Doc. 15, filed March 21, 2005.

## II.   PROCEDURAL HISTORY

This case arises out of a child custody dispute between
Plaintiff and Kea Chhay, the mother of Plaintiff's minor child.
The case was first filed in Santa Clara Superior Court, but was

**1**

later transferred to Stanislaus County.  Additional background
concerning the state proceedings is set forth in various
memorandum opinions in this case and related cases.[1]

Plaintiff filed his initial complaint on February 3, 2005.
Doc. 1.  Then, prior to the filing of any responsive pleading by
Defendant, Plaintiff filed a first amended complaint on March 3,
2005.  Doc. 7.  The first amended complaint named as defendants:
Michael A. Tozzi, the Executive Officer of Stanislaus County
Superior Court; Superior Court Judge Marie Sovey-Silveria; and
attorneys Leslie Jensen and John Holenback.

Defendants Tozzi and Silveria moved to dismiss this
complaint on March 9, 2005.[2]  Doc. 8.  Plaintiff opposed this
motion, Doc. 13, filed Mar. 14, 2005, and moved for default
judgment against defendants Jensen and Hollenback.  Doc. 14,
filed Mar. 14, 2005.  Plaintiff then (improperly) filed an
additional "counter motion" in opposition to Defendants Tozzi and
Silveria's motion to dismiss, along with a motion to amend the
complaint a second time.  Doc. 16, filed Mar. 24, 2005.  This
motion to amend is still pending.  Four days later, on March 28,
2005, Plaintiff lodged yet another "second amended complaint" to
"supercede" the second amended complaint that was attached to his
motion for leave to amend.  Doc. 19, filed Mar. 28, 2005.

---

[1]    *See Jones v. California*, 1:04-CV-065676; Jones v.
Strangio, 1:04-CV-06567; and *Jones v. Strangio*, 1:05-CV-00410.

[2]    On April 20, 2005, Defendants Jensen and Hollenback
filed a motion to join the motion to dismiss filed by Defendants
Tozzi and Sovey-Silveria.  Docs. 25, 26 & 27.  Their motion was
not set for hearing, however, because it was improperly noticed.
See Doc. 30, filed April 20, 2005.

On March 18, 2005, the district court issued an order
dismissing Plaintiffs related case, *Jones v. Strangio*. *See* Doc.
72, 1:04-cv-06567.  In light of that dismissal, the district
court ordered Plaintiff to show cause why this case should not be
dismissed as well.  Doc. 18, filed Mar. 29, 2005.  Plaintiff
responded to the order to show cause on April 20, 2005.  Doc. 29.
At the same time, Plaintiff filed yet another proposed amended
complaint intended to supercede the complaint lodged on March 24,
2005.  *See* Proposed Second Amended Complaint lodged Apr. 20,
2005.  This complaint contained numerous new allegations that
Defendants made racially derogatory remarks to plaintiff as part
of a conspiracy to violate his constitutional rights in
contravention of 42 U.S.C. §§ 1981, 1985, and 1986.

A memorandum opinion and order dated May 11, 2005 dismissed
Defendants Tozzi and Silveria, denied Plaintiff's motion for
default judgment against Defendants Jensen and Hollenback, and
denied Plaintiff's motion for leave to amend the complaint a
second time.  Doc. 47.

On June 22, 2005, the district court granted Defendants
Jensen and Hollenback's motion to dismiss, but afforded Plaintiff
one final opportunity to amend the complaint.  Doc. 61.  A
separate memorandum opinion, dated June 29, 2005, denied
Plaintiffs' April 9, 2005 motion for sanctions.  Doc. 65.

On July 6, 2005, Plaintiff voluntarily dismissed Defendant
Jensen from the case.  Doc. 66.  Plaintiff then filed a second
amended complaint alleging that Defendant Hollenback directed
racially derogatory remarks at Plaintiff with the goal of

**3**

deterring Plaintiff's participation in proceedings related to Plaintiff's family law case.  *See* Doc. 67, filed July 6, 2005.

Defendant Hollenback now moves to dismiss the second amended complaint on a variety of grounds.  Doc. 78, filed Sept. 8, 2005. Defendant Hollenback also moves for sanctions, alleging that Plaintiff made false statements in his amended complaint.  Doc. 91, filed Sept. 27, 2005.

### III.  SUMMARY OF THE COMPLAINT

The second amended complaint alleges that Defendant Hollenback became involved with Plaintiff's family law dispute in December 2003 as counsel for Ms. Chhay.  Doc. 67 at ¶44. Plaintiff filed contempt charges against Ms. Chhay in early 2004. *Id*. at ¶ 45.  Plaintiff alleges that on April 22, 2004, Defendant Hollenback told Plaintiff that he "called the Stanislaus County Housing Authority and told them what a lazy low-life black piece of shit you are... you get nigger justice."  *Id*. at ¶ 47. Plaintiff also alleges that Defendant Hollenback stated that "he would knock the teeth out of his black greasy face...and rattle them out of his jive-monkey ass if he showed up for the contempt hearings."  *Id*. at ¶48.  Plaintiff asserts that "as a direct and proximate cause of the defendant's threats, [he] withdrew [the] contempt charges...."  *Id*. at ¶ 51.  The complaint further alleges that the statute of limitations on the contempt charges expired in July 2004.  *Id*. at ¶ 54.  As a result, "Mr. Jones' access to the judicial system was deprived."

The complaint alleges that Defendants alleged conduct deprived Plaintiff of his civil rights in violation of 42 U.S.C.

**4**

§ 1981 in seven different ways.  Specifically, the complaint alleges that Defendant:

      (1)    deprived Plaintiff of his "federal <u>right to sue</u> on account of his race and ethnicity";

      (2)    deprived Plaintiff of his federal <u>right to enforce contracts</u> on account of his race and ethnicity";

      (3)    deprived Plaintiff of his "federal <u>right to be a party to proceedings</u> on account of his race and ethnicity";

      (4)    deprived Plaintiff of his "federal <u>right to give evidence</u> at proceedings on account of his race and ethnicity";

      (5)    deprived Plaintiff of his "federal <u>right to full benefit</u> of proceedings on account of his race and ethnicity";

      (6)    deprived Plaintiff of his "federal <u>right to equal benefit of all proceedings</u> on account of his race and ethnicity"; and

      (7)    deprived Plaintiff of his "federal <u>right to equal benefit of all laws</u> on account of his race and ethnicity."

*Id.* at ¶64-77.

## IV.  <u>STANDARD OF REVIEW FOR A MOTION TO DISMISS</u>

In deciding whether to grant a motion to dismiss, a court must "take all of the allegations of material fact stated in the complaint as true and construe them in the light most favorable

to the nonmoving party." *Rodriguez v. Panayiotou*, 314 F.3d 979, 983 (9th Cir. 2002). In general, "a *pro se* complaint will be liberally construed and will be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). However, "a liberal interpretation of a [pro se] complaint may not supply essential elements of the claim that were not initially pled." *Id*.

## V. <u>LEGAL ANALYSIS</u>

### A. Defendants arguments concerning the Plaintiff's "Notice of Withdrawal [of] Contempt Without Prejudice."

Defendant first argues that Plaintiff should be estopped from alleging that he withdrew the contempt charges because of Hollenback's threats. In support of this argument, Defendant points to a document filed by Mr. Jones in his family law case entitled "Notice of Withdrawal of Contempt Hearing Without Prejudice."[3] The Notice states:

> I Melvin Jones hereby declare that I am the Plaintiff and moving party and Kea Chhay is the Defendant. I hereby request that the amended contempt charges #23-25 be withdrawn without prejudice for the following reasons:
>
> 1.) Due to the matter(s) set-forth in my letter to the Honorable Judge Wray Ladine dated 4-23-04, sent

---

[3] Defendant requests that the court take judicial notice of this document. It is appropriate for the district court to take judicial notice of this pleading filed in state court, for its existence, but not for the truth of its contents, pursuant to Federal Rule of Civil Procedure 201.

Despite repeatedly referencing this document and making it the subject of a request for judicial notice, however, Defendant has failed to attach a copy of the Notice to any court filing in this case. Mr. Jones appears to have attached a copy of the Notice to his Opposition, however. Doc. 87, Attachment E.

1

regular mail on 4-23-04 and sent via Express mail #ER 899883487 US.

2.) To allow appropriate time for formal investigation by the Commission on Judicial Performance regarding matters set forth in said letter and my detailed formal complaint.

3.) My overwhelming concern for the safety of myself, and my perspective witness' [sic] appearing on my behalf.

4.) Due to my concern that further violation(s) of my Civil and Constitutional Rights will occur.

I declare under the penalty of perjury and under the Laws of the State of California that the foregoing is true and correct.

Dated this 7th Day of May, 2004

/s/ Melvin Jones
Melvin Jones, Jr.
Plaintiff

Defendants argue that this Notice "fatally contradicts" Plaintiff's assertion that he withdrew his contempt claim because of the Mr. Hollenback's alleged derogatory statements.  But Defendants misunderstand the nature of a motion to dismiss.  At this stage, the district court must accept the allegations of the complaint as true.  Unless converted into a summary judgment motion, after notice, the court does not weigh or determine credibility of evidence.  Accepted as true, the Notice is not inconsistent with the allegation in the second amended complaint that Plaintiff withdrew the contempt charges because of Hollenback's threats.  Specifically, the Notice acknowledges that among the reasons for Plaintiff's withdrawal of the contempt claims are his "overwhelming concern for the safety of [himself], and [his] perspective witness..." and his "concern that further violation(s) of [his] Civil and Constitutional Rights will

**7**

occur." This general statement of reasons is arguably a reference to the alleged comments/threats made by Mr. Hollenback. Although the Notice presented by Defendants is relevant to the weight a finder of fact might afforded Plaintiff's allegations, it does not on its own require dismissal.[4]

## B.   42 U.S.C. § 1981

Plaintiff's second amended complaint relies exclusively upon 42 U.S.C. § 1981 to establish subject matter jurisdiction. Section 1981 provides:

> (a) Statement of equal rights.
>
> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
>
> (b) "Make and enforce contracts" defined
>
> For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.
>
> (c) Protection against impairment
>
> The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

42 U.S.C. § 1981.  This provision prohibits private individuals

---

[4]    This conclusion is not an endorsement of the veracity or plausibility of Plaintiff's claims.  As the district court has stated in the past, this Plaintiff has exhibited a tendency to change or supplement his factual submissions over time with previously unasserted matters in an apparent effort to evade dismissal.

as well as state actors from discriminating against an individual on the basis of his or her race with respect to that individual's right "to sue, be parties, give evidence, and to the full and equal benefit of all laws..."  *See General Bldg. Contractors Ass'n, Inc. v. Pennsylvania,* 458 U.S. 375, 391 (1982).

"Section 1981 cannot be construed as a general proscription of racial discrimination... for it expressly prohibits discrimination only in the ***making and enforcement of contracts***." *Patterson v. McLean Credit Union*, 491 U.S. 164, 176 (1989)(emphasis added); *see also Georgia v. Rachel*, 384 U.S. 780, 791 (1966) ("The legislative history of the 1866 Act clearly indicates that Congress intended to protect a limited category of rights"):

> In this respect, [Section 1981] prohibits discrimination that infects the legal process in ways that prevent one from enforcing contract rights, by reason of his or her race, and this is so whether this discrimination is attributed to a statute or simply to existing practices. It also covers wholly private efforts to impede access to the courts or obstruct nonjudicial methods of adjudicating disputes about the force of binding obligations, as well as discrimination by private entities, such as labor unions, in enforcing the terms of a contract.

*Patterson,* 491 U.S. at 177 (1989).

Here, Plaintiff suggests that bringing a contempt proceeding in state court against Ms. Chhey was an effort to enforce the family law visitation agreement he and Ms. Chhey signed.  Neither party offers legal authority supporting or refuting the proposition that such a contract is covered by section 1981. Legal authority applicable to this issue suggests that a wide range of contracts are covered by the provision.  *See Runyon v. McCrary*, 427 U.S. 160 (1976) (section 1981 reached discrimination

**9**

in private education where private schools denied admission to minority children thereby interfering with parents' right to contract for educational services).

In order to establish a claim under § 1981, it must be shown that "(1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., the right to make and enforce contracts, sue and be sued, give evidence, etc.)." *Mian v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993); *see Green v. State Bar of Tex.*, 27 F.3d 1083, 1086 (5th Cir. 1994).

Proof of these elements of a prima facie case of discrimination in violation of 42 U.S.C. § 1981 is not required at the pleading stage. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 510-511 (2002)(there is no general requirement that the plaintiff plead facts establishing a prima facie case of discrimination). Nevertheless, the complaint does set forth factual allegations which address each of the prima facie elements.  It is not disputed that Plaintiff is African American, satisfying the first element.  Plaintiff alleges that on April 22, 2004, Defendant Hollenback told Plaintiff that he "called the Stanislaus County Housing Authority and told them what a lazy low-life black piece of shit you are... you get nigger justice." *Id*. at ¶47. Plaintiff also alleges that Defendant Hollenback stated that "he would knock the teeth out of his black greasy face...and rattle them out of his jive-monkey ass if he showed up for the contempt hearings." *Id*. at ¶48.  Plaintiff asserts that "as a direct and

**10**

proximate cause of the defendant's threats, [he] withdrew [the] contempt charges...." *Id*. at ¶ 51.  These alleged facts, which the court must assume to be true for the purposes of this motion, suggest that Defendant intended to interfere with Plaintiff's access to the court system to give evidence and the racially derogatory nature of the remarks are evidence of discriminatory intent.

Rather than addressing the allegations in the complaint head-on, Defendant "categorically denies" making any such statements to Plaintiff, but appears to admit that he called Plaintiff a low life.  Doc. 78 at 7.  Defendant then proceeds to frame his entire legal argument[5] around his own version of the statement, rather than the statement as alleged in the complaint. This is not helpful.  On a motion to dismiss, a district court is not at liberty to disregard the allegations in the complaint on the basis of conflicting evidence -- no matter how credible the conflicting evidence may be.  Such disputes are more appropriately resolved on summary judgment or at trial.

Defendant also argues that the complaint does not allege "discrimination" as that term is commonly defined, citing various cases concerned with disparate treatment.  *Id*. at 9.  Defendant exhibits an almost total misunderstanding of federal civil rights law.  It is well established law that explicit racial slurs

---

[5]    Specifically, Defendant argues that slander is not a constitutional tort which would normally form the basis for a civil rights violation.  However, the complaint alleges more than slander.  Plaintiff suggests that Defendant threatened him, using language suggesting a race-based motive behind those threats, in a manner that interfered with Plaintiff's access to the judicial system.

1
2
3
4
5
6

directly connected with an allegedly discriminatory act are evidence of discrimination. *E.E.O.C. v. Pape Lift, Inc.,* 115 F.3d 676, 679, 684 (9th Cir. 1997)(evidence of age discrimination existed where employer "just kept saying, 'I don't think Bill fits the mold of the young, aggressive manager.'"). Plaintiff's complaint is sufficient to state a claim under section 1981.

7
8

> **C.   Motion to Strike Certain Paragraphs from the Complaint as Surplussage.**

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendants move to strike the following paragraphs from Plaintiff's amended complaint as being irrelevant and unrelated to any substantive claims : ¶¶ 4, 8-10, 12-22, 23, 27-43, 47, 49, 52.  Many of these paragraphs contain somewhat relevant background information, while others allege facts that are clearly relevant to the claims alleged in the complaint.   For example, paragraph 47 contains the allegation that "On 4/22/2004 defendant Hollenback made statements to Mr. Jones that, "he called the Stanislaus County housing Authority and told them what a lazy low-life black piece of shit you are... you get nigger justice."  It is not clear whether the Defendant's paragraph references may refer to a different version of the complaint, or whether there is some other explanation for Defendant's request that the court strike substantive allegations from the complaint. Absent such clarification, the motion to strike must be **DENIED.**
//
//
//
//

**12**

**D.   Motion for Sanctions**

Defendant moves for sanctions on the ground that Plaintiff has made false statements in his complaint.  Along with the motion for sanctions, Defendant presents his own affidavit stating that he "did not make either of the statements claimed by Mr. Jones."  Doc. 91, Decl. of John H. Hollenback.  Defendant also asserts that he "does not use in his private or public speech any language that is in any manner derogatory toward African Americans or members of any other minority ethnic group [with the] possible exception [of his] tendency to speak disparagingly of 'rich white folk' and their various foibles."  *Id.*

There is, clearly, a factual dispute between the parties as to what, if any, comments were exchanged between them.  This is not a matter to be resolved in a motion for sanctions.  The motion for sanctions is **DENIED**.

## VI.   CONCLUSION

For the reasons set forth above Defendant Hollenback's:

(1)   Motion to dismiss is **DENIED**;

(2)   Motion to strike is **DENIED**; and

(3)   Request for sanction is **DENIED.**


**SO ORDERED.**


Dated: October 20, 2005          /s/ OLIVER W. WANGER

                                 _____

                                      **Oliver W. Wanger**
                                 **UNITED STATES DISTRICT JUDGE**


13