# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MELVIN JONES, JR. | ) | CV F 05 0148 OWW DLB |
| | ) | |
| | ) | ORDER DENYING PLAINTIFF'S MOTION |
| Plaintiffs, | ) | FOR PROTECTIVE ORDER RE METHOD |
| | ) | AND PLACE OF HIS DEPOSITION |
| v. | ) | |
| | ) | (Document #167 ) |
| JOHN HOLLENBACK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **BACKGROUND**

Plaintiff Melvin Jones ("Plaintiff") filed the instant complaint as a *pro se* litigant on February, 03, 2005 against defendants Michael A. Tozzi, Marie Sovey-Silveria, Leslie Jensen, and John J. HOLLENBACK, Jr., alleging conspiracy to interfere with his civil rights and neglect to prevent interference with his civil rights. Michael Tozzi is an Executive Officer of Stanislaus County Superior Court. Marie Sovey-Silveria is a Family Law Judge at Stanislaus County Superior Court. John J. Hollenback Jr. ("Defendant") served as opposing counsel in Plaintiff's underlying family law matter. On May 11, 2005, the District Court dismissed defendants Tozzi and Silveria. On July 6, 2005, plaintiff voluntarily dismissed defendant Leslie Jensen, leaving John J. Hollenback as the only remaining defendant.

      On January 12, 2006, defendant served a notice of deposition, scheduling plaintiff's deposition for February 2, 2006 at defendant's office in Modesto, California. On January 24, 2006, plaintiff filed a motion for protective order requesting that the deposition be rescheduled

1

and that: (1) the deposition take place at the Federal District Courthouse; (2) plaintiff be allowed equal time to pose questions to himself on the record; (3) a federal agent/officer be present; and (4) that defendant John Hollenback be seated at least 15 feet away from plaintiff.  Plaintiff also made an ex parte request to have the hearing on the motion heard on February 3, 2006.  Defendant filed a response on February 1, 2006.  A hearing was held on February 3, 2006 before the undersigned.  Plaintiff Melvin Jones, Jr. appeared in pro se and attorney Daniel Lawrence Wainwright appeared on behalf of defendant John Hollenback.

## **DISCUSSION**

**A.    Legal Standards**

Each party in a civil action has the right to obtain discovery regarding, "any matter, not privileged, that is relevant to a claim or defense of any party." Fed. R. Civ. Proc. 26(b)(1).

Federal Rule of Civil Procedure 30(a) provides that, with limited exceptions, a party may take the testimony of any person, including a party, by deposition upon oral examination without leave of court. Fed.R.Civ.P. 30(a). The deposition of a party may be noticed wherever the deposing party designates, subject to the court's power to grant a protective order; if the parties cannot resolve disputes regarding location, a protective order may be obtained. Fed.R.Civ.P. 26(c).

Upon motion by a person responding to a discovery request, and for good cause shown, the court may "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, undue burden or expense." Fed. R. Civ. P. 26(c). To obtain a protective order, the party resisting discovery or seeking limitations thereon must show "good cause" for its issuance. *Id*. The moving party must make a clear showing of a particular and specific need for the order. *Blankenship v. Hearst Corp.* 519 F.2d 418, 429 (9th Cir. 1975); *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F. 3d. 1122, 1130 (9th Cir. 2003)["broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26 (c) test."]  Even if "good cause" for a protective order is shown, the court must still balance the interests in allowing the discovery against the relative burdens to the parties and non-parties.

**B.      Plaintiff's Motion for Protective Order.**

In support of his motion for a protective order, plaintiff states that defendant has called him a "low-life," "lazy," "meandering," "shirking of family responsibility" and a "Nigger." Plaintiff also states, as he does in his complaint, that on April 22, 2004, defendant threatened that he would "knock the teeth out of his (plaintiff's) black greasy face and rattle them out of his jive monkey ass" if plaintiff showed up at a court hearing. Plaintiff states that the threat of having to attend a deposition at defendant's office has caused him emotional distress and mental anguish.

Plaintiff has failed to demonstrate good cause for the relief requested. His self-serving statements and allegations do not demonstrate a particular and specific need for the limitations he seeks. The conduct at depositions is generally governed by Federal Rule of Civil Procedure 30 which limits the deposition to one day of seven hours (Fed.R.Civ.P. 30(d)(2)) and allows the deponent to move to terminate the deposition upon a showing that the examination is being conducted in bad faith or in such a manner as unreasonably to annoy, embarrass or oppress the deponent. Fed.R.Civ.P. 30(d)(4). Plaintiff has presented no evidence nor does the Court have any reason to believe that defendant or defendant's counsel will conduct the deposition in a unprofessional manner, consistent with the Federal Rules. Plaintiff's motion for a protective order is therefore DENIED.

However, in their response to the motion for protective order and at the hearing, defendant's counsel stated that based on the recent filing of an amended complaint, defendant had no opposition to rescheduling plaintiff's deposition to a mutually agreeable date. Counsel also stated that defendant had no objection to conducting the deposition at the Federal District Courthouse. Accordingly, based on the parties' stipulation, plaintiff's deposition shall be conducted on a mutually agreeable date at the Federal District Courthouse in Fresno, California. The parties may contact Mamie Hernandez, Courtroom Deputy at (559) 499-5670 to schedule the deposition.

IT IS SO ORDERED.

Dated:     February 8, 2006                      /s/ Dennis L. Beck
3b142a                                           UNITED STATES MAGISTRATE JUDGE