# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MELVIN JONES, JR. | ) | CV F 05 0148 OWW DLB |
| | ) | |
| | ) | ORDER RE PLAINTIFFS' |
| Plaintiffs, | ) | MOTION FOR PROTECTIVE ORDER AND |
| | ) | DEFENDANT'S MOTION TO PRECLUDE |
| v. | ) | WRITTEN DEPOSITION OF ROSALIND |
| | ) | JONES AND TO COMPEL ORAL |
| | ) | DEPOSITION |
| JOHN HOLLENBACK, et al., | ) | |
| | ) | (Documents 149, 152 ) |
| | ) | |
| Defendants. | ) | |

**BACKGROUND**

Plaintiff Melvin Jones ("Plaintiff") filed the instant complaint as a *pro se* litigant on February, 03, 2005 against Defendants Michael A. Tozzi, Marie Sovey-Silveria, Leslie Jensen, and John J. Hollenback, Jr., alleging conspiracy to interfere with his civil rights and neglect to prevent interference with his civil rights. Michael Tozzi is an Executive Officer of Stanislaus County Superior Court. Marie Sovey-Silveria is a Family Law Judge at Stanislaus County Superior Court. John J. Hollenback Jr. ("Defendant") served as opposing counsel in Plaintiff's underlying family law matter. On May 11, 2005, the District Court dismissed defendants Tozzi and Silveria. On July 6, 2005, plaintiff voluntarily dismissed defendant Leslie Jensen, leaving John J. Hollenback as the only remaining defendant.

On November 21, 2005, plaintiff filed the Affidavit of his mother, Rosalind Jones, in support of his motion for summary judgment. Ms. Jones' affidavit states that she was present on April 22, 2004 when the alleged incident between plaintiff and defendant took place. Ms. Jones states, "On April 22, 2004 after the child support trial I perceived an event; I perceived the event to be frightful, and shocking. The event I perceived involved Attorney John Hollenback making verbal statements to my son . . ." Affidavit of Rosalind Jones in support of Plaintiff's Motion for Summary Judgment, 3:12-16. On December 29, 2005, plaintiff served a notice of deposition upon written questions of Rosalind Jones. On December 30, 2005, defendant served an objection to the notice of deposition. On January 5, 2006, plaintiff filed a motion for protective order seeking an order that due to her health condition, Ms. Jones not be subject to deposition by oral testimony but would instead be deposed by written questions. Plaintiff set the hearing on the motion for January 30, 2006. On January 6, 2006, defendant filed a motion to preclude the written deposition of Rosalind Jones and to compel her oral deposition. Defendant also filed an ex parte application for an order shortening time to have briefed and heard both plaintiff's motion for protective order and defendant's motions relating to the deposition of Rosalind Jones. On January 12, 2006, plaintiff filed an opposition to defendant's motion.

At a hearing on January 13, 2006 an unrelated motion (defendants' motion for protective order and to quash subpoena to Leslie Jensen), the Court discussed the respective motions regarding Rosalind Jones and set both motions for hearing on February 3, 2006. In addition, the Court recommended that the parties make contact with Ms. Jones' doctor and explain the deposition procedures to the doctor in order to obtain a specific opinion from the doctor as to Ms. Jones' ability to sit for either an oral deposition or a deposition by written questions. The Court invited both parties to file further support of their positions prior to the hearing. On January 27, 2006, plaintiff filed a request for judicial notice of a letter from Ms. Jones' doctor, Dr. Cranford Scott. On February 1, 2006, defendant filed an objection to plaintiff's request for judicial notice and further briefing regarding the deposition of Rosalind Jones. A hearing was held on February 3, 2006 before the undersigned. Plaintiff Melvin Jones, Jr. appeared in pro se and attorney Daniel Lawrence Wainwright appeared on behalf of defendant John Hollenback.

**DISCUSSION**

**A.     Legal Standards**

*1.     Discovery by Deposition*

Each party in a civil action has the right to obtain discovery regarding, "any matter, not privileged, that is relevant to a claim or defense of any party." Fed. R. Civ. Proc. 26(b)(1).

Federal Rule of Civil Procedure 30(a) provides that, with limited exceptions, a party may take the testimony of any person, including a party, by deposition upon oral examination without leave of court and the attendance of witnesses may be compelled by subpoena as provided in Rule 45. Fed.R.Civ.P. 30(a). Rule 45 authorizes issuance of a subpoena commanding the person to whom it is directed to attend and give testimony or to produce and permit inspection of designated records. Fed. R. Civ. P. 45(a)(1)(c). Rule 45 subpoenas permit discovery from non-parties equivalent to discovery from parties under Rule 34.

Depositions may be taken on written questions instead of by oral examination. Fed. R. Civ. P. 31. Rule 31 provides:

> **Rule 31. Depositions Upon Written Questions**
> **(a) Serving Questions; Notice.**
> **(1)** A party may take the testimony of any person, including a party, by deposition upon written questions without leave of court except as provided in paragraph (2). The attendance of witnesses may be compelled by the use of subpoena as provided in Rule 45.
>
> **(2)** A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), if the person to be examined is confined in prison or if, without the written stipulation of the parties.
>
> **(A)** a proposed deposition would result in more than ten depositions being taken under this rule or Rule 30 by the plaintiffs, or by the defendants, or by third-party defendants;
>
> **(B)** the person to be examined has already been deposed in the case; or
>
> **(C)** a party seeks to take a deposition before the time specified in Rule 26(d).
>
> **(3)** A party desiring to take a deposition upon written questions shall serve them upon every other party with a notice stating (1) the name and address of the person who is to answer them, if known,

3

and if the name is not known, a general description sufficient to identify the person or the particular class or group to which the person belongs, and (2) the name or descriptive title and address of the officer before whom the deposition is to be taken. A deposition upon written questions may be taken of a public or private corporation or a partnership or association or governmental agency in accordance with the provisions of Rule 30(b)(6).

**(4)** Within 14 days after the notice and written questions are served, a party may serve cross questions upon all other parties. Within 7 days after being served with cross questions, a party may serve redirect questions upon all other parties. Within 7 days after being served with redirect questions, a party may serve recross questions upon all other parties. The court may for cause shown enlarge or shorten the time.

**(b) Officer to Take Responses and Prepare Record.** A copy of the notice and copies of all questions served shall be delivered by the party taking the deposition to the officer designated in the notice, who shall proceed promptly, in the manner provided by Rule 30(c), (e), and (f), to take the testimony of the witness in response to the questions and to prepare, certify, and file or mail the deposition, attaching thereto the copy of the notice and the questions received by the officer.

**(c) Notice of Filing.** When the deposition is filed the party taking it shall promptly give notice thereof to all other parties.

Whether or not the deposition of a witness shall be taken orally or by written interrogatories is within the discretion of the court. *Wheeler v. West India S.S. Company*, 11 F.R.D. 396, 397 (S.D.N.Y. 1951). While deposition by written questions offer some advantages, they are used far less frequently than oral depositions due to the limitations inherent in posing questions in written form. There are limited situations where depositions by written questions are appropriate such as where the issues to be addressed by the witnesses are narrow and straightforward and the hardships of taking an oral deposition would be substantial. *See Mill-Run Tours, Inc. v. Khashoggi, et. al.,* 124 F.R.D. 547, 549 (S.D.N.Y. 1989).

///

### 2.     *Protective Orders*

Upon motion by a person responding to a discovery request, and for good cause shown, the court may "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, undue burden or expense." Fed. R. Civ. P. 26(c). Protective orders provide a safeguard for parties and other persons in light of the otherwise broad reach of discovery. *Id.* To obtain a protective order, the party resisting discovery or seeking limitations thereon must show "good cause" for its issuance. *Id*. The moving party must make a clear showing of a particular and specific need for the order. *Blankenship v. Hearst Corp.* 519 F.2d 418, 429 (9th Cir. 1975); *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F. 3d. 1122, 1130 (9th Cir. 2003)["broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26 (c) test."] Even if "good cause" for a protective order is shown, the court must still balance the interests in allowing the discovery against the relative burdens to the parties and non-parties.

**B.     Plaintiff's Motion for Protective Order and Defendant's Motion to Preclude Deposition by Written Questions.**

### 1.     *Plaintiff Fails to Demonstrate Good Cause.*

Plaintiff has failed to demonstrate good cause for an order precluding the oral deposition of Rosalind Jones, a material witness in this case. In support of his motion for protective order, plaintiff has requested that the Court take judicial notice of a letter from Ms. Jones' doctor. Defendants object to the Courts' consideration of the letter and argue that the letter is untimely. Defendants' objection as to timeliness is overruled. At the January 13, 2006 hearing, the Court made a recommendation to the parties that they attempt to obtain more information from Ms. Jones' doctor regarding her ability to sit for an oral or written deposition in order to assist the Court in ruling on the pending motions. The procedure and time line suggested by the Court was

merely a recommendation to assist the parties and the Court.  Moreover, defendant was not prejudiced by plaintiff's January 27, 2006 filing in that he had ample reply time as evidenced by his February 1, 2006 objection.

Notwithstanding the Court's consideration of Dr. Scott's unverified letter, plaintiff is advised that the Court may only take judicial notice of facts which are not "subject to reasonable dispute" and either "generally known" in the community, or "capable of accurate and ready determination" by reference to sources whose accuracy cannot be reasonably questioned.  Fed. R. Evid. 201.  Therefore, the Court may not take "judicial notice" of Dr. Scott's letter.  However, the Court will consider the letter in that defendants' only objection is to the timeliness of the filing.  Moreover, the Court requested the information.

Plaintiff seeks a protective order on behalf of Ms. Jones precluding defendants from taking her oral deposition or subpoenaing her for trial based on her inability to "suffer the undue hardship, undue burden, undue stress, and undue anxiety related to being contacted in person [in any manner] by the defendants or defendants' counsel."  In his letter in support of plaintiff's motion, Dr. Scott describes Ms. Jones' various medical disorders and states that considering her age, gender and multiple risk factors Ms. Jones has a greater than 20% risk of experiencing a CAHD event during the next five to ten years.  Dr. Scott then opines:

> Thusly, Ms. Jones should not be subject to oral testimony (interrogation) of any sort that she perceives as stressful, for such endeavors beget the risk of a morbid and/or fatal atherosclerotic consequence that could be triggered by such activities.
>
> In addition, her poorly controlled Type 2 Diabetes Mellitus causes many symptoms and signs that include thirst and urinary frequency that surely would impede her participation in prolonged or engaging encounters.
>
> Therefore, to hopefully reduce to a minimal the chance of Ms. Jones experiencing any of the aforementioned CAHD complications, it is my recommendation

that she be given written inquiries (interrogatories) which provides platform for her to respond at her own non-stressful pace.

Based on Dr. Scoot's recommendation that Ms. Jones should not be subject to oral testimony of any sort that "she perceives as stressful," it does not appear that the procedure for written deposition provided in Rule 31 would prove any less stressful than a deposition on oral examination. Ms. Jones would still have to sit for a period of time and answer questions regarding an event which she seems to perceive as stressful. Balanced against the importance of her testimony on a material issue of fact, the Court does not find good cause to preclude her oral deposition. Defendant has offered and will be required to travel to Quartz Hill, California to take the deposition and to schedule the deposition on a Friday or Monday so that plaintiff would have a weekend to travel. Unless otherwise ordered or stipulated by the parties, "a deposition is limited to one day of seven hours" (Fed.R.Civ.P. 30(d)(2)) and Ms. Jones would be able to take breaks as frequently as necessary. It also appears that defendants intend to videotape the deposition which tends to improve the overall conduct at depositions. Defendant also offers to make "any other reasonable accommodation to facilitate the proper deposition of Ms. Jones." Under these circumstances, a written deposition under Rule 31 adds very little to avoid the "perceived stress" to Ms. Jones.

     Furthermore, Dr. Scott does not specifically state that Ms. Jones' medical condition precludes her from sitting for an oral deposition, he simply states that Ms. Jones should avoid any situation which she perceives as stressful and he recommends that she be given written interrogatories. This general cautionary opinion does not establish good cause to preclude defendant from deposing Ms. Jones. It is plaintiff's burden to provide a clear showing of a particular and specific need for the protective order. That Ms. Jones should avoid events that she perceives as stressful is not sufficient to meet his burden.

### 2. *Ms. Jones is not a Suitable Witness for Deposition by Written Questions*

In ruling on a motion for protective order, the Court must also consider the need for the discovery. In support of his motion for summary judgment, plaintiff filed Ms. Jones' affidavit, which states that Ms. Jones was present on April 22, 2004 when the alleged incident between plaintiff and defendant took place. While Ms. Jones' affidavit is somewhat vague, defendant is entitled to depose this witness who appears to have first hand knowledge of the incident which is at the center of this case and who appears to be prepared to offer testimony which directly conflicts with defendant's version of the facts. Deposition by written questions is not suitable for a situation, where as here, the witness is hostile and whose testimony is likely to be controversial. The written question format provided by Rule 31 does not permit the follow up questions necessary when dealing with an adverse witness nor does it allow the attorney to observe the demeanor of the witness to assess her credibility and presentation. Indeed, depositions upon written questions are likely only appropriate when dealing with neutral or "friendly" witnesses, clearly not the situation before the court.

The Court does not discount Ms. Jones serious medical conditions and is mindful that Ms. Jones' involvement in this case may possibly not be in her best interests. However, she appears to have first hand percipient knowledge regarding the incident which is the subject of this case and therefore is a material witness. While the issue is not presently before the Court because Ms. Jones has not yet been subpoenaed, plaintiff is advised that Ms. Jones' failure to comply with a subpoena without adequate excuse is a contempt of court (Fed.R. Civ. Proc. 45(e)) and the Court has the discretion to exclude the testimony of this material witness at trial if defendant is not provided the opportunity for a meaningful deposition. However, should plaintiff decide that he will not use Ms. Jones as a witness in this case, the Court would be inclined to

revisit the motion for protective order and would expect defendant to seriously reconsider any efforts to depose her.

**D.    Conclusion**

The witness at issue in the parties' motions appears to have first hand percipient knowledge of the subject incident and is therefore material.  Defendant seeks to depose this material witness by oral testimony.  Plaintiff has failed to demonstrate good cause to preclude Ms. Jones' oral deposition and require defendant to take her deposition by written questions. Therefore, plaintiff's motion for protective order is DENIED and defendant's motion to preclude the written deposition of Rosalind Jones and compel oral deposition is GRANTED.  This order is without prejudice to plaintiff's refiling his motion for protective order upon a decision that he will not to use Ms. Jones as a witness in this case.

IT IS SO ORDERED.

Dated:   February 8, 2006                        /s/ Dennis L. Beck
3b142a                                          UNITED STATES MAGISTRATE JUDGE