UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN JONES, JR., | 1:05-CV-0148 OWW DLB |
| Plaintiff, | MEMORANDUM DECISION AND ORDER RE DEFENDANT'S MOTION TO STRIKE (DOC. 223) AND PLAINTIFF'S REQUEST FOR A SCHEDULING CONFERENCE AND/OR TRIAL DATE (DOCS 222 & 226) |
| v. | |
| MICHAEL A. TOZZI et al., | |
| Defendants. | |

On May 1, 2006, the district court heard oral argument on a variety of pending motions in this case, including Defendants' motions to strike and to dismiss.  The court indicated intent to grant Plaintiff leave to amend with respect to his allegations against Defendant Hollenback, but informed the parties that a written order would be forthcoming.  Before the issuance of any written order, Plaintiff filed a fourth amended complaint.  (Doc. 221, filed May 4, 2006.)  Defendant moved to strike the fourth amended complaint on the ground that leave to amend had not yet

been granted.  (Doc. 223, filed May 12, 2006).  Plaintiff opposes the motion to strike and has moved separately to set a scheduling conference regarding the claims against defendant Hollenback. (Docs. 222, 224, 225 & 226.)  It is not necessary to hold oral argument on any of these motions.

Plaintiff has been previously warned that his practice of filing amended complaints without leave to amend unnecessarily confuses the docket and prevents the parties from receiving the court's analysis and decision on the pending motions addressing the operative complaint.  Plaintiff must wait for a written decision and order on motions submitted for decision that actually grants him leave before filing any amended complaint. To protect the integrity of the judicial process, Plaintiff's unauthorized fourth amended complaint must be stricken.

The district court has expended considerable time and effort on a memorandum decision (filed concurrently with this order), which provides Plaintiff with a detailed explanation of deficiencies in his previous complaints.  Plaintiff should take this reasoning into consideration when drafting his amended complaint.  Plaintiff shall file his amended complaint within **twenty (20)** days following service of that memorandum decision.

To the extent that Plaintiff advances any issues for decision in his separate motion to set a scheduling conference (Doc. 222) and his "Statement regarding trial scheduling conference and []projection of trial date" (Doc. 226), those motions are **DENIED AS PREMATURE**.  Plaintiff's fourth amended complaint has been stricken.  Until Plaintiff properly files an amended pleading, there are no claims in this case to set for trial.  The Federal Rules of Civil Procedure require that Defendant be given opportunity to challenge the amended pleading by way of any motion authorized by Rule 12.  Any proposals for a

**2**

trial schedule will be considered in due course.  Alternatively, if Defendant chooses not to challenge the amended pleading, Defendant shall inform the court so that a scheduling conference may be set.

### CONCLUSION

For the reasons set forth above:

(1) Defendant's motion to strike Plaintiff's unauthorized fourth amended complaint is **GRANTED.**

(2) Plaintiff's motions regarding a scheduling conference and trial schedule are **DENIED AS PREMATURE.**

(3) **The hearing currently set for June 12, 2006 is ordered off calendar.**

**SO ORDERED**

Dated: June 2, 2006                    /s/ OLIVER W. WANGER

                                       _____
                                       **Oliver W. Wanger**
                                       **UNITED STATES DISTRICT JUDGE**