| | |
|---|---|
| 1  Daniel L. Wainwright, # 193486<br>    McCormick, Barstow, Sheppard<br> 2  Wayte & Carruth LLP<br>    P.O. Box 28912<br> 3  5 River Park Place East<br>    Fresno, CA  93720-1501<br> 4  Telephone:   (559) 433-1300<br>    Facsimile:    (559) 433-2300<br> 5<br> 6  Attorneys for Defendant<br>    JOHN J. HOLLENBACK, JR.<br> 7 | (SPACE BELOW FOR FILING STAMP ONLY)<br><br>**FILED**<br>MAY 0 8 2007 <br>CLERK, U.S. DISTRICT COURT<br>EASTERN DISTRICT OF CALIFORNIA<br>BY _____<br>         DEPUTY CLERK |

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT

| | |
|---|---|
| MELVIN JONES, JR.,<br><br>            Plaintiff,<br><br>    v.<br><br>JOHN J. HOLLENBACK, JR.,<br><br>            Defendant. | Case No.  CV-F-05-0148 OWW DLB<br><br>**FURTHER ORDER OF THE COURT<br>REGARDING THE DEFENDANT'S<br>MOTIONS IN LIMINE NOS. 5, 9 AND 21**<br><br>**Hearing Date:**   May 4, 2007<br>**Time:**                 2:00 p.m.<br>**Department:**      3<br>**Judge:** Oliver W. Wanger<br><br>**Trial Date:**        May 8, 2007 |

On Friday, May 4, 2007, at 2:00 p.m. the parties came before this Court for further rulings on Plaintiff's "Offer of Proof" and further rulings on Defendant's Motions in Limine Nos. 5, 9 and 21. Counsel for defendant, Daniel L. Wainwright, was present in Court. Plaintiff, representing himself, appeared telephonically at the hearing.

The Court having reviewed and considered Plaintiff's "Offer of Proof" and Defendant's Motions in Limine Nos. 5, 9 and 21, all Opposition on file and all oral argument presented during the May 4, 2007 hearing hereby ORDERS, the following:

### Plaintiff's "Offer of Proof"

As to Plaintiff's 5/2/07 **"Offer of Proof,"** the Court herby ORDERS as follows:

1  The Court ORDERS that Plaintiff <u>will be permitted</u> to testify as to the out of court declarations allegedly made by Defendant, to Plaintiff, on January 22, 2004 (after the hearing),

1 and which are set forth in Plaintiff's 5/2/07 "Offer of Proof" at Exhibit #1. Such testimony will be permitted as admissible hearsay as it goes to Defendant's alleged racial animus and is an admission from a party defendant.

2. The Court ORDERS that Plaintiff <u>shall not be permitted</u> to testify as the out of court statements purportedly made by a Caucasian male, to Plaintiff, on March 1, 2007 outside Plaintiff's place of employment, and which is set forth in Plaintiff's 5/2/07 "Offer of Proof" at Exhibit #2. Plaintiff is unable to establish any foundation that Defendant was aware of this statement, adopted this statement or knew anything about the alleged conduct. Thus, it is severely prejudicial, inherently unreliable and the prejudice to Defendant outweighs any probative value.

**Further Rulings On Defendant's Motions in Limine**

As to Defendant's **Motion in Limine No. 5**, the Court hereby ORDERS as follows:

1. As to statements purportedly made by Leslie Jensen in October of 2002, Plaintiff will be permitted to testify as to what Ms. Jensen said to him as set forth in his earlier filings. However, the jury will be read a limiting instruction explaining that this statement is to be considered only for the limited purpose of the declarant's (in this case Leslie Jensen) state of mind and any possible animus or bias from the declarant towards Plaintiff. The jury is to be advised that this statement is not to be considered to show any wrongdoing on the part of Defendant[s] that a conspiracy existed, *unless it is found* that Defendant was aware of this statement and/or that Defendant adopted or condoned what was said. It is only to be admitted and considered for the very limited purpose described above *as to Ms. Jensen*.

2. As to statements purportedly made by Steven Carmichael in October of 2002, these statements are irrelevant and there is no link or causal connection between Defendant and these out-of-Court statements. Thus, such statements are excluded.

3. As to statements purportedly made by Judge Sovey-Silveira in April 2003 and during other family law hearings, the Plaintiff will be able to testify as to what she told him and/or what she stated to him. However, the jury will be read a limiting instruction as referenced in No. 1, above and the statement will only be admitted for this limited purpose.

2

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 River Park Place East
Fresno, CA 93720-1501

FURTHER ORDER OF THE COURT REGARDING THE DEFENDANT'S
MOTIONS IN LIMINE NOS. 5, 9 AND 21

4. As to statements purportedly made by Judge Sovey-Silveira in October of 2002, these statements are irrelevant and there is no link or causal connection between Defendant and these out-of-Court statements. Thus, such statements are excluded.

5. As to statements purportedly made by Judge Sovey-Silveira in December 2002 and during other family law hearings, the Plaintiff will be able to testify as to what she told him and/or what she stated to him. However, the jury will be read a limiting instruction as referenced in No. 1, above and the statement will only be admitted for this limited purpose.

6. As to statements purportedly made by Judge Sovey-Silveira in October of 2002, these statements are irrelevant and there is no link or causal connection between Defendant and these out-of-Court statements. Thus, such statements are excluded.

7. As to statements purportedly made by Don Strangio in April 2003 regarding Martin Luther King these statements are irrelevant and there is no link or causal connection between Defendant and these out-of-Court statements. Thus, such statements are excluded.

8. As to Plaintiff testifying regarding Don Strangio's trial testimony fee this is irrelevant and inadmissible to the trial at hand. Thus, such testimony is excluded.

9. As to the October 3, 2003 conduct and statements made by Leslie Jensen, Plaintiff will be permitted to testify as to what Ms. Jensen said to him as set forth in his earlier filings. However, the jury will be read a limiting instruction as referenced in No. 1, above and the statement will only be admitted for this limited purpose.

10. As to statements purportedly made by Leslie Jensen on or about February 8, 2004 during a court appearance Plaintiff will be permitted to testify as to what Ms. Jensen said to him as set forth in his earlier filings. However, the jury will be read a limiting instruction as referenced in No. 1, above and the statement will only be admitted for this limited purpose.

11. As to statements made by Leslie Jensen on March 15, 2004, which were done apparently in the presence of Defendant, Plaintiff will be permitted to testify as to what he was told by Leslie Jensen.

12. As to Michael Tozzi's alleged failure to appear at a March 15, 2004 hearing, pursuant to a subpoena, the Court has determined that this testimony is irrelevant and thus

3

inadmissible. No such testimony or evidence regarding this will be permitted.

13. As to Judge Sovey-Silveira's purported conduct on April 15, 2004, Plaintiff is entitled to question the Judge as to her actions (as previously ordered by the Court on April 27, 2007). However, Plaintiff is precluded from speculating as to what he believed or perceived with respect to this conduct.

14. With respect to other beliefs, presumptions or perception that Plaintiff has asserted with respect to the conduct in this case, such testimony is not permitted as it is speculative and lacks foundation.

**As To Defendants Motion in Limine No. 9 the Court Hereby Orders As Follows:**

1. As set forth above, Plaintiff will be permitted to testify as to statements purportedly made by Defendant on January 22, 2004 but, will not be able to testify as to out-of-Court statements made by an unknown Caucasian male on March 21, 2007.

2. The Court has determined that Plaintiff, through his various Affidavits and Offers of Proof has set forth *prima facia* evidence of the existence of a race-based conspiracy and Defendant's involvement in such conspiracy. The Court is satisfied that Plaintiff has put forth sufficient evidence, that if believed by the trier of fact could establish, by preponderance of the evidence, the existence of a conspiracy and Defendant's involvement in said conspiracy.

**As To Defendants Motion in Limine No. 21, the Court Hereby Orders As Follows:**

1. The subject of this Motion in Limine has been addressed elsewhere in the Court's respective Orders regarding Defendant's Motions in Limine and discussed more fully in the Court's ruling on Motions in Limine numbers 5 and 9.

DATED: May 8, 2007

The Honorable Oliver W. Wanger