Daniel L. Wainwright, # 193486
McCormick, Barstow, Sheppard
Wayte & Carruth LLP
P.O. Box 28912
5 River Park Place East
Fresno, CA 93720-1501
Telephone: (559) 433-1300
Facsimile: (559) 433-2300

Attorneys for Defendant
JOHN J. HOLLENBACK, JR.

(SPACE BELOW FOR FILING STAMP ONLY)

FILED
MAY 7 2007
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
  DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT

| | |
|---|---|
| MELVIN JONES, JR.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JOHN J. HOLLENBACK, JR.,<br><br>　　　　　Defendant. | Case No. F-05-0148 OWW DLB<br><br>**ORDER OF THE COURT REGARDING THE PARTIES' MOTIONS *IN LIMINE***<br><br>**Hearing Date:** May 1, 2007<br>**Time:** 12:00 p.m.<br>**Dept.** 3<br>**The Honorable Judge Wanger**<br><br>**Trial Date:** May 8, 2007 |

On Monday, May 1, 2007, 2007 at 12:00 p.m. the parties pre-trial Motions in Limine came before this Court. Counsel for defendant, Daniel L. Wainwright, was present as was plaintiff, who is acting in pro per.

The Court having reviewed and considered the parties Motions in Limine, all Opposition on file and all oral argument presented during the May 1, 2007 hearing hereby ORDERS, the following:

### Plaintiff's Motions in Limine

1. The Court GRANTS plaintiff's Motion regarding the exclusion of evidence of

1  plaintiff's November 1, 1984 Cal. Penal Code §§484-487 conviction.

2.  The Court DENIES plaintiff's Motion regarding the exclusion of evidence pertaining to plaintiff's December 13, 1995 fraud conviction pursuant to Cal. Penal Code §476(a). *The dismissal shall be attached.*

3.  The Court DENIES, in part, plaintiff's Motion regarding the exclusion of evidence pertaining to the domestic violence conviction of plaintiff, for purpose of establishing possible bias on the part of plaintiff and the victim of said domestic violence, Kea Chhay. *The dismissal shall be attached.*

### Defendant's Motions in Limine

1.  The Court GRANTS Defendant's Motion regarding the preclusion of any discussions regarding prior Court rulings and/or orders in this case.

2.  The Court GRANTS Defendant's Motion precluding the introduction of any argument, testimony or evidence *about evidence* regarding discussions between defense counsel and Plaintiff.

3.  The Court GRANTS Defendant's Motion to preclude the parties from calling any witnesses who were not previously identified in discovery or producing any documents not previously identified during discovery.

4.  The Court GRANTS, in part, Defendant's Motion regarding Plaintiff testifying as to what took place during various family law hearings. The Court will permit Plaintiff to testify as to what he saw, what he did, what he said and/or what he heard (if not subject to another objection or motion in limine) during the underlying family law hearings. However, Plaintiff is precluded from offering argument during his testimony as to what he thought the significance of what took place during the hearings means. Defendant is able to use the audio recordings from the hearings to refute this testimony, if necessary.

5.  The Court GRANTS Defendant's Motion requesting that Plaintiff make a preliminary showing of relevance before introducing evidence pertaining to actions that took place before Defendant's involvement in the family law case. The Court has ordered that Plaintiff provide a "offer of proof" regarding each statement, purportedly part of this conspiracy, that occurred before January 21, 2004. The "offer of proof" will be e-mailed to the Court and defense counsel no later than 4:00 p.m. on Thursday, May 3, 2007. The parties will appear on Friday, May 4, 2007 at 2:00 p.m. for further oral argument on this Motion.

6.  The Court GRANTS Defendant's Motion to preclude any discussions between the parties pertaining to settlement.

7.  The Court GRANTS, in part, Defendant's Motion to preclude Plaintiff from offering any expert opinion testimony regarding his earning potential. Plaintiff will be permitted to testify regarding his employment history, earnings history, job prospects, W-2's, tax returns, etc. However, Plaintiff is precluded from offering any opinions from third parties with respect to his past and future earning potential and capacity.

8.  The Court DENIES Defendant's Motion regarding whether or not Plaintiff can introduce any evidence from the immune judicial officers in order to support his claim of a conspiracy involving the immune judicial officers and Defendant.

9.  The Court GRANTS Defendant's Motion precluding Plaintiff from testifying regarding any inadmissible hearsay statements which, arguably, would be admissible pursuant to the hearsay exceptions set forth in FRE 801(d)(2)(E). The Court has ordered that Plaintiff set forth a "offer of proof" (to be e-mailed to the Court and the parties no later than 4:00 p.m. on Thursday, May 3, 2007 which must establish, by preponderance of the evidence, the existence of a conspiracy, the foundation that Defendant had knowledge of the purported statements and adopted the same, the purpose of the statement was to facilitate the conspiracy and establish how the statement furthered the conspiracy.

10. The Court GRANTS Defendant's Motion to preclude any reference that any of the witnesses or parties have been represented by legal counsel.

11. The Court GRANTS Defendant's Motion precluding any reference to the fact that Defendant had previously sought monetary sanctions with respect to Plaintiff's earlier discovery motion regarding request for admissions. This is consistent with the Court's ruling on Defendant's Motion in Limine No. 1, set forth above.

12. The Court GRANTS any Defendant's motion precluding Plaintiff from suggesting that Leslie Jensen's non-appearance at an earlier federal hearing was part of some ongoing conspiracy as this is irrelevant.

13. The Court GRANTS Defendant's Motion precluding Plaintiff from commenting upon the fact that Defendant did not attend Plaintiff's February 26, 2007 deposition.

14. The Court GRANTS Defendant's Motion precluding Plaintiff from commenting upon the size of either Defendant's law firm or the law firm representing Defendant.

15. The Court DENIES Defendant's Motion to preclude any testimony regarding whether or not Plaintiff is a "deadbeat" Dad as this would be potentially relevant to show bias or some other personal animus.

16. The Court GRANTS, in part, Defendant's Motion regarding the parties and/or witnesses' ability to assert privileges without any negative inference. However, the Court does permit Plaintiff to inquire as to any professional relationship between Leslie Jensen and Donald Strangio and the length of any such professional relationship. Plaintiff is precluded from questioning regarding the specific nature of said professional relationship, if any.

17. The Court GRANTS Defendant's Motion to preclude any reference of the fact that Leslie Jensen was previously represented by an attorney from the McCormick, Barstow law firm.

18. The Court GRANTS Defendant's Motion to preclude Plaintiff from stating, suggesting or implying that any changes to the Stanislaus County Superior Courthouse were the result of his complaints as this is speculative.

19. The Court GRANTS Defendant's Motion to preclude Plaintiff from referencing any testimony from Rosalind Jones regarding any of the events that are the subject of this litigation.

20. The Court GRANTS Defendant's Motion to preclude Plaintiff from stating or arguing that Defendant did, in fact, contact the Stanislaus County Housing Authority with respect to his prospective employment. Plaintiff is permitted to testify as to what Defendant purportedly said to him with respect to the Stanislaus County Housing Authority but cannot introduce evidence that Defendant actually did contact the Stanislaus County Housing Authority.

21. The Court GRANTS, in part, Defendant's Motion to preclude Plaintiff from stating, suggesting or introducing any evidence regarding a hearsay declarant's attempt to implicate other individuals or entities into this race-based conspiracy. The same "offer of proof"

as set forth in the Court's ruling in Defendant's Motion in Limine Nos. 5 and 9. Again, it is ordered that Plaintiff submit this "offer of proof," via e-mail, no later than 4:00 p.m. Thursday, May 3, 2007. The parties will then appear for further argument on this Motion on Friday, May 4, 2007 at 2:00 p.m.

22. This Motion is MOOT as the parties have agreed to produce, as a joint exhibit, excerpts from the January 22, 2004, April 15, 2004 and April 22, 2004 family law hearings for the Court. In addition, the parties agree to submit "transcripts" from these hearings in order to assist the jurors in listening to and comprehending the audio cassettes.

23. The Court GRANTS Defendant's Motion to preclude Plaintiff from discussing the wealth or poverty of either himself or Defendant. Such testimony, with respect to the Defendant, would only be permitted after a finding of liability on the part of Defendant. Plaintiff is permitted to introduce evidence as to his punitive damages, if any.

24. The Court GRANTS Defendant's Motion to preclude Plaintiff from appealing to the passions and prejudice of the jurors.

25. This Motion has been MOOTED by the Court's 4/25/07 Court ruling (followed up on 4/27/07 with a formal opinion) regarding the testimony of Judge Marie Solvey-Silveira and Michael Tozzi.

26. The Court GRANTS Defendant's Motion precluding Plaintiff from commenting upon the fact that neither Judge Glen Ritchey nor Jack Jacobson have testified in this case.

DATED:   May 4, 2007

_____
The Honorable Oliver Wanger