**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MELVIN JONES, JR., ) | No. CV-F-05-148 OWW/DLB |
| ) | |
| ) | MEMORANDUM DECISION AND |
| ) | ORDER DENYING  PLAINTIFF'S |
| Plaintiff, ) | MOTION FOR NEW TRIAL (Docs. |
| ) | 360, 363 & 368) AND DENYING |
| vs. ) | PLAINTIFF'S MOTIONS (Docs. |
| ) | 387, 389, 391 & 392) AS MOOT |
| ) | |
| JOHN J. HOLLENBACK, JR., ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

Plaintiff, Melvin Jones, Jr., proceeding *in pro per*, timely filed a "Request for New Trial" on May 14, 2007 (Doc. 360), a "Supplemented Request for New Trial" on May 15, 2007 (Doc. 363), and a "Final Supplemented Request for New Trial" on May 16, 2007 (Doc. 368), following a jury trial and verdicts rendered against him.  On August 28, 2007, Plaintiff filed "Objections and Requests as to Pending Motion for Fees and Motion for New Trial" (Doc. 383), which the Court deems to be Plaintiff's reply brief

1

in support of the motion for new trial.[1]

Defendant John J. Hollenback, Jr., has filed an opposition to Plaintiff's documents, which states:

> Throughout Plaintiff's three filings ..., Plaintiff has raised countless claims and allegations of error, misconduct and other improper acts.  It is nearly impossible for Defendant to address each and every one of them in this opposition, however Defendant has done the best he can to address the 'key' claims made by Plaintiff ....

A.   <u>Governing Standards</u>.

A motion for new trial "may be granted to all or any of the parties and on all or part of the issues ... for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States."  Rule 59(a), Federal Rules of Civil Procedure.  Although Rule 59(a) does not specify the grounds upon which a motion for new trial may be granted, "the court is 'bound by those grounds that have been historically recognized.'" *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir.2007).  "The grant of a new trial is 'confided almost entirely to the exercise of discretion on the part of the trial court.'" *Murphy v. City of Long Beach*, 914 F.2d 183, 186 (9th Cir.1990).

B.   <u>Procedural Objection</u>.

Defendant opposes Plaintiff's motion for a new trial on the ground that Plaintiff has not complied with Rule 59-291, Local

---

[1]Plaintiff's motion for new trial initially was set for hearing on June 25, 2007.  The hearing was continued three times because of the press of business.

Rules of Practice:

> Motions for new trial shall state with specific references to relevant portions of any existing record and to any supporting affidavits: (1) the particular errors of law claimed, ... (3) if a ground is newly discovered evidence, the particulars thereof, together with a full complete description of the facts relating to the discovery of such evidence and the movant's diligence in connection therewith.  A motion for new trial ... shall be supported by briefs.

Defendant complains that Plaintiff's motion for new trial is unsupported by legal argument or analysis and that "Plaintiff submits more self-serving, implausible, incomplete, irrelevant and fictional Affidavits describing his version of the events." Defendant argues that the filings submitted by Plaintiff do not meet the evidentiary standard required for the Court to grant the motion.

Although Defendant's objection is well-taken, the merits of the various grounds for new trial asserted by Plaintiff in his papers will be considered.  Plaintiff is a *pro se* litigant who has engaged in serial filings of multiple motions and other papers throughout the pendency of this case.  All of his filings have been considered and decided on the grounds stated or denied as meritless.

   B.  <u>Grounds for New Trial</u>.

   Plaintiff asserts numerous grounds for a new trial.

      1.  <u>Newly Discovered Evidence</u>.

   "In order to establish that the trial court abused its discretion in denying a motion for new trial on the basis of new

3

evidence, the movant must establish (1) that the evidence in question was discovered after trial, (2) that the party exercised 'due diligence' to discover the evidence at an earlier stage, but was unable to do so, and (3) that the newly discovered evidence is of such a magnitude that production of it earlier would have been likely to change the disposition of the case. *Coastal Transfer Co. v. Toyota Motor Sales*, 833 F.2d 208, 211 (9th Cir.1987). Evidence is not "newly discovered" under the Federal Rules if it was in the moving party's possession at the time of trial or could have been discovered with reasonable diligence. *Id.* A party's desire to introduce additional evidence after losing the case does not constitute a proper ground for granting a new trial. *Brown v. Wright*, 588 F.2d 708, 709 (9th Cir.1978).

The evidence which Plaintiff asserts he discovered on May 12, 2007 is:

> A. Documentation re: Plaintiff Having Reported [Judge] Silveria to the Judicial Commission;

> B. Documentation that Plaintiff successfully completed a state "rehabilitation program".

Plaintiff attached copies of these documents to his motion, all of which are addressed to or by Plaintiff in 2001 and 2003-2004. Plaintiff asserts that he has some newly discovered evidence "regarding three witnesses available for new trial." Plaintiff's motion describes these witnesses as follows:

> A. Pat Porter - This witness was newly discovered by Pro Se Plaintiff on 5/14-2007. This Black African American witness is a witness as to her having experienced

harassing and race based maltreatment as an
<u>ADVERSE</u> party during previous litigation
wherein Hollenback was attorney for adverse
party.

B.   Rosalind Jones - This witness is a
percipient (witness) with first hand
knowledge as to events on 4/22/2004 re: Jones
and Hollenback.  Ms. Jones' current (recent)
medical condition (Plaintiff has newly
discovered on 5/14/2007) ENABLES HER to
testify at trial.

C.   Collette Brooks - This witness was
employed with the Commission on Judicial
Performance and is the Staff Counsel for said
agency with whom Plaintiff (Plaintiff has
newly discovered) corresponded with as to
Silveria and concerns as to race animus as
to/and supporting Plaintiff's federal claims.
Said witness is a licensed attorney in the
State of California and will be called as
witness @ new trial.

Other than stating the conclusion that he could not have

discovered this evidence prior to trial, Plaintiff makes no

showing why he was not aware of this evidence prior to trial and

makes no showing of "due diligence."  With regard to the

documentary evidence, this is not "newly discovered" evidence.

Plaintiff either was in possession of this evidence and/or was

aware of it prior to the trial.  Plaintiff now attempts by this

motion to introduce additional evidence after he lost the case.

A new trial on this ground is improper.

With regard to the allegedly newly discovered witness, Pat

Porter, Defendant's affidavit in opposition to the motion for new

trial avers in pertinent part:

43.  Upon learning of Plaintiff's latest
'claim' against me, I instructed my staff to
review my client lists, and I searched my own

recollection of the case that I have handled since 1989 when I concentrated his [sic] practice into the area of family law.  I am not aware of any case involving an African-American woman with the (i) surname 'Porter' or the (ii) first name of 'Pat' or 'Patricia.'  Further, I continue to deny that there has ever been an occasion when I harassed or abused any African-American litigant - male or female.

44.  Plaintiff has not provided this court with an affidavit from this putative witness.  All that has been submitted is Plaintiff'[s] hearsay summary of what she would say in her testimony if called as a witness.  Moreover, Plaintiff'[s] account is singularly lacking in corroborative details.  For example: the court in which Ms. Porter's action was heard, the case number for that action, and the date(s) of my claimed misconduct.  That would at least give some threshold level of credibility as to whether I was even an attorney of record in the case involving Ms. Porter.

...

46. ... Plaintiff has not explained how he located this witness only three days after the trial ended, and why he had not found her prior to trial.  Plaintiff has been investigating these claims for years (on his own without any governmental assistance) yet was never able to uncover this witness until *after* trial.  And, when he finds this witness he fails to explain why she was not identified during discovery or called at trial.

With regard to newly discovered witness Rosalind Jones, who is Plaintiff's mother, Defendant avers:

48.  Plaintiff has claimed since late 2005 or early 2006 that his mother was a corroborating witness with respect to the April 22, 2004 racist threats incident.  In fact, an Affidavit was submitted to this court purportedly signed by Ms. Jones attesting to what she heard *her son say* at

6

that time of the racist conduct of April 22, 2004.

49.  Ms. Jones was the subject of pre-trial discovery Motions in early 2006 (before the Hon. Dennis Beck) as to whether or not she would be a witness, sit for a deposition and thus, be a trial witness.  Eventually, no deposition was taken, based on the fact that Plaintiff'[s] mother would not be testifying at trial.

50.  It was stated in both the Pre-Trial Statement [sic] that Ms. Jones would NOT be a witness and furthermore the fact that Ms. Jones would not testify was the subject of another Motion in Limine.  Plaintiff made it clear that she would NOT be a trial witness.

The record in this action establishes that Ms. Jones filed a Declaration on November 11, 2005 in support of Plaintiff's motion for summary judgment (Doc. 108).  Subsequently, Plaintiff sought an order precluding Defendant from taking Ms. Jones' deposition because of her medical condition, which request was denied by Order filed on February 28, 2006 (Doc. 181).  Plaintiff again moved for a protective order regarding Ms. Jones (Doc. 188), noticing that motion for hearing before Judge Wanger on March 27, 2007.  Defendant filed a motion in limine (MIL #19) on April 13, 2007 (Doc. 309), to preclude Plaintiff from referencing any testimony by Ms. Jones, the motion in limine stating: "... Plaintiff later elected not call [sic] her as a witness due to some apparent health concerns.  At the April 2, 2007 pretrial conference, the parties stipulated that no one would call Ms. Jones as a witness during the May 8, 2007 trial."  By Order filed on May 8, 2007, Defendant's motion in limine was granted (Doc.

350).

In a "Supplement to Doc #387, and Doc. 388" filed on October 9, 2007 (Doc. 390), Plaintiff asserts:

> Rosalind Jones, and Pat Porter will not be used as witness' [sic] in this case. Ms. Jones due to recently learned (by Plaintiff) apparent non-improvement as to her Diabetic condition. And Ms. Porter, due to recently learned (by Plaintiff) inform [sic] regarding serious major back surgery, her (Ms. Porter's) age being 80+/-, and her unwillingness to travel to Fresno to be available for trial, and apparent concern(s) as to reprisal by defendant.

At the hearing on the motion for new trial, Plaintiff stated that Ms. Porter and Ms. Jones would not be available to testify at a new trial.

Plaintiff has not demonstrated that any of this documentary evidence or witnesses are "newly discovered". Plaintiff's motion for new trial on this ground is DENIED.

2. <u>Misconduct by Defendant or Defense Counsel</u>.

"Generally, misconduct by trial counsel results in a new trial if the 'flavor of the misconduct sufficiently permeate[s] an entire proceeding to provide conviction that the jury was influenced by passion and prejudice in reaching its verdict.'" *Hemmings v. Tidyman's Inc.*, 283 F.3d 1174, 1192 (9th Cir.2002), *cert. denied*, 537 U.S. 1110 (2003). Plaintiff argues that he is entitled to a new trial because of misconduct during trial of Defendant or Defendant's counsel. Plaintiff asserts that Defendant's counsel repeatedly referred to matters which had been

restricted by Defendant's motions in limine.

Plaintiff asserts that defense witness Leslie Jensen made a direct reference "to her and defendants liability insurance and having to pay huge deductibles ...."

The Order resolving the motions in limine filed on May 8, 2007 does not preclude this testimony.

In his Declaration in opposition to the motion for new trial, Defendant concedes that Leslie Johnson mentioned "that the joint representation arrangement had been implemented because both she and myself wished to avoid the 'deductibles' payments required under each counsel's professional negligence insurance policy." Plaintiff did not object to the statement.   Defendant avers:

> 21. ... [T]his created the false impression for the jury that my costly legal defense and any award of damages arising out of this case would have been covered by insurance.  This was simply not true.  Thus, the inadvertent statement of this non-party witness actually helped Plaintiff as it gave the impression that any award of damages would not come from me, directly, but would be made by a 'deep pocket' insurance company.
>
> ...
>
> 23.  Although a Motion in Limine was in place to prevent the mention of any evidence of insurance, the defense did not have any control over the testimony of this non-party witness.  Because of the nature of the claims being made against me, my defense attorney (and myself) purposefully avoided having substantive discussions with Ms. Jensen to avoid the appearance of any impropriety.
>
> 24.  Nonetheless, Plaintiff took no steps to 'undo' what had transpired via Ms. Jensen's

1
2
3
4
5

> testimony: he did not ask that it be
> stricken, or that the jury told to consider
> it for only a limited purpose.  In any event,
> Ms. Jensen's testimony could not have hurt
> Plaintiff'[s] case, and it may have actually
> assisted his position by creating the false
> impression that I had insurance coverage
> available to me.

6
7
8
9
10
11

Leslie Jensen was not under the control of any party.  Her reference to insurance coverage did not involve any issue material to Plaintiff's case or the defense case.  There was no further reference to the subject.  Plaintiff has not demonstrated that Ms. Jensen's testimony was in violation of the motion in limine order or that it in any influenced the jury in reaching its verdict.

12
13
14
15

Plaintiff further argues that Defendant committed misconduct when Defendant "alluded to the size of his law firm and number of cases handled @ regular/routinely is de facto discussings as to his wealth during testimony."

16
17
18
19

The Order resolving the motions in limine granted Defendant's motion "precluding Plaintiff from commenting upon the size of either Defendant's law firm or the law firm representing Defendant."

20
21

Defendant opposes the motion for new trial on this ground, averring in pertinent part:

22
23
24
25
26

> 26.  In the course of my trial testimony, I
> alluded to the size and composition of my
> caseload, not the size of my firm and/or the
> size of the firm I had retained to defend my
> interests.  This testimony was given in
> direct response to questions posed by
> Attorney Wainwright.  Plaintiff did not
> object to these questions.

10

1    **27.  No Motion in Limine was violated by this
     testimony as it did not reference, state or
2    suggest the size of the respective law firms
     involved (in some way) with this litigation.
3    No one testified concerning the size of my
     law firm (five partners and one associate).
4    And, no one ever testified regarding my
     financial condition, or to his [sic] having
5    'great wealth.'  Again, even if a defendant
     has 'great wealth,' it is not something the
6    defense would want the jury to consider.**

7    **28. ... [T]hese questions were asked by
     Attorney Wainwright for the purpose of
8    defusing one of Plaintiff's pivotal claims
     regarding my state of mind after the April
9    22, 2004 hearing.  It was claimed by
     Plaintiff that Kea Chhay's child support case
10   was so important to me that when I learned
     that the case had been 'lost' (as Plaintiff
11   claimed), it caused me to become incensed and
     so angry that I became red faced and had
12   spittle spewing from his [sic] mouth.**

13   **29.  By explaining to the jury that I had at
     any given moment upwards of 125 active cases
14   was necessary to counter Plaintiff's
     suggestion that the Kea Chhay matter was so
15   critical to me that a loss in that matter
     would cause me to become uncontrollably angry
16   toward Plaintiff and make the racist threats
     that allegedly took place on April 22, 2004,
17   immediately after the hearing.**

18   **Further, Defendant notes, the Order granting the motion in limine**

19   **was directed to Plaintiff, not Defendant.**

20        **Plaintiff is not entitled to a new trial on this ground.**

21   **The allusion to the size of Defendant's law firm was not a de**

22   **facto discussion of Defendant's wealth.   Rather, Defendant was**

23   **attempting to explain that the size of his family law practice**

24   **negated any contention by Plaintiff that the loss of a single**

25   **case would cause Defendant to become angry and make racist**

26   **remarks.   This was a proper subject of testimony and did not**

1  constitute misconduct.  Plaintiff is not entitled to a new trial
2  on this ground.

3      Plaintiff contends that defense misconduct because of
4  Defendant's testimony and defense counsel's closing argument that
5  all witnesses appeared voluntarily, entitles Plaintiff to a new
6  trial: "This not only violates the very motion in limine which
7  defense counsel requested as to subpeona [sic] of witness, it is
8  patently untrue – here again, the bell cannot be un-rung as the
9  jury confusion re: process by which witness have to appear
10  (Specifically, Mike Tozzi, Judge Silveria)."

11      This claim is unfounded.  Whether a witness appears
12  voluntarily or is one whose appearance must be compelled is a
13  matter that may or may not show bias toward or co-operation by a
14  witness with a party.  Witness bias was a proper subject for the
15  trier of fact to consider.

16      Plaintiff asserts that defense misconduct occurred when
17  defense counsel "exceeded the bounds of proper closing argument."
18  Plaintiff contends that defense counsel "represented to jurors
19  that the 3 large boxes and numerous other unpresented witness'
20  were evidence but they simply decided not to use this evidence."

21      No objection to this argument was raised by Plaintiff.  The
22  failure to call additional witnesses or present boxes/other
23  evidence is of no moment because no specific content of the
24  boxes/other evidence was referred to during the closing argument.
25  Plaintiff has not demonstrated misconduct and is not entitled to
26  a new trial on this ground.

12

1    Plaintiff asserts that "defense [sic] repeatedly ref. to

2  Plaintiff <u>Not Currently</u> working considering the Court's Order re:

3  Offer of Proof as to Project Sentinel - PLAIN ERROR."

4    The Order resolving the motions in limine granted

5  Defendant's motion in part:

6         to preclude Plaintiff from offering any
          expert opinion regarding his earning
7         potential.  Plaintiff will be permitted to
          testify regarding his employment history,
8         earnings history, job prospects, W-2's, tax
          returns, etc.  However, Plaintiff is
9         precluded from offering any opinions from
          third parties with respect to his past and
10        future earning potential and capacity.

11   No order was violated by any testimony to which Plaintiff

12 refers, nor was any such reference prejudicial.

13   In his "Objections and Requests As To Pending Motion for

14 Fees and Motion for New Trial" filed on August 28, 2007 (Doc.

15 383), Plaintiff contends that Defendant was represented in this

16 action by "well-connected, and powerful counsel" and that "from

17 time to time defendant's counsel has attempted to rely upon the

18 strength of said law firm in litigating this case."  Plaintiff

19 cites as examples: (1) "the misconduct during discovery [as to

20 the previously pending S. 1981 claims] regarding Plaintiff's

21 mother Rosalind Jones and her Dr. - Dr. Crawford Scott ... the

22 still outstanding $2,000 =/- fee for medical opinion letters";

23 (2) "during the 'final phases' of discovery regarding Pro Se

24 Plaintiff Jones' deposition - defense counsel was privilege [sic]

25 to have the Magistrate Judge assigned to this case at thier [sic]

26 beckon-call [sic], such that against Plaintiffs [sic] objections

13

Defense counsel obtained Plaintiff's name and address of Jones' employer at the time [Project Sentinel} - and shortly thereafter additional misconduct on behalf of Defendant took place as to Plaintiff's (then) employer"; and (3) "defense counsel attempted to use the trust of the Court during the final evidentiary hearing(s) PRIOR TO TRIAL ... [by] FLAT OUT LIED to the Court verbally and in written pleading regarding Jones 'no contest' plea in 1994 - [which was subsequently dismissed in 1995 pursuant to CA Statute] - the FLAT OUT LIE was that said misdemeanor plea was related to defense witness, Ms. Chhay, which is unequivocally a TOTAL LIE."

The Court will not consider grounds for a new trial not raised in the initial papers in support of the motion.  Further, a new trial may only be granted when discovery misconduct is alleged and the movant can: (1) prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct; and (2) establish that the conduct complained of prevented the losing party from fully and fairly presenting his case or defense. *Wharf v. Burlington Northern R. Co.*, 60 F.3d 631, 637 (9th Cir.1995); *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878-879 (9th Cir.1990).  The examples asserted by Plaintiff do not raise any issues that impacted the trial.  Plaintiff has not made the showing required to obtain a new trial based on alleged discovery abuse.

Plaintiff's motion for a new trial on the ground of misconduct by Defendant or defense counsel is DENIED.

14

1            3.   <u>Judicial Error</u>.

2       Plaintiff asserts that he is entitled to a new trial because

3  of "judicial error", primarily based on the instructions given to

4  the jury.

5            a.   <u>Instructional Error</u>.

6       "[E]rroneous jury instructions, as well as the failure to

7  give adequate instructions, are ... bases for a new trial."

8  *Murphy v. City of Long Beach, supra*, 914 F.2d at 187.

9       Plaintiff did not object to the jury instructions proposed

10  by the Court to be read to the jury.  Plaintiff was provided the

11  opportunity to object and agreed that the instructions - as

12  drafted, with some minimal changes, were reasonable and

13  appropriate.

14       Plaintiff now attempts to assign error or asserts "plain

15  error" in jury instructions to which he did not object pursuant

16  to Rule 51, Federal Rules of Civil Procedure.  He cannot obtain a

17  new trial on the basis of alleged instructional error.  As

18  explained in *Voohries-Larson v. Cessna Aircraft Co.*, 241 F.3d

19  707, 713 (9th Cir.2001):

20            Federal Rule of Civil Procedure 51 provides
             that '[n]o party may assign as error the
21            giving or the failure to give an instruction
             unless that party objects thereto before the
22            jury retires to consider its verdict, stating
             distinctly the matter objected to and the
23            grounds of the objection.  In *Palmer v.
             Hoffman*, 318 U.S. 109, 119 ... (1943), the
24            Supreme Court stated that 'objections to a
             charge must be sufficiently specific to bring
25            into focus the precise nature of the alleged
             error.'  The purpose of Rule 51, and the
26            requirement of specificity in the objection,

1               is to 'bring possible errors to light while
there is still time to correct them without
2               entailing the cost, delay and expenditure of
judicial resources occasioned by retrials.'
3               ....

4               This court has long enjoyed the 'reputation
as the strictest enforcer of Rule 51,' as we
5               have consistently declared that there is no
'plain error' exception in civil cases in
6               this circuit.

7 *See also Ayuyu v. Tagabuel*, 284 F.3d 1023, 1026 (9th Cir.2002)

8 ("Because no objections to the instructions are found in the

9 record, they are deemed waived.").  The Ninth Circuit does

10 recognize a "limited exception" to the requirements of Rule 51

11 "for a pointless formality."  *Voohries-Larson*, 241 F.3d at 714:

12               'Where the district court is aware of the
party's concerns with an instruction, and
13               further objection would be unavailing, we
will not require a futile formal objection.'
14               ... We have held that an objection is a
pointless formality '"when (1) throughout the
15               trial the party argued the disputed matter
with the court, (2) it is clear from the
16               record that the court knew the party's
grounds for disagreement with the
17               instruction, and (3) the party offered an
alternative instruction.' ....
18
*Id.* at 714-715.
19
     Plaintiff contends that undisputed facts set forth in the
20
Pretrial Order (Doc. 311), referred to by Plaintiff as
21
"stipulated facts", were not presented to the jury in jury
22
instructions.  Plaintiff contends that judicial error was
23
committed in giving Jury Instruction No. 2.
24
     Jury Instruction No. 2 states:
25
               The evidence you are to consider in deciding
26               what the facts are consists of:

> (1) the sworn testimony of any witness;
>
> (2) the exhibits which are received into evidence; and
>
> (3) any facts to which the lawyers stipulate.

Plaintiff argues that none of the "stipulated facts" were referenced in Jury Instruction No. 2 and further complains that Jury Instruction No. 2 "only ref. lawyers (Plaintiff is not a lawyer).

   In opposing Plaintiff's motion on this ground, Defendant avers in pertinent part that "[a]t no time during the trial was Plaintiff prevented from presenting the 'stipulated facts' to the jury." Defendant further avers:

> 57. Regardless, none of the 'stipulated facts' amounted to an admission of liability or other culpable misconduct on the part of myself, but merely related to trivial background facts and information. None of the 'stipulated facts' have materially assisted Plaintiff in proving that he had been victimized by a race animus conspiracy, or that I had ever been a part of such conspiracy.

   At the hearing on the motion for new trial, the Court noted that Plaintiff was not limited as to the facts he presented. Plaintiff contends that he requested the stipulated facts be presented to the jury and that the Court denied this request. He contended that two of the stipulated facts were important to his case:

> 20. At all relevant times Ms. Chhay was employed with the County of Stanislaus Superior Court as a family law probate

17

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

investigatory.  Ms. Chhay was directly
employed by the family law division.

21.  One of the Court Orders entered by Judge
Silveria did not allow Mr. Jones to share
Martin Luther King Holiday with his daughter.

During pretrial proceedings, Plaintiff stated that he intended to
read certain of the "stipulated facts" from the Pretrial Order
to the jury during his opening statement.  Plaintiff was advised
that he could not refer to or read the Pretrial Order in his
opening statement, but he could state what he expected the
evidence to establish.  Evidence was presented by Plaintiff at
trial concerning Ms. Chhay's place of employment and that Judge
Silveria's Order did not allow Plaintiff to share the Martin
Luther King holiday with his daughter.

Plaintiff argues that an instruction to the jury setting
forth these facts as undisputed would have made Plaintiff more
credible to the jury.  No request was made by Plaintiff for such
a jury instruction, nor did Plaintiff submit a proposed
instruction containing such facts.  After the jury commenced
deliberations, Plaintiff requested that the "stipulated facts" be
sent into the jury room with the other exhibits introduced into
evidence at trial.  This request was denied because only the
exhibits received in evidence were provided to the jury during
their deliberations.  Because Plaintiff presented evidence at
trial concerning Ms. Chhay's place of employment and that Judge
Silveria's Order did not allow Plaintiff to share the Martin
Luther King holiday with his daughter, Plaintiff has not

18

1   demonstrated error or prejudice.

2       With regard to Plaintiff's contention that the reference in

3   Jury Instruction No. 2 to "lawyers" constitutes judicial error,

4   Plaintiff did not object to this instruction.

5       Plaintiff contends that the reference to "Jude Ladine [sic]

6   and Jacobsen as defendants in Jury Instruction # 8" was error.

7       Jury Instruction No. 8 does not refer to these individuals

8   as defendants, who are California Superior Court judges for

9   Stanislaus County, and correctly states the law.   Jury

10  Instruction No. 8 reads:

11          Neither Judge Glenn Ritchey nor Judge Jack
            Jacobsen appeared as a percipient witness
12          during trial.  Each judge validly invoked the
            right not to testify at trial.
13
            You must not draw any negative inference
14          against any party by the fact that neither
            Judge Ritchey nor Judge Jacobsen testified.
15          You must not speculate about the reason these
            judges did not testify.
16
17      Plaintiff argues that judicial error was committed by giving
    Jury Instruction No. 6.
18
19      Jury Instruction No. 6 states:

20          The evidence that plaintiff has been
            convicted of the crime of fraudulently
21          passing a bad check may be considered only as
            it may affect the believability of plaintiff
            as a witness and for no other purpose.
22
            The evidence that plaintiff has been
23          convicted of the crime of domestic violence
            may be considered only as it may affect the
24          motive or the bias of plaintiff and the
            victim, Ms. Chhay, as it bears on their
25          believability and for no other purpose.

26  Plaintiff filed motions in limine to exclude evidence of these

                                19

two convictions.  In the Order resolving the motions in limine

(Doc. 352), the Court ruled in pertinent part:

> 2.  The Court DENIES plaintiff's Motion
> regarding the exclusion of evidence
> pertaining to plaintiff's December 13, 1995
> fraud conviction pursuant to Cal. Penal Code
> § 476(a).  The dismissal shall be attached.
>
> 3.  The Court DENIES, in part, plaintiff's
> Motion regarding the exclusion of evidence
> pertaining to the domestic violence
> conviction of plaintiff, for purpose of
> establishing possible bias on the part of
> plaintiff and the victim of said domestic
> violence, Kea Chhay.  The dismissal shall be
> attached.

Plaintiff argues that "because this information was _not_ set

forth with the FACT that both 'convictions' have been dismissed

per CA law is fundamentally unjust to Pro Se Plaintiff, as the

Jury would be confused re: Plaintiff's direct testimony re:

dismissal."  Plaintiff further asserts that Jury Instruction No.

6, when combined with Jury Instruction No. 7 (Witness Materially

False), "have the force and effect of a DIRECTING A VERDICT, As

Jury Instruction # 6 ... is contrary to the Courts Order on MIL,

and Plaintiff's testimony as TO THE SAME."  Plaintiff contends

that his 1995 fraud conviction by plea of no contest, "which has

been withdrawn/dismissed per California statute, should not, and

is not admissible Due to an unrebutted Presumption of

Rehabilitation due to No conviction since of a crime of

dishonesty/FRAUD."  Plaintiff argues that "defendant has provided

NO evidence prior or during 1st trial of Plaintiff's presumption

of Rehabilitation - being disproven."  Plaintiff makes similar

arguments with regard to his domestic violence conviction.

Plaintiff is not entitled to a new trial on this ground.  As Defendant avers in his Declaration in opposition to the motion for new trial:

> 37.  At trial, Plaintiff chose to introduce evidence of his prior convictions for check fraud and battery against a spouse or domestic partner.  He also introduced evidence, through his testimony, that following successful completion of probation, he had been permitted to withdraw his 'nolo contendere' pleas to these charges and to enter 'not guilty' pleas with the charges being dismissed.  Plaintiff choose *not* to introduce any documentary evidence of his change of pleas.  Furthermore, it should be noted that the defense never introduced any documents regarding the convictions in the first place.

> 38.  Plaintiff, not the defense, raised these matters during Jury *voir dire*, in his Opening Statement, in his case-in-chief and again in his closing statements.

> 39.  The jury was properly instructed by this Court that it could consider the 'domestic violence' charge as possibly diminishing the credibility of Kea Chhay, since it gave her a motive for testifying against Plaintiff and vice versa.  As to the fraudulent check charge, the jury [was] properly instructed that Plaintiff being convicted of a crime involving moral turpitude could be considered as adversely affecting Plaintiff's credibility.  There had never been a factual finding of innocence on the part of Plaintiff with respect to either of his criminal convictions, notwithstanding the fact that he had been permitted to withdraw his 'nolo contendere' pleas upon completion of his probation in each instance.  More important, Plaintiff did not deny committing the underlying criminal acts particularly the fraudulent check offense in his testimony at trial.

1 Plaintiff himself introduced the subject of his prior

2 convictions; it was up to him introduce the documents

3 demonstrating that these convictions had been dismissed.

4 Plaintiff's claimed errors were invited by his introduction of

5 these subjects without presenting any documentary evidence of the

6 dismissal of these convictions.   Instruction No. 2 correctly

7 stated the law.

8      Plaintiff contends that judicial error occurred in giving

9 Jury Instruction No. 3.   Jury Instruction No. 3 (What is Not

10 Evidence) states in pertinent part:

11          (3) ... [S]ome testimony and exhibits have
            been received only for a limited purpose;
12          where I have given a limiting instruction,
            you must follow it.
13
Plaintiff argues that this instruction is erroneous because it
14
does not "set out the limiting instruction (which is a form of
15
law applied to the circumstances of this case)."
16
     There is no error in this instruction and the Court is not
17
required to repeat any limiting instructions given during the
18
course of the trial.   The jury was reminded to follow any
19
limiting instruction as to evidence as it was given.   There is no
20
need for the Court to refer to the evidence so limited by such an
21
instruction in the jury instructions at the end of the case.   The
22
jury is presumed to follow the instructions they are given by the
23
Court.
24
     Plaintiff argues that judicial error occurred in giving Jury
25
Instruction No. 7 because it is not a Ninth Circuit Model Jury
26

Instruction "and is confusing as to it's intent, and purpose, and scope, and application (definition)."

Jury Instruction No. 7 states:

> A witness, who is willfully false in one material part of his or her testimony, is to be distrusted in others.  You may reject the whole testimony of a witness who willfully has testified falsely as to a material point, unless, from all the evidence, you believe the probability of truth favors his or her testimony in other particulars.

The fact that Jury Instruction No. 7 is not a Ninth Circuit Model Jury Instruction, but rather California pattern instruction, BAJI 2.22, is irrelevant.  The instruction correctly and clearly states the law.  There is nothing confusing about the purpose and intent of this instruction.

Plaintiff contends that judicial error occurred because the jury instructions did not set forth definitions for the following terms used in the instructions:

* Bias and interest

* Prior bad acts

* Prior convictions

* dismissal of prior convictions

* date of prior convictions

* prior inconsistent statements

* contradictory facts

* opinion of truthfulness

Plaintiff contends that "these are terms in law and of the law."

Defendant rejoins that Plaintiff never asked for any

23

definitions of these terms, did not submit proposed jury
instructions defining any of these terms, and did not object that
the terms were not defined in the jury instructions.

No further instructions on these subjects were necessary.
The parties were advised that prolix and irrelevant instructions
would not be given because of the possibility of jury confusion.
Plaintiff's failure to request such instructions is a further bar
to a new trial on this ground.

Plaintiff contends that "plain error" occurred because
the Court "DID NOT give limiting nor jury instruction as to
Pleadings read into the record by defense counsel" and "DID NOT
give a juror/jury instruction as to Pretext regarding Civil
Rights (race animus)."

Because Plaintiff did not submit such instructions to the
Court or object that such instructions were not given, Plaintiff
is not entitled to a new trial on this ground.

Plaintiff contends that "[a]dditional error occurred when
the Court did not give a limiting instruction as to FRCP (Federal
Law) as to pleading requirements."

Because Plaintiff did not submit such instructions to the
Court or object that such instructions were not given, Plaintiff
is not entitled to a new trial on this ground.  Further, the
pleadings were not an issue before the jury.  The pleadings were
superseded by the final Pretrial Order and there was no
conceivable reason to instruct the jury on federal pleading
requirements.  No such instruction was necessary.

b.  <u>Special Verdict Form</u>.

Plaintiff contends that the Special Verdict Form caused "undue confusion as to sequence and form regarding Findings and Law."  Plaintiff asserts:

> These should have been given as
> interrogatories as to FACT, <u>AND THEN</u> the
> Honorable Court to apply FACTS Found By Jury
> [list of factual issues] (certain facts) TO
> BE APPLIED to law by the Court, THEN THE
> APPROPRIATE JUDGMENT BASED UPON THE SAME
> COULD THEN APPROPRIATE JUDGMENT.

Plaintiff contends that the requirements of Rule 49(a) and (b), Federal Rules of Civil Procedure, "were <u>not</u> closely followed":

> (1.)  FRCP 49(a) - <u>special verdict</u> - in which
> the Court submits <u>only</u> a list of factual
> issues to the jury and requests it to make
> findings - This allows the Court to determine
> if Jury's answers (lack of confusion) are
> consistent with each other.
>
> (2.)  FRCP 49(b) - authorizes general verdict
> form <u>accompanied</u> by answers to written
> interrogatories so that the <u>basis</u> for that
> verdict is disclosed - such that if the
> answers to the questions are consistent among
> themselves, but one or more is inconsistent
> with the general verdict (JUROR CONFUSION)
> MAY BE DETECTED.
>
> <u>NIETHER</u> [sic] of the two were done in this
> case - PLAIN ERROR.

The Ninth Circuit holds "that Rule 51 includes objections to the form of verdict as well as to any instructions about the use by jury of the form."  *Ayuyu v. Tagabuel*, *supra*, 284 F.3d at 1026.  To the extent that alleged errors "are not claims about the way the jury answered the form's interrogatories, [but] are allegations that errors were built into the form itself," they

25

1  are waived if no objection is raised "until after the jury had
2  rendered its verdict and [is] discharged."  *Yeti v. Molly, Ltd.*
3  *v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1109 (9th Cir.2001).  As
4  noted above, the "plain error" rule does not apply to alleged
5  errors in jury instructions or verdict forms if Rule 51 is not
6  followed.

7        The parties agreed upon the specific language to be used in
8  the Special Verdict form on the last day of trial.  Plaintiff did
9  not raise any objection to the language of the form.  Plaintiff
10  did not propose any alternative verdict form.  The Special
11  Verdict form used was accurate and meaningfully reflected the
12  jury's decisions on the issues submitted for their decision.

13        Plaintiff contends that judicial error occurred because the
14  audio tapes of Family Court proceedings were played and written
15  transcripts given to the jury when the tapes were played:
16  "<u>However</u>, <u>NO</u> JURY INSTRUCTION was given to Jury at deliberations
17  regarding said TAPES or TRANSCRIPTS; (written Jury Instruction)."

18        Plaintiff did not request any such jury instruction.
19  Further, at the time the audio tapes were played and transcripts
20  provided to the jury, the jurors were specifically instructed by
21  the Court that the transcript was only to assist them follow the
22  audio and that the evidence of what was said were the words they
23  actually heard from the audio tapes.  Since the jurors were
24  correctly verbally instructed at the time the tapes were played
25  that the transcripts were not evidence, rather the words spoken
26  on the tapes were evidence, and because the written transcripts

1    were never provided to the jury during deliberations, no error

2    occurred.

3              c.   Other Claimed Judicial Error.

4          Plaintiff contends that judicial error occurred "when the

5    Court made comments/conversation [in jury selection] with

6    perspective [sic] juror (male corrections officer) regarding

7    there being a lot of prisoner - lawsuits and that he (the

8    corrections officer) was in a risky business, because of the

9    numerous prisoner lawsuits."  Plaintiff asserts that "this

10   although (most probably) innocent intent of [sic] part of the

11   Court - combines with other error in this case to equal

12   cumulative error such that the obtaining of a non-tainted jury

13   pool is certainly questionable."

14        Any voir dire question directed to the litigation experience

15   of a prison guard was designed to elicit that correctional

16   officers may have litigation experience as part of their jobs.

17   Plaintiff raised no objection to the question.  The subject of

18   prior experience with courts, lawsuits, and the legal system was

19   covered by voir dire questioning to learn if *any* such experience

20   would have any effect on the ability of any of any prospective

21   juror to fairly and impartially hear this case.  No judicial

22   error was committed.

23        Plaintiff contends that judicial error occurred when the

24   Court allowed Defendant's counsel to impeach Plaintiff:

25              [D]uring defense witness testimony
                specifically (defendant Hollenback) was
26              allowed to speculated [sic] as to what Jones'

                                 27

1

2

3

4

        complaints (an amended complaints [sic])
stated.  This is error as improper method of
impeachment - Jones case was rested - Jones
was NOT given the opportunity to explain to
juror (under oath) regarding these pleadings
which were read into the record.

5

6

    The pleadings were superseded by the Pretrial Order, except

7

to the extent the pleading asserted a fact that would be contrary

8

to or inconsistent with Plaintiff's testimony, which were

9

properly used as impeachment testimony to show inconsistencies.

This issue offers no basis for a new trial.

10

    In his deemed reply brief, Plaintiff contends that judicial

11

error occurred when the Court reprimanded Plaintiff when he

12

"innocently made a mental note (out-loud) regarding defendant's

13

statement of his (Hollenback's) conduct being 'vintage

14

Hollenback'" but did not reprimand defense counsel during his

15

cross-examination of Plaintiff when defense counsel "made 2

16

SARCASTIC remark [sic] about Jones having become emotional

17

(crying while giving his direct case)."

18

    This basis for a new trial was raised not at trial, but for

19

the first time after Defendant had responded to Plaintiff's

20

motion.  Plaintiff's claim is without merit.  No objection was

21

made by Plaintiff to Defendant's questioning at trial.

22

Plaintiff's comments about Defendant Hollenback were improper.

23

Defendant's cross-examination of Plaintiff and reference to

24

Plaintiff's expression of emotion was appropriate because

25

Plaintiff did cry during his direct testimony.  The sincerity of

26

this display of emotion was a legitimate subject for comment.

Plaintiff's motion for new trial on the ground of judicial error is DENIED.

### 4.   Plaintiff's "Incompetent Counsel".

Plaintiff asserts that he is entitled to a new trial because he "has newly discovered that he (Pro Se Plaintiff Jones) during the course of TRIAL suffered what can best be described as post/current traumatic stress induced state which effectively rendered Jones incompetent to put forth his own case as counsel - constitutionally allowed competent representation."  Plaintiff contends:

> [S]eeing the defendant (and other named co-conspirators) - triggered what Plaintiff can best describe as present-time flash-backs - of events related to the claims - resulting impairment (specific memory loss) as to presentation of his case - further, defendants [sic] insults for [sic] the witness stand (blame the victim) further triggered said diminished mental state. Plaintiff is in the process of Borrowing funds to have documentation from appropriate Doctor @ Hearing - AND AT NEW TRIAL (IF granted), Jones WILL CERTAINLY OBTAIN COUNSEL to represent him Jones due to said 'diminished mental state.'

> In this situation, Jones has discovered this newly discovered evidence as to the extent of Jones [sic] pschological [sic] reaction/effect of seeing and hearing defendant (and co-conspirators) for the first time since 4/22/2004 - and is not fault of Jones.

Plaintiff's motion for new trial on this ground is baseless. As Defendant notes, Plaintiff presents no medical evidence to support this claim.  Plaintiff did not at any time during the trial state, suggest or imply that he was experiencing any type

of mental or emotional ailment that prevented him from presenting his case.  Plaintiff has been representing himself in state and federal court matters for many years.  He has been referred to as a vexatious litigant by a state court judge.  He has filed a plethora of pleadings, motions and other documents in this case. Plaintiff exhibited no sign of any inability to think, advocate, and present his case to the jury.  Plaintiff gave no indication of any infirmity at trial.  Plaintiff was articulate, alert, presented a good appearance and understandably communicated his case to the jury and the Court to the best of his ability. Plaintiff gave no notice that he was suffering from any infirmity.  Plaintiff has had ample opportunity over two years to obtain counsel to represent him, but he testified at trial that he did not believe an attorney could handle his case as well as he could.

Plaintiff's motion for new trial on the ground of his own incompetence is DENIED.

<u>CONCLUSION</u>

For all the reasons stated above:

1.  Plaintiff's motion for a new trial is DENIED.[2]

_____

[2]On September 24, 2007, Plaintiff filed an "Additional Cross-Motion in Opposition to Defendant's Fee Motion" (Doc. 387), seeking to join Leslie Jensen and Sandra Lucas as defendants in this action for purposes of a new trial.  On October 9, 2007, Plaintiff filed a "Rule 18, 19, 20 and 22 Cross-Motion in Opposition to Defendant's Fee Motion as to Silveria" (Doc. 389), contending that Judge Silveria should be joined as a defendant in a new trial.   On October 17, 2007, Plaintiff filed a "Counter-Motion in Opposition to Defendant's Motion for Fees (Request Under Rule 21, 20, 19 & 18)" (Doc. 391), seeking to join Lonni Ashlock as a defendant in a

1   IT IS SO ORDERED.

2   **Dated:   November 9, 2007**                    **/s/ Oliver W. Wanger**
                                              UNITED STATES DISTRICT JUDGE

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24   _____

25   new trial.  On October 18, 2007, Plaintiff filed a "Motion to Bring
     in Third Party Defendants - Under FRCP 12, 14, 18, 19, 20, 21 and
26   22" (Doc. 392).   Because Plaintiff's motion for a new trial is
     denied, all of these motions are DENIED AS MOOT.

31