IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN JONES, JR., ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> JOHN J. HOLLENBACK, JR., ) <br> ) <br> ) <br> Defendant. ) <br> ) <br>  ) | No. CV-F-05-148 OWW/DLB <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR TRANSCRIPTS AT GOVERNMENT EXPENSE (Doc. 401) |

Plaintiff Melvin Jones, Jr., proceeding *in pro per*, has filed a motion for transcripts at government expense. Plaintiff seeks transcripts for the following proceedings:

    Voir Dire (All)

    Opening Statements (All)

    Closing Arguments (All)

    Jury Instructions (All)

    Pre-Trial Proceedings (All)

    Other - Trial Testimony of All Witnesses

1 **Plaintiff submits an affidavit under penalty of perjury:**

2
3
4
5
6
7
8
> I <u>do not</u> have enough money or other assets to pay the pending Appeal FEES ($455.00) I have NO CAR, NO SAVINGS; I own NO real estate, or any other asset(s) for that matter.  I also am currently unemployed, and have no other monthly income by which to pay said FEES.  My appeal (issues presented) will be on ostensibly narrow grounds: (a) error as to inadequate jury instruction (to include failure to give Stipulated Facts) and (b) Misconduct of defendant/defense counsel - the flavor of which permeated and tainted the entire trial proceeding and verdict with undue passion and prejudice.

9
10 **28 U.S.C. § 753(f) provides in pertinent part:**

11
12
13
14
> Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question).

15 "[A] 'substantial question' is one that is 'fairly

16 debatable,' ... or 'fairly doubtful,' ... 'In short, a

17 "substantial question" is one of more substance that would be

18 necessary to a finding that it was not frivolous.'" *United States*

19 *v. Handy*, 761 F.2d 1279, 1283 (9th Cir.1985).

20 Plaintiff's request for transcripts is much more extensive

21 than the issues Plaintiff identifies he will assert on appeal.

22 Plaintiff's request for transcripts of all pretrial proceedings

23 is not reasonably related to the issues he identifies for appeal,

24 nor is his request for a transcript of voir dire.

25 Plaintiff's intended appeal on alleged errors in jury

26 instructions does not present a "substantial question" within the

meaning of Section 753(f).  As explained in detail in the Memorandum Decision and Order Denying Plaintiff's Motion for New Trial (Doc. 398, pp.15-24), Plaintiff's claims of instructional error are either waived because of Plaintiff's failure to request instructions or object to instructions, constituted invited error, or were frivolous.

Plaintiff's intended appeal on alleged misconduct of Defendant and/or Defendant's counsel "which permeated and tainted the entire trial proceeding and verdict with undue passion and prejudice" also does not raise a "substantial question" within the meaning of Section 753(f).  As explained in detail in the Memorandum Decision and Order Denying Plaintiff's Motion for New Trial (Doc. 398, pp.8-14), Plaintiff's claims of misconduct based on alleged violations of orders on motions in limine are totally unfounded; his claim of misconduct because of improper closing argument is without merit because of Plaintiff's failure to object and because the argument was not improper.  Plaintiff's claims of defense misconduct during discovery did not clearly and convincingly demonstrate that the defense verdict was obtained by the alleged misconduct, nor was Plaintiff prevented from fully and fairly presenting his case to the jury.  Although the Memorandum Decision and Order Denying Plaintiff's Motion for New Trial did not address the merits of Plaintiff's claim of alleged misconduct based on Defendant's incorrect characterization of one of Plaintiff's prior convictions, as recited in the Memorandum Decision and Order Granting Defendant's Motion for Attorneys'

**Fees, Plaintiff made no effort to correct this alleged mischaracterization of which he had to be aware either before or during trial and waited until months after the defense verdict to raise this alleged mischaracterization.  Plaintiff himself first introduced evidence of his prior convictions at trial.**

**     No issues that have merit and are not legally frivolous are presented by Plaintiff.  ACCORDINGLY, Plaintiff's Motion for Transcripts at Government Expense is DENIED.**

IT IS SO ORDERED.

**Dated:     March 18, 2008                       /s/ Oliver W. Wanger     **
                                        UNITED STATES DISTRICT JUDGE