IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **MELVIN JONES, JR.,** | ) | No. CV-F-05-148 OWW/DLB |
| | ) | |
| | ) | MEMORANDUM DECISION AND |
| | ) | ORDER DENYING PLAINTIFF'S |
| Plaintiff, | ) | MOTION FOR RECONSIDERATION |
| | ) | (Doc. 422) AND VACATING ORAL |
| vs. | ) | ARGUMENT SET FOR JUNE 2, |
| | ) | 2008 |
| | ) | |
| **JOHN HOLLENBACK,** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

On April 7, 2008, Plaintiff Melvin Jones, Jr., proceeding *in pro per*, filed a motion for reconsideration of the "Memorandum Decision and Order Granting Defendant's Motion for Attorney's Fees (Doc. 376); Denying Plaintiff's Special Motion to Strike Counter-Motion for Sanctions Under Rule 11 (Doc. 395); Striking Docs. 380, 384, 386, 387, 388, 397, 400, 405, 406; and Denying as Moot Plaintiff's Motions for Sanctions (Docs. 397, 400, 405, 406)" filed on March 20, 2008.  (Doc. 417).

Plaintiff's motion for reconsideration is DENIED and oral argument set for June 2, 2008 is VACATED.

1

Plaintiff contends that the Court "LACKS DISCRETION (and/or JURISDICTION) TO ENABLE (Apparently) defense misconduct [Fraud upon the Court], which subverts Jones' substantial trial rights, and Judicial integrity thereof." Plaintiff asserts that the Court's "knowledge of Related Case # 08-318 OWW/DLB, pendency of the same, merits of same, render said order(s) grossly improper - at BEST."

Plaintiff's position is without merit. Plaintiff filed a motion to vacate the judgment in this action pursuant to Rule 60, Federal Rules of Civil Procedure, based on alleged fraud upon the court and defense misconduct. Plaintiff elected to withdraw that motion and, on March 6, 2008, filed an "Independent ACTION FOR RELIEF From Judgment - to REMEDY FRAUD ON THE COURT" against Daniel Wainwright. *Jones v. Wainwright*, No. CV-F-08-318 OWW. The filing of this action did not divest the Court of jurisdiction or discretion to resolve Defendant Hollenback's motion for attorneys' fees in this action and Plaintiff's various contentions in opposition to the motion, which matters were heard after full briefing and opportunity to be heard and submitted for decision on February 11, 2008 and decided on March 20, 2008. Plaintiff asserts that "given the nature and complexity of said case - defense's fraud upon the Court renders said orders contrary to fundamental fairness." Plaintiff elected to file an independent action for fraud on the Court. Plaintiff puts the cart before the horse because it has not been determined in *Jones v. Wainwright* that any fraud upon the Court occurred. Until and

2

1  unless that determination is made, there is no basis for
2  reconsideration of the March 20, 2008 Order.
3      Plaintiff seeks reconsideration of the March 20, 2008
4  Memorandum Decision and Order on the ground that it "is silent as
5  to 9th Cir. or Supreme Court Law as to Rule 11 which exempts the
6  defense from thier it's [the defense'] own misconduct, by
7  burdening Plaintiff ... with being responsible for a licensed
8  attorneys misconduct [sic]."  Plaintiff's contention is baseless.
9  The March 20, 2008 Memorandum Decision and Order specifically
10 addressed and rejected  Plaintiff's contention that Defendant
11 violated Rule 11.  (Doc. 417 pp. 59-68).
12     Plaintiff seeks reconsideration on the ground that
13 "Plaintiff was <u>not</u> given notice of the Court's intent to view the
14 'alleged' entire record in case # 05-148 in determination of S.
15 1988 prevailing party."  Plaintiff asserts "that the record is
16 replete with defense misconduct."
17     This contention is also meritless.  Defendant Hollenback
18 referred to the entire record in this action in seeking
19 attorneys' fees.  Plaintiff, who inundated the Court with papers,
20 as described in the March 20, 2008 Memorandum Decision, in
21 connection with the motion for attorney's fees, only to withdraw
22 them at the February 11, 2008 hearing on the motion for
23 attorney's fees.  The motion for attorney's fees was fully heard
24 and considered and Plaintiff  had ample opportunity to contest
25 attorney's fees based on the record in this action.
26     For the reasons stated above:

1. Plaintiff's motion for reconsideration of the March 20, 2008 Memorandum Decision and Order is DENIED;

2. Oral argument set for Monday, June 2, 2008 is VACATED;

3. No further filings will be accepted in this action in which a Notice of Appeal has been filed.

IT IS SO ORDERED.

Dated:   April 9, 2008                         /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE